UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE; TWITTER, INC.;<br>UNIVERSITY OF SAN DIEGO,<br><br>    Defendants. | Case No.: 3:17-cv-00198-BEN-WVG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Tiffany Dehen has filed a complaint against John Doe, Twitter, Inc., and the University of San Diego, alleging malicious defamation and intentional infliction of emotional distress. (ECF No. 1.) Concurrently, she filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without

prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The IFP statute does not itself define what constitutes insufficient assets. The Ninth Circuit has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted).

On its face, Plaintiff's IFP application is deficient. She admits that she is employed but fails to state her monthly income. Instead, she states that her taxable income will be negative after she pays her student loans over the next eight months and after expenses. The Court must determine whether a plaintiff is unable to pay the filing fee based on complete information, and Plaintiff has not met this burden.

Accordingly, her motion to proceed IFP is **DENIED.** Within twenty-one (21) days of entry of this Order, Plaintiff may either pay the applicable filing fee or file a renewed motion to proceed IFP that sufficiently explains why she cannot afford to pay the court costs. The Clerk of Court shall send Plaintiff a blank Southern District of California in forma pauperis application.

**IT IS SO ORDERED.**

Dated: March 15, 2017

Hon. Roger T. Benitez
United States District Judge