UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO,<br><br>                         Defendants. | Case No.: 3:17-cv-00198-BEN-WVG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 11]** |

      On March 15, 2017, this Court denied Plaintiff's motion to proceed in forma pauperis ("IFP") because her IFP application lacked complete information about her monthly income. The Court provided Plaintiff a new IFP application and granted her leave to either pay the applicable filing fee or file a renewed motion to proceed IFP within 21 days. Plaintiff subsequently filed an "In Forma Pauperis Decision Appeal" (ECF No. 5), and later, a "Motion to Accept Late In Forma Pauperis Renewed Application" (ECF No. 11). Her second motion includes a completed IFP application and explains that she filed her first motion incorrectly. Upon consideration of Plaintiff's IFP application and the law, the Court **DENIES** Plaintiff's request to proceed IFP.

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28

1  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire
2  fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).
3  Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

A party "need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960).  "But 'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.'" *Anderson v. California*, No. 10-cv-2216 MMA (AJB), 2010 WL 5056019, at *1 (S.D. Cal. Dec. 6, 2010) (internal citation omitted).  Thus, a court may deny IFP status to an applicant who can pay the filing fee with acceptable sacrifice to other expenses.  *Greene v. Rodriguez,* No. 07-cv-1888 W (BLM), 2008 WL 816797 (S.D. Cal. Mar. 24, 2008).

Plaintiff is a recent law school graduate and has no dependents.  In Plaintiff's application, she admits to receiving approximately $1,900 in income each month during the past twelve months.  (ECF No. 11 at p. 7 § 1.)  In 2016, while in law school, she earned approximately $22,000.  (*Id.* at p. 17.)  She attests that she has continuously worked since the age of 16.  (*Id.* at pp. 13-14 ¶ 2.)  Although she states that she does not expect to receive any income next month (*Id.* at p. 7 ¶ 1), she also states that she is self-employed (*id.* at p. 8 § 2, p. 11 ¶ 1).  Plaintiff has total monthly expenses of approximately $2,000.  Those expenses include $950 in rent, $140 in utilities, $250 for food, $20 for laundry and dry cleaning, $20 for medical and dental expenses, $70 for transportation, $20-40 for taxes, $100-250 for business operation expenses, and $500 in credit card payments.  (*Id.* at pp. 10-11 § 8.)

/ / /

Plaintiff has not established entitlement to in forma pauperis status.  As a graduate of both college and law school, Plaintiff is the type of plaintiff capable of "pull[ing] [her] own oar."  *Anderson*, 2010 WL 5056019, at *1.  Indeed, Plaintiff admits that she has maintained employment since the age of 16.  Although she states that her future income is unknown and she has credit card debt, Plaintiff earned double the poverty level for an individual in 2016 and has a demonstrated ability to earn a living.  *See* 2016 Health & Human Servs. Guidelines, *available at* https://www.federalregister.gov/documents/2016/01/25/2016-01450/annual-update-of-the-hhs-poverty-guidelines (last visited Apr. 20, 2017).

Accordingly, the Court finds that Plaintiff is not indigent within the meaning of the IFP statute and **DENIES** her request to proceed IFP.  *See, e.g.*, *Ross v. San Diego Cnty.*, No. 08-cv-0107 BEN (RBB), 2008 WL 440413, at *1 (S.D. Cal. Feb. 14, 2008) (denying IFP status to unemployed plaintiff with "significant debt" who received disability payments of approximately $2,100 a month).  Plaintiff's other pending motions are **DENIED** as moot.  (ECF Nos. 5, 13.)  The Complaint is **DISMISSED** without prejudice and may be re-opened if Plaintiff pays the required filing fee within **45 days** of the signature date of this Order.

**IT IS SO ORDERED.**

Dated:  April 24, 2017

Hon. Roger T. Benitez
United States District Judge

3

3:17-cv-00198-BEN-WVG