MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN &**
**CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant University of San Diego

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, | Case No. 3:17-cv-00198-BEN-WVG |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNIVERSITY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO, | **[Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6)]** |
| Defendants. | Date:      October 2, 2017 |
| | Time:      10:30 A.M. |
| | Judge:       Roger T. Benitez |
| | Courtroom:   5A |
| | Mag. Judge:  William V. Gallo |
| | Courtroom:   Suite 2125 |
| | Trial Date:  Not Set |

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................ 1

II.    PROCEDURAL BACKGROUND ........................................................ 2

III.   ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ...................... 2

IV.    APPLICABLE STANDARD FOR MOTION TO DISMISS ......................... 4

V.     PLAINTIFF FAILED TO ESTABLISH JURISDICTION ........................... 5

       A.    No Federal Question Jurisdiction Exists. .................................. 5

             1.    Plaintiff's claims against USD do not "arise under" federal
                   law. ................................................................................ 6

             2.    Plaintiff's claims against USD are not related to any
                   federal claim, thus, there is no supplemental jurisdiction. ........... 7

       B.    No Diversity Jurisdiction Exists. .......................................... 8

VI.    PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS AGAINST
       USD FOR BREACH OF CONTRACT AND NIED ................................ 8

       A.    Plaintiff's Breach of Contract Claim Fails Because There Is No
             Enforceable Agreement, And Dehen Fails To Plausibly Connect
             John Doe's Actions To USD. ............................................... 8

             1.    Plaintiff fails to plead any facts supporting the plausible
                   existence of an enforceable contract. ................................... 9

             2.    Plaintiff fails to plead any facts that USD acted unlawfully
                   to support her contract claim against USD. .......................... 11

             3.    Plaintiff fails to plead any specific promise made by USD
                   to her. ........................................................................... 11

             4.    Plaintiff fails to plead any plausible injuries, thus, her
                   claim is not ripe. ............................................................ 12

       B.    Plaintiff's NIED Claim Fails Because There Is No Plausible
             Allegation That USD Breached A Duty Of Care To Dehen
             Following Dehen's Graduation, Based On The Activities Of An
             Unidentified John Doe. ..................................................... 13

             1.    Plaintiff fails to plead any facts establishing that USD
                   owed her a duty of care. ................................................... 14

             2.    Plaintiff fails to plead facts that USD breached any duty of
                   care owed to her. ............................................................ 16

             3.    Plaintiff fails to plead any plausible injuries. ....................... 17

VII.   THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO

1

FURTHER AMEND BECAUSE ANY AMENDMENT WOULD BE
FUTILE ....................................................................................................17

2

VIII.  USD IS ENTITLED TO COSTS ...................................................................18

3

IX.  CONCLUSION ..........................................................................................19

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Apple Inc. v. Motorola Mobility, Inc.*
   No. 12CV355 DMS (BLM), 2012 WL 12846983 (S.D. Cal. July 17, 2012) ................................................................................................. 13

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .......................................................... 1, 5, 13, 16

*Bancard Servs., Inc. v. E\*Trade Access, Inc.*
   292 F. Supp. 2d 1235 (D. Or. 2003) ...................................................... 11

*Banga v. Kanios*
   No. 16-CV-04270-RS, 2016 WL 7230870 (N.D. Cal. Dec. 14, 2016) .......... 10, 12

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................. passim

*Berger v. Home Depot U.S.A., Inc.*
   476 F. Supp. 2d 1174 (C.D. Cal. 2007) .............................................. 12

*Black v. Reliant Techs., Inc.*
   2003 U.S. Dist. LEXIS 18002 (N.D. Cal. Sept. 2, 2003) ........................ 6

*Brodeur v. Claremont Sch. Dist.*
   626 F. Supp. 2d 195 (D.N.H. 2009) ............................................. 10, 12

*Cadkin v. Loose*
   569 F.3d 1142 (9th Cir. 2009) ....................................................... 18

*Christianson v. Colt Indus. Operating Corp.*
   486 U.S. 800 (1988) .................................................................... 6

*City of Indianapolis v. Chase Nat. Bank of City of New York*
   314 U.S. 63 (1941) ..................................................................... 8

*Dolch v. United California Bank*
   702 F.2d 178 (9th Cir. 1983) ......................................................... 7

*Erie v. Railroad Co. v. Tompkins*
   304 U.S. 64 (1938) .................................................................... 11

*Gibson v. Walden Univ., LLC*
  66 F. Supp. 3d 1322 (D. Or. 2014) ................................................................. 10, 12

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*
  545 U.S. 308 (2005) ........................................................................................... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
  896 F.2d 1542 (9th Cir. 1989) ........................................................................... 3

*Hunter v. United Van Lines*
  746 F.2d 635 (9th Cir. 1984) ......................................................................... 7, 8

*In re MannKind Sec. Actions*
  835 F. Supp. 2d 797 (C.D. Cal. 2011) ............................................................... 3

*Inglewood Fed. Sav. & Loan Ass'n v. Richardson*
  121 F. Supp. 80 (S.D. Cal. 1954) ..................................................................... 18

*Kendall v. Visa U.S.A., Inc.*
  518 F.3d 1042 (9th Cir. 2008) ........................................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
  511 U.S. 375 (1994) ........................................................................................... 5

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*
  339 F.3d 1087 (9th Cir. 2003) ......................................................................... 17

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ............................................................................. 9

*Reddy v. Litton Indus., Inc.*
  912 F.2d 291 (9th Cir. 1990) ........................................................................ 5, 18

*Robertson v. Dean Witter Reynolds, Inc.*
  749 F.2d 530 (9th Cir. 1984) ............................................................................. 5

*Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*
  446 F. Supp. 2d 1108 (N.D. Cal. 2006) ............................................................. 9

*Smith v. Hurd*
  699 F. Supp. 1433 (D. Haw. 1988), *aff'd*, 985 F.2d 574 (9th Cir. 1993) ......................................................................................................... 17

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ............................................................................. 5

*Topolos v. Caldewey*
   698 F.2d 991 (9th Cir. 1983) ................................................................. 6

*Warren v. Fox Family Worldwide, Inc.*
   328 F.3d 1136 (9th Cir. 2003) ................................................................ 4

*Wolfson v. Brammer*
   616 F.3d 1045 (9th Cir. 2010) .......................................................... 12, 17

**STATE CASES**

*Baldwin v. Zoradi*
   123 Cal. App. 3d 275 (1981) ...................................................... 11, 14, 15

*Bustamante v. Intuit, Inc.*
   141 Cal. App. 4th 199 (2006) ................................................................ 12

*Carter v. CB Richard Ellis, Inc.*
   122 Cal. App. 4th 1313 (2004) ............................................................. 11

*Castellon v. U.S. Bancorp*
   220 Cal. App. 4th 994 (2013) ............................................................... 13

*Crow v. State of California*
   222 Cal. App 3d 192 (1990) ................................................................. 15

*Delfino v. Agilent Techs., Inc.*
   145 Cal. App. 4th 790 (2006) ................................................. 14, 15, 16, 17

*Ladas v. Cal. State Auto. Ass'n*
   19 Cal. App. 4th 761 (1993) ........................................................... 11, 12

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*
   48 Cal. 3d 583 (1989) ......................................................................... 14

*Steven F. v. Anaheim Union High Sch. Dist.*
   112 Cal. App. 4th 904 (2003) ............................................................... 16

**FEDERAL: STATUTES, RULES, REGULATIONS**

28 U.S.C. § 1331 ........................................................................................ 6

28 U.S.C. § 1332 ........................................................................................ 8

28 U.S.C. § 1338 ........................................................................................ 6

28 U.S.C. § 1338(a) ................................................................................................ 6

28 U.S.C. § 1367 ................................................................................................. 6, 7

28 U.S.C. § 1652 ................................................................................................. 11

28 U.S.C. § 1919 ................................................................................................. 18

Fed. R. Civ. P. 10(c) ............................................................................................ 2

Fed. R. Civ. P. 12(b)(1) ................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ................................................................................ passim

Fed. R. Civ. P. 54(d)(1) ...................................................................................... 18

**STATE: STATUTES, RULES, REGULATIONS**

Cal. Civ. Code § 1580 .......................................................................................... 12

Cal. Civ. Code § 1636 .......................................................................................... 12

# I.    INTRODUCTION

*Pro per* Plaintiff Tiffany Dehen ("Plaintiff" or "Dehen") alleges USD is responsible for a parody Twitter account created by an unknown John Doe ***six months following her law school graduation*** from the University of San Diego ("Defendant" or "USD").  Plaintiff's rambling 58-page First Amended Complaint ("FAC") asserts only two causes of action against USD:  breach of contract and negligent infliction of emotional distress ("NIED").  As set forth below, the FAC fails for want of jurisdiction, and each of Plaintiff's claims against USD fail because they do not raise a right to relief "above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, the Court should dismiss the FAC as against USD with prejudice and deny any leave to further amend.

As an initial matter, Plaintiff has not established that this Court has jurisdiction over the state law claims she has asserted against USD.  Thus, the Court should grant USD's motion to dismiss for want of jurisdiction under Rule 12(b)(1) of the Federal Rules.  If the Court asserts jurisdiction over the two claims Dehen asserts against USD, each of Plaintiff's claims are baseless as a matter of law and do not come close to satisfying the "plausibility" pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Twombly*, 550 U.S. at 555.

With respect to her contract claim, Plaintiff has not pled the existence of an enforceable agreement she entered into with USD that USD breached.  Importantly, she makes no effort to establish how USD could breach any purported agreement months after her graduation from USD by failing to control the social media actions of an unidentified John Doe, whom Plaintiff does not even plead as being within USD's control.

Similarly, Plaintiff's claim for NIED fails because Plaintiff does not plead any plausible facts that USD owed Dehen a duty of care following her graduation, or that USD breached any such duty of care by failing to control the actions of an unidentified person on social media.  Plaintiff's pleading is wholly devoid of

plausibility and must be dismissed.

Further, the FAC fails for lack of any plausible injury Dehen experienced as a result of USD's actions.  Her claims against USD are not ripe whatsoever, and any action by this Court would result in an improper advisory opinion.  Dehen's prospective efforts to "reserve" the right to bring claims against USD at some future point in time when she confirms the identity of John Doe do not resolve the deficiencies in her FAC, nor do they entitle her to survive the motion to dismiss and proceed to discovery.

Accordingly, USD respectfully requests the Court dismiss Plaintiff's two causes of action against USD in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Further, any request for leave to further amend the FAC should be denied because Plaintiff cannot cure her jurisdictional deficiencies, nor can she establish the existence of any plausible facts to support a viable claim against USD based on the alleged actions of an unidentified John Doe.

## II.     PROCEDURAL BACKGROUND

On February 1, 2017, Plaintiff filed the Complaint against Defendants USD, Twitter, Inc. and John Doe.  *See* Doc. No. 1.  On April 17, 2017, the Court accepted for filing Plaintiff's "Motion for Leave to File Amended Complaint," which attached the FAC.  *See* Doc. No. 13.  Subsequently, on June 9, 2017, the Court issued a summons to Dehen, and Dehen served the summons on USD with a Waiver of The Service of Summons.  Doc. No. 18 at pp.3, 14.  USD returned the Waiver of The Service of Summons form on June 20, 2017.

## III.   ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is a former USD law student who "earned her Juris Doctor . . . in 2.5 years."  Doc. No. 13, FAC ¶ 21.  Plaintiff graduated in July 2016.  *Id.* at ¶ 158; Exhibit 60 to the FAC.[1]

---

[1] An exhibit attached to a pleading is a "part of the pleading for all purposes."  Fed.

1     Months after Dehen's graduation from USD, on or around January 26, 2017,

2  an unidentified "person or persons" labeled by Plaintiff as "John Doe" created a

3  Twitter account with the username @tiffanydehen.  Doc. No. 13, FAC ¶¶ 71, 236.

4  The @tiffanydehen Twitter account allegedly included the following description of

5  the account:  "[p]arody account; [f]iction and political satire about Republican white

6  women."  *Id.* at ¶ 71.  The fictitious, parody @tiffanydehen Twitter account

7  allegedly used photographs published by Plaintiff on her own social media accounts,

8  including her LinkedIn profile, which she alleges are copyrighted works.  *Id.* at ¶¶

9  84-87, 91, 94.  These photographs were allegedly altered by the operator of the

10  @tiffanydehen Twitter account by adding words such as "MURIKKA!" and images

11  such as swastikas; the photographs allegedly were posted online over a six day

12  period along with tweets which parodied the political views of a fictitious Donald

13  Trump supporter.[2]  *Id.* at ¶ 75-97.

14     Plaintiff pled that she learned of the fictitious, parody @tiffanydehen Twitter

15  account on January 30, 2017.  Doc. No. 13, FAC ¶ 98.  Also on January 30, 2017,

16  Plaintiff pled she checked to see the individuals who had viewed her LinkedIn

17  profile in the days leading up to the creation of the fictitious Twitter account, and

18

19  _____

20  R. Civ. P. 10(c).  Thus, documents attached to the complaint and incorporated
therein by reference are treated as part of the complaint when ruling on a 12(b)(6)

21  motion.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, fn.
19 (9th Cir. 1989).  Here, the Court should consider Plaintiff's reference to and

22  incorporation of Exhibit 60 attached to her FAC indicating the date of her

23  graduation from USD.  *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821
(C.D. Cal. 2011) ("there exists 'no inflexible rule' governing the sort of 'written

24  instruments' that may be attached to a pleading").

25  [2] The parody Twitter account messages identified by Plaintiff include, *e.g.*:
"@realDonaldTrump is gonna stop these alien abductions plaguing our nation y'all.

26  These anal probes gotsa stop. #MakeAmericaGreatAgain #ufos" and "Saving myself

27  for marriage! My man knows we can have sex 3 times: honeymoon, Trumps
reelection, & jesus 2nd coming! #MakeAmericaGreatAgain."  *See*, *e.g.*, Doc. No.

28  13, FAC ¶¶ 75-97.

"found two individuals from USD Law recently viewed her profile." *Id.* at ¶ 32. Plaintiff confusingly alleges that John Doe (or the "person or persons who comprise John Doe") might be a student or alumni of USD because LinkedIn showed that some unknown person from USD viewed her LinkedIn profile. *Id.* at ¶¶ 10, 236. Critically, the FAC is devoid of any allegation establishing that USD either prompted the unidentified John Doe to use Dehen's publicly-available LinkedIn photographs, or that USD participated in, condoned or had any knowledge of the unidentified John Doe's operation of the @tiffanydehen Twitter account.

On February 3, 2017, after Plaintiff submitted a report about the fictitious, parody @tiffanydehen account to Twitter, the account was disabled and "[d]ays later . . . was taken down altogether." Doc. No. 13, FAC ¶¶ 109, 110.

Plaintiff now brings this lawsuit alleging breach of contract and NIED against USD, among other claims she asserts against Defendants Twitter and John Doe.

## IV.   APPLICABLE STANDARD FOR MOTION TO DISMISS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to make a motion to dismiss where the complaint fails to plead jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be made on the basis that the complaint fails to establish grounds for federal jurisdiction, *i.e.*, lack of federal jurisdiction appears on the "face of the complaint." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). As set forth below, Dehen has not adequately pled this Court's federal jurisdiction over USD in this lawsuit and, thus, the state law claims Dehen asserts against USD should be dismissed.

To the extent the Court asserts jurisdiction over Dehen's claims against USD, Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or for the absence of sufficient facts under a cognizable

1  legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

2  1984).

3       In order to survive dismissal for failure to state a claim, a complaint must

4  contain more than a "formulaic recitation of the elements of a cause of action;" it

5  must contain factual allegations sufficient to "raise a right to relief above the

6  speculative level." *Twombly*, 550 U.S. at 555.  A plaintiff must plead "enough facts

7  to state a claim to relief that is plausible on its face," and raise "more than a sheer

8  possibility that a defendant has acted unlawfully." *Id.*; *Iqbal*, 556 U.S. at 678.

9  Conclusory allegations need not be accepted as true and cannot state a claim.  *See*

10 *Twombly*, 550 U.S. at 555-57 ("more than labels and conclusions" are required);

11 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Rather, a

12 plaintiff must allege "evidentiary facts which, if true, will prove the elements" of the

13 claim.  *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1047 (9th Cir. 2008).

14      Where, as here, there is a reasonable certainty that Dehen is not entitled to

15 relief under any set of provable facts against USD, dismissal under Rule 12 should

16 be with prejudice and without leave to further amend.  *Reddy v. Litton Indus., Inc.*,

17 912 F.2d 291, 296-97 (9th Cir. 1990).

18          **V.     PLAINTIFF FAILED TO ESTABLISH JURISDICTION**

19      Federal courts are courts of limited jurisdiction, and they can adjudicate only

20 those cases that the Constitution and Congress authorize them to adjudicate.

21 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is

22 presumed that a cause of action lies outside this limited jurisdiction, and the burden

23 of establishing otherwise rests on the party who is asserting jurisdiction.  *Id.*  Here,

24 Plaintiff has not established that this Court has proper jurisdiction over the claims

25 alleged against USD, either under federal question jurisdiction, supplemental

26 jurisdiction or diversity jurisdiction.

27      **A.     No Federal Question Jurisdiction Exists.**

28      Plaintiff alleges that this Court has subject matter jurisdiction over her claims

against USD pursuant to: original jurisdiction "arising under" federal law as stated in 28 U.S.C. § 1331; original jurisdiction arising under federal law relating to copyrights and trademarks pursuant to 28 U.S.C. § 1338(a); and supplemental jurisdiction over all other claims that are related to claims within the Court's original jurisdiction pursuant to 28 U.S.C. § 1367.  Doc. No. 13, FAC ¶ 12.  The FAC does not demonstrate federal question jurisdiction on its face.

### 1. Plaintiff's claims against USD do not "arise under" federal law.

An action "arises under" federal law within the meaning of 28 U.S.C. sections 1331 and 1338(a) if federal law creates the cause of action, grants federal jurisdiction to hear the case, or Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) ("arising under" language in 28 U.S.C. § 1338 interpreted in the same way as under 28 U.S.C. § 1331).  A state law cause of action will depend on resolution of a substantial question of federal law only if ***the federal issue is essential to the resolution of the state law claim*** and "indicate[s] a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *Grable*, 545 U.S. at 313.

Plaintiff's breach of contract and NIED claims against USD that are related to an unidentified John Doe allegedly creating a fictitious, parody Twitter account do not "arise under" federal law as they are state law claims which were not created by federal law, and the resolution of these claims do not depend on the resolution of a substantial question of federal law (such as copyright).  *See Black v. Reliant Techs., Inc.*, 2003 U.S. Dist. LEXIS 18002, *6 (N.D. Cal. Sept. 2, 2003) (finding no subject matter jurisdiction when plaintiff's claim for misrepresentation and breach of contract, among other state law claims, referenced the patent laws but involved no "substantial question of patent law"); *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th

1   Cir. 1983) (holding that a case does not arise under the federal copyright laws

2   merely because the subject matter of the action alleges a copyright as "the word

3   'copyright' is not so compelling as to invoke federal jurisdiction upon its mere

4   mention") (citation omitted); *Dolch v. United California Bank*, 702 F.2d 178, 180

5   (9th Cir. 1983) (district courts have "dismissed complaints in copyright cases that

6   present only questions of contract law").

7        Accordingly, because Dehen's contract and tort claims against USD do not

8   arise under federal law or depend on the resolution of a substantial question of

9   federal law, they do not properly invoke federal question jurisdiction and must be

10  dismissed.

11       **2.   Plaintiff's claims against USD are not related to any federal**

12           **claim, thus, there is no supplemental jurisdiction**.

13       If a complaint sets forth a claim "arising under" federal law, a district court

14  may adjudicate state law claims that are related to the federal claim.  28 U.S.C. §

15  1367(a).  However, a valid federal claim must be pled *before* a federal court can

16  exercise "supplemental jurisdiction."  *Hunter v. United Van Lines*, 746 F.2d 635,

17  649 (9th Cir. 1984) ("it makes no sense to speak of [supplemental] jurisdiction until

18  after a court has independently acquired jurisdiction over a federal cause of action").

19  Courts will decline supplemental jurisdiction when the state law claim substantially

20  predominates over the claim on which the court's original jurisdiction is based.  28

21  U.S.C. §1367(c).

22       Here, Plaintiff's alleged copyright claim, pled solely against John Doe, does

23  not support supplemental jurisdiction over Dehen's two state law claims against

24  USD.  Specifically, the two claims against USD do not arise from or otherwise

25  relate to the alleged copyright claim because there is no allegation connecting John

26  Doe's alleged copyright violations to USD.  Further, Plaintiff's twelve state law

27  claims against USD, Twitter and John Doe substantially predominate over the single

28  copyright claim she alleges against John Doe.

For these reasons, the Court should not exercise supplemental jurisdiction as to the claims against USD.  *Hunter*, 746 F.2d at 649.

**B.     No Diversity Jurisdiction Exists.**

Plaintiff also alleges that that this Court "might have further jurisdiction pursuant to 28 U.S.C. § 1332, ***depending on the identity of John Doe***."  Doc. No. 13, FAC ¶ 15 (emphasis added).  However, regardless of the identity and citizenship of John Doe, the basic requirement in diversity cases is that each plaintiff be of different citizenship than each defendant, and any instance of common citizenship prevents diversity jurisdiction.  *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) ("To sustain diversity jurisdiction there must exist an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side") (citations omitted).

Here, Plaintiff has alleged that she is a citizen of, and domiciled in California, and that Defendants Twitter, Inc. and USD are citizens of California.  FAC ¶¶ 5, 9, and 11.  Since Plaintiff and at least two named defendants are pled to be citizens of California, any assertion of diversity jurisdiction would be improper.

Accordingly, the Court lacks jurisdiction over Dehen's claims against USD, and the Court should grant USD's motion to dismiss on the basis of Rule 12(b)(1).

**VI.   PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS AGAINST USD FOR BREACH OF CONTRACT AND NIED**

**A.     Plaintiff's Breach of Contract Claim Fails Because There Is No Enforceable Agreement, And Dehen Fails To Plausibly Connect John Doe's Actions To USD.**

Even if the Court asserts jurisdiction over Dehen's two claims against USD, the motion to dismiss should still be granted under Rule 12(b)(6) because Dehen fails to state plausible claims.  With respect to the twelfth cause of action, Plaintiff alleges USD breached a contract with her when "the person or persons who

comprise Defendant John Doe" allegedly violated the USD Student Code of Conduct by posting the fictitious @tiffanydehen Twitter account.  Doc. No. 13, FAC ¶ 236.

At a minimum, a plaintiff suing in contract must allege:  (1) existence of an enforceable contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) resulting damages to plaintiff.  *See Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, 446 F. Supp. 2d 1108, 1114 (N.D. Cal. 2006).  Because Plaintiff fails to allege any plausible facts identifying an enforceable contract that USD breached through the actions of an unidentified John Doe, and because she has not alleged any plausible damages connected to any alleged breach by USD, the breach of contract claim must be dismissed.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory.").

### 1. Plaintiff fails to plead any facts supporting the plausible existence of an enforceable contract.

Plaintiff alleges that she and USD entered into a written contract "pursuant to the aforementioned Code of Conduct when Ms. Dehen enrolled in the University of San Diego School of Law in August 2013 and again in January 2015."  Doc. No. 13, FAC ¶ 38.  Plaintiff alleges that she has "good cause indicating the person or persons who comprise John Doe" was a USD student and that he (or they) violated the USD Student Code of Conduct.  *Id.* at ¶¶ 36, 37, 236.  Plaintiff alleges John Doe violated the Student Code of Conduct when he (or they) created the parody Twitter account, and that USD breached its contract with Plaintiff when it "acted or omitted to act" in regards to John Doe's conduct.  *Id.* at ¶¶ 4, 10, 236.  Plaintiff's wholly speculative breach of contract claim fails because Plaintiff has not pled the plausible existence of an enforceable contract.

First, assuming John Doe was a USD student when he (or they) created the fictitious, parody Twitter account on January 26, 2017, Plaintiff bases her contract claim on USD's Code of Student Conduct.  However, as several courts have held, there is no express or implied contract between a school and a student as a result of a code of conduct.  *See Banga v. Kanios*, No. 16-CV-04270-RS, 2016 WL 7230870, at *5 (N.D. Cal. Dec. 14, 2016) (dismissing breach of contract claim by student against his former law school because plaintiff failed to plead any facts indicating the law school's student catalog created an enforceable contract); *see also Gibson v. Walden Univ., LLC*, 66 F. Supp. 3d 1322, 1324 (D. Or. 2014) (holding that private university's handbook did not create an enforceable contract with students and, thus, did not provide a student with a cause of action for breach of contract given that the handbook was generally applicable to all students and not an agreement to provide specific services to a particular student); *Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 217-218 (D.N.H. 2009) (holding there was no express or implied contract between schools and their students as a result of a student handbook, including an athletic code of conduct).

Second, Plaintiff graduated in July of 2016 and has failed to plead any facts sufficient to support the plausible existence of any continuing contract between herself and USD at the time John Doe allegedly created the fictitious Twitter account on January 26, 2017.  Doc. No. 13, FAC ¶ 71, Exhibit 60 to the FAC.  Even assuming Plaintiff's enrollment at USD resulted in Dehen entering into a contract with USD pursuant to the Student Code of Conduct (which USD does not contend), such a contract would not run into perpetuity; logic and common sense dictate the alleged contract would have expired after Plaintiff's graduation from USD, ***some six months before John Doe allegedly created the fictitious Twitter account***.  Doc. No.13, FAC ¶¶ 21, 71, 158, 236; Exhibit 60 to the FAC.  Simply put, Plaintiff has not, and cannot, present any evidence to indicate the terms of the Student Code of Conduct would extend beyond her graduation when the parody Twitter account was

1  created.  *See Bancard Servs., Inc. v. E*Trade Access, Inc.*, 292 F. Supp. 2d 1235,

2  1248 (D. Or. 2003) ("perpetual agreements are disfavored" and will only be "upheld

3  when a  contract contains clear and unambiguous terms describing its perpetual

4  nature").

5       **2.** **Plaintiff fails to plead any facts that USD acted unlawfully to**

6         **support her contract claim against USD.**

7     Plaintiff's FAC does not raise "more than a sheer possibility that [USD] acted

8  unlawfully" because Dehen not plead any facts that John Doe was within USD's

9  control when he created the parody Twitter account to support a plausible claim that

10  USD could be liable for breaching any enforceable promise to Plaintiff.  *Twombly*,

11  550 U.S. at 555.  Plaintiff's FAC lacks any allegation establishing that USD either

12  prompted John Doe to use Plaintiff's LinkedIn photographs, or that USD

13  participated in, condoned or had any knowledge of John Doe's operation of the

14  @tiffanydehen Twitter account.  *Baldwin v. Zoradi*, 123 Cal. App. 3d 275, 294

15  (1981) (violation of a university policy by a student imposed no contractual duty

16  upon the university in regard to another student).  Without such pleading connecting

17  USD to John Doe's allegedly unlawful actions, USD cannot under any theory be

18  liable for the breach of contract claim based on an unidentified John Doe's actions.

19       **3.** **Plaintiff fails to plead any specific promise made by USD to**

20         **her.**

21     Additionally, even assuming the existence of an enforceable contract between

22  Plaintiff and USD at the time of John Doe's alleged actions, as a matter of

23  California[3] law, a contract will not be enforceable if it is too vague or indefinite.

24  *See Carter v. CB Richard Ellis, Inc.*, 122 Cal. App. 4th 1313, 1328 (2004); *Ladas v.*

25  *Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993).  Specifically, a court must

26  ────────────────

27  [3] Federal courts deciding state law claims shall apply state law as the "rule of
decision."  *See* 28 U.S.C. § 1652; *Erie v. Railroad Co. v. Tompkins*, 304 U.S. 64, 78

28  (1938).

be able to ascertain the scope of duties in a contract, and any limits on performance, in order to "provide a rational basis for the assessment of damages." *Ladas*, 19 Cal. App. 4th at 770.   Here, Plaintiff has not identified any specific promise made by USD to her that USD also breached while she was a student in connection with the Student Code of Conduct.  Plaintiff cites the Student Code of Conduct which prohibited certain conduct by students and which subjected a violating student to disciplinary action; that Student Code of Conduct did not create any specific promise to Plaintiff, who had already graduated.  Doc. No. 13, FAC ¶¶ 36, 37.

Further, Plaintiff presents no evidence of mutual assent or consideration to enforce any alleged specific promise that is plausible on its face.  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006); Cal. Civ. Code §§ 1580, 1636. Absent any evidence of a definite promise, the Court cannot be sufficiently definite about the "scope of duties" and "limits on performance" to enforce any alleged contract.  Plaintiff cannot presume to rely on vague promises that she construes from the Student Code of Conduct. *Berger v. Home Depot U.S.A., Inc.* 476 F. Supp. 2d 1174, 1176 (C.D. Cal. 2007) (dismissing breach of contract claim where plaintiff failed to identify specific contract term that was breached); *Banga*, 2016 WL 7230870, at *5; *Gibson*, 66 F. Supp. 3d at 1324; *Brodeur*, 626 F. Supp. 2d at 217-218.  Accordingly, Dehen cannot point to any specific promise USD made to her in the Student Code of Conduct that was enforceable at the time John Doe allegedly made the parody Twitter account, some six months following Dehen's graduation.

### 4. Plaintiff fails to plead any plausible injuries, thus, her claim is not ripe.

Plaintiff's pleading fails for lack of identifying any plausible injuries she experienced as a result of USD's actions, thus, her claims are not ripe for adjudication and should be dismissed.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (claims are constitutionally ripe only when they present injuries that are "definite and concrete, not hypothetical or abstract") (internal

citations omitted).  Plaintiff fails to identify how USD injured her through the actions of an unidentified John Doe.  Any action by this Court related to Dehen's abstract injuries would result in an improper advisory opinion.

Moreover, Dehen's prospective efforts to "reserve" the right to bring claims against USD at some future point in time when she confirms the identity of John Doe do not resolve the deficiencies in her FAC and do not entitle her to discovery. *Apple Inc. v. Motorola Mobility, Inc.*, No. 12CV355 DMS (BLM), 2012 WL 12846983, at *1 (S.D. Cal. July 17, 2012) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citations omitted).

In sum, Dehen's FAC reveals fundamental inadequacies in her pleading of the breach of contract claim that cannot be rectified by further amendment.  No matter how Plaintiff styles her complaint, she cannot meet the plausibility standard required by *Iqbal* and *Twombly*.  Accordingly, the Court should dismiss Dehen's breach of contract claim against USD without leave to further amend.

**B.     Plaintiff's NIED Claim Fails Because There Is No Plausible Allegation That USD Breached A Duty Of Care To Dehen Following Dehen's Graduation, Based On The Activities Of An Unidentified John Doe.**

With respect to the thirteenth cause of action for NIED, Plaintiff alleges that USD owed her a duty of care to "prevent Plaintiff from being injured as a result of Doe's conduct," and that USD breached its duty of care to Plaintiff by breaching its contract with Plaintiff.  Doc. No. 13, FAC ¶¶ 240-241.  To state a claim for NIED, Plaintiff must plausibly show USD owed Dehen a legal duty at the time John Doe allegedly created the Twitter account, USD breached that duty, and USD's breach proximately caused Dehen's injury.  *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013).  Because Dehen fails to plead any plausible duty of care that USD breached and that caused her injury, Dehen's NIED claim should be dismissed.

### 1. Plaintiff fails to plead any facts establishing that USD owed her a duty of care.

Whether a defendant owes a duty of care is a question of law that depends on the foreseeability of a risk and policy considerations for and against imposition of liability. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). A duty of care is limited in scope to "exclud[e] the remote and unexpected." *Id.* at 589.

Here, Plaintiff has not pled plausible facts establishing that USD owed her a duty of care to support her NIED claim. Indeed, Plaintiff had already graduated from USD at the time of John Doe's alleged conduct giving rise to the FAC, and there is no evidence that the fictitious, parody Twitter account arose out of, or was in any way connected with USD other than the allegation that John Doe (or the "person or persons who comprise John Doe") may have been a student or alumni at USD at some point in time. *See Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 795-96 (2006) (holding that plaintiff's claim for NIED based on anonymous threats over the Internet was not viable); *Baldwin*, 123 Cal. App. 3d at 294. Such vague, conclusory assertions are not sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555-57 ("more than labels and conclusions" are required).

Importantly, courts have found that universities do not owe a duty of care to students for incidents outside a university's control. For example, in *Baldwin v. Zoradi,* a university student brought a negligence claim against university trustees and two dormitory advisors for injuries she sustained when fellow students engaged in a "speed contest" in their cars following a party they had in the dormitories. 123 Cal. App. 3d at 280-81. The *Baldwin* plaintiff alleged that the defendants owed her a duty of care by virtue of a dormitory license agreement. *Id.* at 284-85. Under the dormitory agreement, the university retained the right to terminate the room license of any student in the "interest of health, discipline, or the general welfare of the residents" and prohibited alcoholic beverages in the dormitories. *Id.* at 285. The

court held that no duty was owed to the injured student because there was a lack of close connection between the failure of the defendants to control on-campus drinking and the "speed contest" engaged in by the students. *Id.* at 286-87. Furthermore, the court held the policy of preventing future harm was not a very strong one under the facts, because the defendants had not "collaborated" to encourage the drinking, and there was no "direct involvement" by the defendants in furnishing alcoholic beverages. *Id.* at 290. By analogy here, there is no allegation that USD owed Dehen any cognizable duty of care after her graduation from USD, or that USD condoned or controlled an unidentified John Doe's social media activities such that any duty of care can be established. Thus, Plaintiff fails to state a NIED claim based on her failure to identify a plausible duty of care owed to her by USD following her graduation from USD.

Similarly, in *Crow v. State of California*, a student filed a negligence claim against a state university after being assaulted by another student inside a school dormitory. 222 Cal. App. 3d 192, 201 (1990). In finding the university owed no duty of care to the student, the *Crow* court reasoned that imposing a duty on universities to protect their students from third party criminal conduct would require a level of supervision and regulation that was incompatible with the "realities of modern college life" and the "goal[s] of postsecondary education." *Id.* at 209. As the *Baldwin* and *Crow* cases illustrate, universities and colleges owe no duty of care to their currently enrolled students for criminal conduct of other students which results in severe physical harm. Therefore, Dehen's implausible theory that USD somehow owed her a duty of care *as a graduate of USD* based on the social media activity of an unidentified person cannot survive a Rule 12(b)(6) motion to dismiss as a matter of law.

By analogy in the workplace, in *Delfino v. Agilent Techs., Inc.*, plaintiffs brought suit against their employer based on a co-worker's actions of sending threatening emails to plaintiffs. 145 Cal. App. 4th at 795. Plaintiffs alleged that the

1   employee had used their employer's computer system to send the threats and that

2   the employer took no action to prevent its employee from making threats.  The

3   *Delfino* court held that plaintiffs' NIED claim was not viable because the employer

4   owed no duty to the plaintiffs; the cyber threats did not arise out of, nor were they in

5   any way connected with the co-worker's employment, and there was little evidence

6   that the employer's conduct was close enough to plaintiffs' alleged injuries.  *Id.* at

7   816-17.  Here, Plaintiff's NIED claim against USD similarly fails because she has

8   failed to plead enough facts that raise more than a sheer possibility that USD acted

9   unlawfully when an unidentified John Doe posted a parody Twitter account about

10  Plaintiff months following her graduation from USD.  *Iqbal*, 556 U.S. at 678;

11  *Twombly*, 550 U.S. at 555.

12         Further, Dehen does not plead any significant policy of preventing future

13  harm that would result from a finding of duty; to the contrary, a finding of duty here

14  might have a significant chilling effect upon social media free speech and might

15  encourage extreme school oversight of off-campus student activities, including

16  student or alumni use of social media.  *See Steven F. v. Anaheim Union High Sch.*

17  *Dist.*, 112 Cal. App. 4th 904, 918 (2003), *as modified on denial of reh'g* (Oct. 22,

18  2003) (finding that imposing such a duty on a school would turn the culture of the

19  school "into a virtual police state").

20         Accordingly, Dehen failed to plead any duty of care owed to her by USD after

21  her graduation, and Dehen's NIED claim should be dismissed under Rule 12(b)(6).

22                **2.    Plaintiff fails to plead facts that USD breached any duty of**

23                        **care owed to her.**

24         Even if the existence of a duty of care is assumed by the Court for purposes of

25  the motion, Plaintiff has not, and cannot, plead any facts that USD breached any

26  duty of care with respect to the actions of John Doe, assuming John Doe was a USD

27  student at the time of his creation of the fictitious, parody Twitter account in January

28  2017.  Plaintiff has not presented any evidence (nor can she) to indicate USD had

any prior knowledge of the fictitious, parody Twitter account at any time before becoming aware of Plaintiff's Complaint or FAC.  *See Delfino*, 145 Cal. App. 4th at 817 (finding no evidence that employer breached its duty of care to plaintiff because employer had no knowledge of the content of any of the employee's threatening emails or postings before receiving an arrest affidavit).

### 3.  Plaintiff fails to plead any plausible injuries.

Finally, Plaintiff's FAC fails for lack of pleading any plausible injuries she experienced as a result of USD's actions and, just like her breach of contract claim, Plaintiff's NIED claim is not ripe whatsoever.  *See Wolfson*, 616 F.3d at 1058 (claims are constitutionally ripe only when they present injuries that are "definite and concrete, not hypothetical or abstract") (internal citations omitted).  Because Dehen has not pled any cognizable injuries caused by USD's alleged breach of a non-existent duty of care to her following her graduation from USD, the NIED claim should be dismissed for failure to state a claim.

For all of these reasons, Dehen's NIED claim fails, and the Court should dismiss the NIED claim without leave to further amend.

## VII.   THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO FURTHER AMEND BECAUSE ANY AMENDMENT WOULD BE FUTILE

Where a complaint advances a legal theory supported by "no legal authority," and contrary to all established precedent, dismissal with prejudice is the appropriate remedy.  *Smith v. Hurd*, 699 F. Supp. 1433, 1437 (D. Haw. 1988), *aff'd*, 985 F.2d 574 (9th Cir. 1993); *see also McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (holding that dismissal with prejudice, and without leave to amend, is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment").

Here, the sole issue is whether USD can be plausibly liable for the acts of an unidentified person or persons who may or may not be USD students.  Plaintiff cannot meet her burden of showing her FAC can be cured by amendment.  In fact,

1   Plaintiff already amended her initial Complaint and served the FAC, which is still

2   wholly lacking any plausible theory of breach of contract or NIED.  As to USD,

3   further amendments of the FAC would be futile.

4        For example, Plaintiff cannot plausibly plead any facts showing the existence

5   of any enforceable contract she entered with USD that continued to apply to her

6   following graduation and which was breached by USD in connection with the

7   conduct of the "person or persons who comprise" John Doe.  Similarly, Plaintiff

8   cannot plausibly plead any facts establishing a duty of care owed by USD to Dehen

9   for acts she alleges occurred six months following her graduation from USD by an

10  unidentified person on social media.  *See Reddy,* 912 F.2d at 296-97 (affirming

11  dismissal with prejudice because amendment would not cure deficiencies in the

12  complaint).

13       Because Dehen has already filed a FAC, and Dehen cannot point to any

14  plausible facts to support her claims against USD, leave to further amend would be

15  futile and should be denied.

16          **VIII.  USD IS ENTITLED TO COSTS**

17       If this Court dismisses Plaintiff's FAC for "want of jurisdiction," Defendant

18  is entitled to "payment of just costs."  28 U.S.C. § 1919 ("Whenever any action or

19  suit is dismissed in any district court . . . for want of jurisdiction, such court may

20  order the payment of costs.").  Because Plaintiff's claims against USD fail to

21  establish jurisdiction in federal court and are wholly frivolous, the Court should

22  award USD its costs in defending against the FAC.  *See Inglewood Fed. Sav. &*

23  *Loan Ass'n v. Richardson*, 121 F. Supp. 80, 82 (S.D. Cal. 1954) (awarding costs

24  under 28 U.S.C. § 1919 after deciding the court had no jurisdiction).

25       Additionally, to the extent this Court grants Defendant's motion to dismiss

26  with prejudice on the merits, USD is entitled to costs pursuant to Federal Rule of

27  Civil Procedure 54.  Fed. R. Civ. P. 54(d)(1) ("costs . . . should be allowed to the

28  prevailing party"); *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) ("[A]

defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").

## IX.   CONCLUSION

For the foregoing reasons, USD respectfully requests that its motion to dismiss be granted without leave to further amend, the FAC be dismissed with prejudice as against USD, and that USD be awarded its costs for defending against the FAC.

Dated:  August 21, 2017

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:   _/s/ Joanne Alnajjar Buser_
MICHAEL C. SULLIVAN
JOANNE ALNAJJAR BUSER
AMR A. SHABAIK
Attorneys for Defendant University of San Diego