MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant UNIVERSITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN,<br><br>  Plaintiff,<br><br> v.<br><br>JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO,<br><br>  Defendants. | Case No. 3:17-cv-00198-BEN-WVG<br><br>**DEFENDANT UNIVERSITY OF SAN DIEGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6)]<br><br>Date:   October 2, 2017<br>Time:   10:30 A.M.<br><br>Judge:   Roger T. Benitez<br>Courtroom:   5A<br>Mag. Courtroom:   Judge William V. Gallo / Suite 2125<br>Trial Date:   Not Set |

# I. INTRODUCTION

Plaintiff Tiffany Dehen's untimely[1] Opposition to USD's motion to dismiss the First Amended Complaint[2] ("FAC") is a grab-bag of speculative contentions unsupported by any case law, plausible facts or logic. Far from attempting to explain how the many noted pleading deficiencies in the FAC could ever support a claim able to clear the plausibility hurdle of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Plaintiff claims she is entitled to take discovery, plead entirely new facts outside of the pleadings, and allege brand new causes of action against USD without leave of Court (which also fail to meet pleading standards).

The Court should stop Plaintiff's tireless attempts to "connect the dots" concerning her claims to survive the pending motions to dismiss. First, Plaintiff's cavalier "sue first, ask questions later" approach implicitly recognizes that the FAC fails to plead any plausible facts against USD to "raise a right to relief above the speculative level." Plaintiff's "reservation" of her rights to bring claims against USD at some future point in time is simply a red herring aimed to circumvent the Court's pleading requirement and waste judicial resources.

Next, none of Plaintiff's claims against USD are ripe whatsoever. There is not a single injury in the FAC that Plaintiff can plausibly ascribe to USD. Plaintiff's assertion of entirely new facts (and causes of action) outside of the pleadings is not only improper, but does nothing to save the deficiencies of her FAC. For example,

---

[1] Plaintiff's Opposition was untimely served and should not be considered by the Court. Specifically, Plaintiff's Opposition was due to be served by personal service on September 18, or served by mail on September 15. *See* Local Rule ("LR") 7.1.e.2. However, Plaintiff filed and served the Opposition by overnight mail on September 18. Given that Plaintiff's Opposition was not timely served on USD, the Court should not entertain it. *See* LR 7.1.e.4.

[2] The FAC recently filed on the docket is the same version previously served on USD, save for the Table of Exhibits, which is missing one page on the docket.

1  Plaintiff still has not pled an enforceable agreement that USD breached to support
2  her contract claim.  Similarly, Plaintiff does not plead any plausible facts that USD
3  owed her a duty of care, or that USD breached any such duty of care, to support her
4  negligent infliction of emotional distress ("NIED") claim.  Thus, these two claims
5  against USD in the FAC must be dismissed.

6  Moreover, Plaintiff's newly asserted allegations against USD as to alleged
7  fraud and violations of the RICO Act fail.  Putting aside that the Opposition to
8  USD's motion is neither the FAC nor a Second Amended Complaint, Plaintiff's
9  Opposition fails to state with any particularity any alleged fraud by USD to satisfy
10 the heightened pleading standard in Rule 9(b).  Additionally, Plaintiff does not
11 present any plausible facts that USD engaged in a "pattern of racketeering activity"
12 to survive a motion to dismiss any RICO Act claim.  Finally, Plaintiff's attempt to
13 assert a RICO Act claim against USD in the Opposition is a transparent (and failed)
14 effort to bring her claims within federal jurisdiction.  Even if the Court permits
15 amendment to include these far-reaching theories, the amendment would be futile.

16 Because Plaintiff cannot rectify the deficiencies in her FAC, even after
17 receiving an opportunity to amend her initial complaint, the Court should dismiss
18 the FAC without leave to amend and award USD its costs.  *In re W. States*
19 *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (affirming
20 district court's denial of leave to amend where plaintiff had previously amended).

21 **II. THE COURT SHOULD DISREGARD ALL NEW FACTUAL**
22 **ALLEGATIONS AND CLAIMS NOT ALLEGED IN THE FAC**
23 Plaintiff's Opposition is a potpourri of new facts and causes of action outside
24 the four corners of the FAC.  Because a motion to dismiss tests the legal sufficiency
25 of a complaint, the Court may consider only those allegations contained *on the face*
26 *of the complaint*.  *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978); *Paulsen v.*
27 *CNF, Inc.,* 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005) ("court cannot consider
28 material outside the complaint" including "facts presented in briefs, affidavits or

discovery materials"). Furthermore, such new facts and theories, raised for the first time in opposition to a motion to dismiss, cannot be considered by the Court in determining whether the existing FAC should be dismissed. *Bruton v. Gerber Products Co.,* 961 F. Supp. 2d 1062, 1078 (N.D. Cal. 2013) (citing *Broam v. Bogan,* 320 F.3d 1023, 1026 fn. 2 (9th Cir. 2003) ("a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a motion to dismiss" in ruling on a 12(b)(6) motion). Notwithstanding the improper discussion of new facts and causes of action, USD addresses these contentions to confirm for the Court that, despite all of Plaintiff's best efforts, Plaintiff cannot in any way cure the deficiencies in her FAC. Accordingly, granting leave to amend the FAC would be wholly futile and a waste of judicial resources (especially since Plaintiff has already had a chance to amend her initial complaint).

For instance, Plaintiff now alleges that in 2015, Plaintiff was subjected to "terroristic threats" on USD's campus by unknown persons and that USD allegedly became aware of these threats in March 2016 due to the "temper tantrum" of an unidentified USD student. Opp. pp.6-7. In support of this theory, Plaintiff attaches Exhibits A, B and C to her Opposition, which consist of emails addressing false rumors about threats to the university. Plaintiff baldly alleges in the Opposition, without any plausible facts, that the "conduct leading up to these causes of action" in the FAC date back to the vaguely alleged 2015 and 2016 conduct. Opp. pp.6-7. However, these vague emails and allegations about alleged threatening behavior at USD were not part of the FAC, and even if they were, they do not establish any plausible theory of liability concerning the central allegation in the FAC: an unidentified John Doe's creation of a parody Twitter account in January 2017. Accordingly, the new allegations and causes of action do not save the FAC from dismissal, nor do they support any request for leave to further amend the FAC.

### III. PLAINIFF FAILS TO STATE ANY PLAUSIBLE CLAIMS

In addition to the novel (albeit defective) allegations in the Opposition,

Plaintiff fails to show any of her alleged claims are adequately pled in the FAC or that the FAC could be viably amended to assert plausible claims.

### A. Plaintiff's Breach Of Contract Claim Fails.

Plaintiff fails to allege any plausible facts identifying an enforceable contract that USD breached, and because she has not alleged any plausible injury or damages connected to any alleged breach by USD, the breach of contract claim must be dismissed.

#### 1. No plausible, enforceable contract has been pled by Plaintiff.

Plaintiff's Opposition reiterates that the only alleged enforceable contract between herself and USD is "that of the student code of conduct." Opp. p.5. As stated in Section VI(A)(1) of USD's moving brief, there is no express or implied contract between a school and a student as a result of a code of conduct. *See Banga v. Kanios*, No. 16-CV-04270-RS, 2016 WL 7230870, at *5 (N.D. Cal. Dec. 14, 2016) (dismissing breach of contract claim by student against his former law school because plaintiff failed to plead any facts indicating the law school's student catalog created an enforceable contract); *see also Gibson v. Walden Univ., LLC*, 66 F. Supp. 3d 1322, 1324 (D. Or. 2014); *Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 217-218 (D.N.H. 2009). Additionally, Plaintiff graduated *in July 2016* and failed to plead any facts sufficient to support the plausible existence of any continuing contract "in perpetuity" between herself and USD at the time John Doe allegedly created the parody Twitter account on or about *January 26, 2017*. Because the FAC and the Opposition fail to plead the plausible existence of an enforceable contract, the contract claim fails and should be dismissed without leave to amend.

#### 2. Plaintiff fails to establish that USD acted unlawfully.

In addition, Plaintiff's FAC is deficient because it does not raise "more than a sheer possibility that [USD] acted unlawfully," and Plaintiff has not, and cannot, plead any facts that USD knew of or directed John Doe's conduct when he created the parody Twitter account in or around January 2017. *Twombly*, 550 U.S. at 555.

1  Other than vaguely alleging in her Opposition that "John Doe(s) is so related to
2  USD" (Opp. p.5) and that a "large portion of John Doe's unlawful behavior
3  originated and occurred on USD's campus" (Opp. p.7), Plaintiff does not plead any
4  plausible facts that USD either prompted John Doe to create the Twitter account, or
5  that USD participated in, condoned or had any knowledge of John Doe's operation
6  of the Twitter account.  These deficiencies are fatal to the contract claim.  *Baldwin*
7  *v. Zoradi*, 123 Cal. App. 3d 275, 294 (1981) (violation of a university policy by a
8  student imposed no contractual duty upon the university in regard to another
9  student).

10  Plaintiff clumsily attempts to "connect the dots" for the Court by pleading
11  entirely new facts that allege John Doe's creation of the Twitter account in January
12  2017 was somehow related to "terroristic threats" made by unnamed USD students
13  in 2015 and 2016.  Plaintiff alleges that USD "obstructed" "local and federal law
14  enforcement from carrying out investigations relating to terrorism and threats to the
15  safety of students" and that this "obstruction" ultimately led to the underlying causes
16  of action in her FAC.  Opp. p.6.  Plaintiff's new allegations lack any plausible facts
17  that USD either prompted, participated in, condoned or had knowledge of these
18  purported "terroristic" actions to cause Plaintiff injury.  Simply put, Plaintiff does
19  not plead any facts connecting USD to either the unidentified John Doe's allegedly
20  unlawful actions or the unlawful actions of alleged "terrorists."  Thus, the breach of
21  contract claim against USD fails, and leave to amend should be denied.

22  **3.     Plaintiff fails to plead any specific promise made by USD.**

23  Next, the Opposition entirely fails to address the existence of any specific
24  promise (or mutual assent or consideration) supporting a contract made with
25  Plaintiff that USD breached.  *See Carter v. CB Richard Ellis, Inc.*, 122 Cal. App. 4th
26  1313, 1328 (2004); *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770
27  (1993).  Other than vaguely alleging that USD breached "several contractual
28  obligations" (Opp. p.5), Plaintiff's Opposition does not allege, nor can it, that USD

breached any specific promise made to her while she was still a student, and she does not identify any specific promise made to her by USD following her graduation in July 2016 that was breached. As set forth in greater detail in Section VI(A)(3) of USD's moving brief, Plaintiff cannot presume to rely on vague promises that she construes from the student Code of Conduct, which courts have found to be unenforceable (whether as a student or following graduation).

### 4. Plaintiff fails to plead any plausible injuries.

As more fully set forth in Section VI(A)(4) of USD's moving brief, the FAC fails to identify any plausible injuries Plaintiff experienced as a result of USD's actions. Her claims are not ripe for adjudication and should be dismissed. *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (claims are constitutionally ripe only when they present injuries that are "definite and concrete, not hypothetical or abstract") (internal citations omitted). There are no facts alleged in the FAC or Opposition that USD injured Plaintiff through the actions of an unidentified John Doe. In fact, in addressing USD's argument that her claims are not ripe, Plaintiff apparently *concedes* that she did *not* "allege definitive claims against USD" because she is still waiting to uncover John Doe's identity. Opp. p.3. This admission by Plaintiff neatly sums up why her FAC should be dismissed without leave to amend: she has not pled any plausible facts above the speculative level (nor can she).

### B.   The NIED Claim Fails Because No Duty Of Care Exists.

As set forth more fully in Section VI(B) of USD's moving brief, Plaintiff's NIED claim fails because there is no plausible allegation that USD breached a duty of care to Plaintiff. *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013). A duty of care is limited in scope to "exclud[e] the remote and unexpected." *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 589 (1989). Plaintiff's Opposition fails to address this argument and, instead, attempts to allege a duty of care based on a remote and unexpected risk. While Plaintiff alleged in her

FAC that USD owed her a duty of care to prevent the Twitter conduct that allegedly occurred several months following graduation, Plaintiff's Opposition argues that alleged "terroristic" threats made in 2015 and 2016 by an unnamed student, and USD's response to those threats, somehow resulted in the unidentified John Doe creating the fake Twitter account in 2017.  Opp. pp.6-7.  Neither theory amounts to plausibility "above the speculative level."  *See Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 795-96 (2006) (holding that plaintiff's claim for NIED based on anonymous threats over the Internet was not viable); *Twombly*, 550 U.S. at 555-57.

Plaintiff's Opposition and FAC also do not plead plausible facts that USD owed Plaintiff a duty of care at the time of the alleged "terroristic threats" to protect her against the actions of an unknown John Doe creating a Twitter account some two years later.  Such vague, conclusory assertions are not sufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555-57 ("more than labels and conclusions" are required).  Additionally, as more fully discussed in USD's moving brief, courts have consistently found that universities do not owe a duty of care to students for incidents outside a university's control.  *See, e.g.*, *Crow v. State of California*, 222 Cal. App. 3d 192, 201 (1990) (holding that university owed no duty of care to currently enrolled students for criminal conduct of other students).  Here, there is no plausible allegation that USD owed Plaintiff any cognizable duty of care either during her enrollment or after her graduation from USD, or that USD condoned or controlled the unknown John Doe's social media activities or condoned or controlled the actions of other unnamed students who allegedly engaged in "terroristic threats."  For these reasons, Plaintiff's NIED claim still fails.

**C.    Plaintiff's Novel RICO Claim Against USD Fails.**

Plaintiff did not assert any RICO claims against USD in the FAC.  In her Opposition, Plaintiff makes new, vague allegations that USD engaged in "violation(s) of the RICO Act."  Opp. pp.4-5.  The RICO Act, 18 U.S.C. § 1961 *et seq.,* makes it "'unlawful for any person employed by or associated with any

enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs' through the commission of two or more statutorily defined crimes—which RICO calls 'a pattern of racketeering activity.'" *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160 (2001). Plaintiff has not alleged any sufficient factual material to establish a plausible violation of the RICO Act by USD, let alone any "pattern of racketeering activity" to survive a motion to dismiss. *See Ewing v. Integrity Capital Sols., Inc.*, No. 16-CV-1469 JLS MDD, 2017 WL 758402, at *3 (S.D. Cal. Feb. 27, 2017) (plaintiff's bare assertions of RICO allegations were insufficient to survive motion to dismiss).

Plaintiff cannot allege any plausible violation of the RICO Act by USD either in the FAC or any amendment. Again, Plaintiff's efforts to "reserve" the right to bring RICO claims against USD at some future point in time do not resolve the deficiencies in her FAC, nor do they entitle her to survive the motion to dismiss and proceed to discovery.

**D.      Plaintiff's Fraud Claim Lacks Particularity And Is Wholly Deficient.**

In her Opposition, Plaintiff baldly alleges that USD engaged in fraudulent misrepresentations. Opp. pp. 4, 7, 9. In California, "the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir. 2003). Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (elements of fraud complaints must be pled with a "high degree of meticulousness"). Plaintiff's Opposition does not plead *any* specific fraud elements, *e.g.*, it does not make any factual allegations regarding the *dates* of the alleged fraud, *who* perpetrated the fraud, any *intent* to defraud, or *how* the fraud was committed. Accordingly, the Court should dismiss any attempt by Plaintiff to improperly plead a cause of action for fraud in her Opposition or in any amendment

to the FAC. *See Twombly*, 550 U.S. at 555-57 ("more than labels and conclusions" are required).

## V. PLAINTIFF FAILED TO ESTABLISH JURISDICTION

Plaintiff has not established that this Court has proper jurisdiction over her claims alleged against USD under any theory, as set forth in Section V of USD's moving brief.

Plaintiff's Opposition erroneously asserts that this Court has supplemental jurisdiction over her state law claims against USD because they are so "related to the common nucleus of operative facts." Opp. pp. 5-6. Neither Plaintiff's alleged copyright claim, pled solely against the unknown John Doe, nor her RICO Act claim, pled solely against Twitter in the FAC, supports supplemental jurisdiction over the state law claims against USD. Specifically, the two claims against USD do not arise from or otherwise relate to the alleged copyright or RICO claims because there is no allegation connecting these alleged violations to USD. Plaintiff also does not make that connection for the Court.

Second, Plaintiff alleges "she can and will amend her complaint" to bring a RICO Act claim against USD to cure jurisdiction. Opp. pp. 17. However, as discussed above, Plaintiff has failed to plead any plausible facts that USD engaged in a violation of the RICO Act such that amendment to add a RICO claim would be futile. *See Bell v. Hood*, 327 US 678, 682-83 (1946) (federal claim is not "colorable" if it "clearly appears to be . . . made solely for the purpose of obtaining jurisdiction or … is wholly insubstantial and frivolous.") Accordingly, this theory of jurisdiction also does not hold water, and the FAC should be dismissed.

## VIII.  USD IS ENTITLED TO COSTS

Plaintiff does not address USD's argument that it is entitled to costs as a matter of law. *See* 28 U.S.C. § 1919; Fed. R. Civ. P. 54(d)(1); *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Thus, USD should be awarded its costs.

Plaintiff's Opposition makes an unsupported claim that attorneys for USD

should be sanctioned under Rule 11 because USD's motion to dismiss "contains perjury" and was only brought to "bully" Plaintiff. Opp. pp. 1-2, 17. In fact, USD's moving brief only cited to the FAC, thus, no perjury ensued. Even so, Plaintiff's citation to *Aetna Life Ins. Co. v. Allla Medical Services, Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1998), is distinguishable. As acknowledged by Plaintiff, the *Aetna* case held that when *successive* motions and papers become so *harassing and vexatious*, sanctions may be appropriate. Here, USD's first and meritorious filing of its motion to dismiss, which is explicitly permitted by Rule 12, does not remotely resemble the successive and harassing nature of the motions in *Aetna* to warrant sanctions. If the Court adopted Plaintiff's approach, every attorney filing a Rule 12 motion would be sanctioned. This approach flies in the face of Rule 12 and belies logic and common sense.

Finally, Plaintiff has not followed the required procedures to make a request for Rule 11 sanctions, which includes a meet and confer notice prior to filing the motion. *See* Fed. R. Civ. P. 11(c)(2). Accordingly, Plaintiff's request for sanctions should be denied, and USD should be awarded its costs in responding to the frivolous FAC.

## IX.  CONCLUSION

For the foregoing reasons and those more fully briefed in the moving papers, USD respectfully requests that its motion to dismiss be granted without leave to further amend and that USD be awarded its costs for defending against the FAC.

Dated: September 22, 2017      PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:      /s/ Joanne Alnajjar Buser
MICHAEL C. SULLIVAN
JOANNE ALNAJJAR BUSER
AMR A. SHABAIK
Attorneys for Defendant UNIVERSITY OF SAN DIEGO

# PROOF OF SERVICE

**Dehen v. USD, Twitter, et al.**
**Case No. 3:17-CV-00198-BEN-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On September 22, 2017, I served true copies of the following document(s) described as **DEFENDANT UNIVERSITY OF SAN DIEGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Tiffany L. Dehen<br>1804 Garnet Avenue #239<br>Pacific Beach, CA 92109<br>Telephone: (858) 262-0052<br>Email: tiffany.dehen@gmail.com<br>Plaintiff Pro Per | Julie E. Schwartz<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Attorney for Twitter, Inc. |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 22, 2017, at San Diego, California.

_____
Amy R. Dickey