MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone:  619-237-5200
Facsimile:   619-615-0700

Attorneys for Defendant
UNIVERSITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TIFFANY DEHEN, | Case No. 3:17-cv-00198-LAB-WVG |
|---|---|
| Plaintiff, | **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO, | |
| Defendants. | Date:        March 12, 2018<br>Time:        10:30 a.m.<br><br>Judge:       Larry Alan Burns<br>Courtroom:   14A<br>Mag.         Judge William V. Gallo<br>Courtroom:   Suite 2125<br>Trial Date:  Not Set |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

Case No. 3:17-cv-00198-LAB-WVG

# I. INTRODUCTION

Over one year ago, Tiffany Dehen ("Dehen") filed a complaint against University of San Diego ("USD"), Twitter, Inc. and an unknown John Doe. In April 2017, the Court accepted Dehen's lengthy and confusing First Amended Complaint ("FAC") as the operative pleading. In response, USD spent considerable resources sifting through the FAC to prepare and file a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), which motion is still pending with the Court. Now, Dehen improperly moves this Court to file a Second Amended Complaint ("SAC").

Dehen's latest attempt to amend the complaint should be denied *over one year after* her initial complaint was filed, and after already having an opportunity to file the FAC. Specifically, permitting Plaintiff to file the SAC would unduly prejudice USD, particularly because Dehen already received one chance to amend the complaint in April 2017, USD's motion to dismiss the FAC is currently under submission, and because Plaintiff unduly delayed filing her motion until one year after the initial complaint was filed. In addition, the motion to amend the complaint should be denied because Dehen's amendments are futile since they do not raise a right to relief above the speculative level to satisfy *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

# II. RELEVANT PROCEDURAL HISTORY

**A.   Plaintiff Files The Complaint And FAC.**

Plaintiff is a former USD law student who "earned her Juris Doctor . . . in 2.5 years." Doc. No. 45, SAC ¶ 19. Plaintiff graduated from USD in July 2016. *Id.* at ¶ 233; Exhibit 60 to the SAC.[1]

On February 1, 2017, Plaintiff filed the initial Complaint against Defendants USD, Twitter, Inc. and an unknown John Doe. *See* Doc. No. 1. On April 17, 2017,

---

[1] An exhibit attached to a pleading is a "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

the Court accepted Plaintiff's FAC, which alleged breach of contract and negligent infliction of emotional distress ("NIED") claims against USD. *See* Doc. No. 13. On August 21, 2017, USD filed a motion to dismiss Plaintiff's FAC, which Dehen opposed. *See* Doc. No. 29. After USD's motion to dismiss was completely briefed, the Court took the motion under submission. *See* Doc. No. 39. No decision has been rendered on the pending motion to dismiss.

**B.     The Proposed SAC.**

On or around February 12, 2018, Plaintiff filed her "Notice of Motion and Motion to File Plaintiff's Second Amended Complaint," which set a hearing for March 12, 2018. *See* Doc. No. 45. On or around February 13, 2018, Dehen filed a brief in support of her motion. Doc. No. 47.

In addition to the breach of contract and NIED claims brought against USD in her FAC, Plaintiff alleges three brand new causes of action against USD in the proposed SAC: alleged violation of the RICO Act, 18 U.S.C. Code § 1961, intentional infliction of emotional distress ("IIED"), and federal extortion and conspiracy to commit extortion, 18 U.S.C. §§ 875(d), 1951.

Plaintiff's SAC is based largely on the same facts and allegations of the FAC. However, Plaintiff clumsily attempts in the SAC to "connect the dots" for the Court by pleading new facts that allege John Doe's creation of a Twitter account in January 2017 was somehow related to "terroristic threats" made by unnamed USD students in 2015 and 2016. Doc. No. 45, SAC ¶¶ 27, 48-50, 55.

Plaintiff also alleges that USD obstructed local and federal law enforcement from carrying out investigations relating to terrorism and threats to the safety of students, and went so far as to "shut down the local law enforcement investigation" and "refused to cooperate with federal law enforcement." Doc. No. 45, SAC ¶ 51.

Because Plaintiff's proposed new allegations still do not establish any plausible theory of liability against USD, and because the amendment is prejudicial to USD at this late stage, Dehen's motion to file the SAC should be denied.

## III. LEGAL STANDARD

A plaintiff has the right to amend only once as a matter of course; subsequently, the party may only amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2). Although leave to amend is liberally granted, the standard is not without limits. Leave to amend should not be granted where: (1) plaintiff has previously amended her complaint; (2) plaintiff has unduly delayed amendment; (3) plaintiff has acted in bad faith; (4) plaintiff's amendment of the complaint would be futile; and (5) plaintiff's amendment of the complaint would prejudice the opposing party. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (holding that leave to amend "is not to be granted automatically" and upholding district court's denial of plaintiff's motion for leave to amend where plaintiff had previously amended).

As the party seeking to amend her complaint, Dehen bears the burden to show that the ends of justice will be served by her proposed amendments. *See Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010).

## IV. ARGUMENT

The Court should deny Plaintiff's motion to file the proposed SAC because: (1) permitting Plaintiff to amend her complaint will unduly prejudice USD given that USD's motion to dismiss the FAC is still pending, and Plaintiff unduly delayed in bringing her Motion; and (2) Plaintiff's proposed amendments would be futile given they do not raise a right to relief "above the speculative level."

**A.     Permitting Plaintiff To Amend Her FAC Prejudices Defendant.**

One of the most critical factors in determining whether to grant leave to amend is whether the opposing party will be prejudiced by the amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing

party that carries the greatest weight"). Here, USD will be unduly prejudiced by the granting of Plaintiff's motion.

### 1. Plaintiff's Motion Failed To Abide By Local Rules.

Local Rule 15.1 requires that any motion to amend must be accompanied by a copy of the proposed amended pleading and a version of the proposed amended pleading that shows, through redlining, strikeouts, or other similarly effective typographic methods, how the proposed amended pleading differs from the operative pleadings. L.R. 15.1(b). Plaintiff's proposed SAC contained in Exhibit A, attached to her Notice of Motion and Motion to File Plaintiff's Second Amended Complaint, includes a few strikeouts, but fails to otherwise show how the proposed amended pleading differs from the FAC. Doc. No. 45. Defendant is thus placed in the cumbersome position of sorting through the lengthy FAC and proposed SAC to decipher exactly where Plaintiff has made modifications. Thus, USD has been prejudiced by Dehen's failure to follow the Local Rule concerning amendments.

In addition, Dehen's motion was served late and, thus, did not comply with Local Rules. Specifically, because Dehen served the motion on USD by mail, it must have been served at least 31 days in advance of the hearing date of March 12, 2018. L.R. 7.1(e)(1), (4). Thus, Dehen had to serve her motion on USD by February 9, 2018. *Id.* She did not serve the motion on USD until February 12, 2018, thereby cutting USD's response period short and prejudicing USD. *See* Doc. No. 45, Doc. No. 47.

Accordingly, Plaintiff's failure to abide by Local Rules has prejudiced USD because Dehen did not serve a proposed SAC that reflects all of the proposed modifications to the pleading, and USD's time to respond to the motion was cut short.

/ / /

/ / /

/ / /

### 2. Plaintiff's Motion Prejudices Defendant Because Defendant Already Has A Motion to Dismiss Pending.

Defendant filed a motion to dismiss the FAC on August 21, 2017, and the Court took the motion under submission on September 28, 2017. *See* Doc. Nos. 29, 39. If leave to amend were granted at this late juncture, Defendant's motion to dismiss would be rendered moot, thus requiring Defendant to prepare yet another motion to dismiss Plaintiff's SAC. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Moreover, where, as here, plaintiff files a motion to amend while a motion to dismiss is pending, the court should deny plaintiff's motion because it will unduly prejudice the defendant. *See Moreno v. Castlerock Farming & Transp., Inc.*, 2012 WL 4468439, at *2 (E.D. Cal. Sept. 26, 2012) (holding that granting leave to amend while defendant's motion to dismiss was pending would prejudice defendant); *Castle v. Knowles*, 2010 WL 2232394, at *4 (E.D. Cal. June 3, 2010) (denying leave to amend, in part, because "Defendants will suffer prejudice from this undue delay, and they will also be prejudiced by having to file yet another round of motions to dismiss"); *Taa v. Chase Home Fin., L.L.C.*, 2011 WL 4985379, at *1 (N.D. Cal. Oct. 19, 2011) (discussing denial of plaintiff's motion for leave to amend where a motion to dismiss was pending because of "undue delay and prejudice to Defendants").

Thus, the Court should deny Dehen's motion to amend the complaint because USD has a pending motion to dismiss that was timely filed in response to the FAC, and USD would suffer undeniable prejudice if it had to expend additional resources moving to dismiss the SAC before getting a ruling on the pending motion.

### 3. Plaintiff's Unexplained Delay To Amend Also Prejudices USD.

The majority of facts Plaintiff proposes adding to her SAC to support her claims against USD occurred in 2015 and 2016 – before she filed the initial

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

5

Case No. 3:17-cv-00198-LAB-WVG

complaint in this lawsuit, and well before she filed her FAC on April 17, 2017. *See* Doc. No. 45, SAC ¶¶ 27, 48-50, 55. Yet, Plaintiff inexplicably waited months to make these specific amendments. Such unexplained delay not only prejudices Defendant, but it is reason enough to deny Plaintiff's motion to amend. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (holding that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable); *Calderón-Serra v. Wilmington Trust Co.*, 715 F3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend"). As noted above, Defendant spent significant resources responding to the FAC by filing a motion to dismiss. USD will be prejudiced if the Court grants Dehen's motion because USD will have to expend further resources moving to dismiss the SAC, which only exacerbates the length of time this frivolous lawsuit continues.

**B.     Plaintiff's Proposed Amendments Are Futile.**

Leave to amend may be denied based upon futility alone. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A claim is considered futile, and leave to amend shall not be given, if there is no set of facts that can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). In assessing futility, the Court applies the same standard governing Rule 12(b)(6) motions to dismiss: *i.e.*, a proposed amendment is futile if it does not plead enough to make out a plausible claim for relief. *United States v. Corinthian Colleges*, 655 F3d 984, 995 (9th Cir. 2011); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*, 616 F3d 963, 972 (9th Cir. 2010) (proposed amendment is futile if clear that complaint could not be saved by any amendment).

Additionally, a court should deny a motion to amend where the movant provides no satisfactory explanation for her failure to fully develop her contentions originally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A court may

inquire as to whether the "moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Additionally, a court's discretion in denying a motion to amend is "particularly broad" where, like here, the plaintiff has previously amended. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

### 1. The SAC Does Not Contain A Short And Plain Statement Of Relief.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court is well within its discretion to deny leave to amend where amendment would be futile considering the proposed pleading's prolixity. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011). Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Id.* at 1059; *see*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory").

Here, Plaintiff's SAC is over 70 pages of repetitious, argumentative, conclusory, and confused rambling that includes several paragraphs dedicated to irrelevant factual allegations (*see*, *e.g.*, SAC ¶¶ 17, 69-83, 136-156); conclusory statements (*see*, *e.g.*, SAC ¶¶ 29-30); confusing allegations (*see*, *e.g.*, SAC ¶¶ 160, 355); and inappropriate legal arguments (*see*, *e.g.*, SAC ¶¶ 162-188). If the Court grants Dehen's motion, USD will be burdened with the onerous task of combing through Plaintiff's SAC to prepare a motion to dismiss, which USD has already done once before.

Accordingly, Plaintiff's motion should be denied because the SAC does not satisfy Rule 8(a)'s pleading requirements.

### 2. Plaintiff's Proposed Amendments Do Not Make Out A Plausible Claim For Relief.

As noted above, the majority of facts Plaintiff has added to her SAC to support her claims against USD occurred in 2015 and 2016 (*see* Doc. No. 45, SAC ¶¶ 27, 48-50, 55), *several months before* Plaintiff filed her FAC on April 17, 2017; yet, Plaintiff did not include these "new" allegations in her FAC.[2]  Plaintiff does not provide any reason why she did not include the proposed amendments in her FAC given that these allegations all arose prior to the filing of her FAC.  Plaintiff's motion should be denied for this reason alone.  *Kaplan v. Rose*, 49 F3d 1363, 1370 (9th Cir. 1994) (leave to amend denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based, but did not include them in the original pleading).

Regardless, Plaintiff's proposed amendments do nothing to solve the deficiencies of her FAC – namely, that Plaintiff has failed to make out any plausible claims for relief.  Each of the claims alleged in the SAC against USD fail because they do not raise a right to relief "above the speculative level."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

First, with respect to her contract claim, despite her clumsy attempts in the SAC to "create" an enforceable contract between herself and USD based on statements compiled from USD's website (*see* Doc. No. 45, SAC ¶¶ 35 – 43) and USD's Code of Conduct, Plaintiff has not pled the existence of an enforceable agreement she entered into with USD that USD breached.  She also has not alleged

---

[2] Plaintiff's SAC includes a section titled "Relevant Facts After Commencing Suit."  However, many of the alleged facts listed in this section either occurred before she filed her FAC on April 17, 2017 or have no plausible connection to any of the allegations brought specifically against USD.

any plausible damages connected to any alleged breach of an enforceable contract by USD.  Second, Plaintiff has failed to plead any facts sufficient to support the plausible existence of a continuing contract between herself and USD at the time the alleged harmful conduct took place, *months after Plaintiff graduated from USD*.

Next, with respect to Plaintiff's IIED and NIED claims, Plaintiff does not plead any plausible facts that USD owed Dehen a duty of care following her graduation, or that USD breached any such duty of care by failing to control the actions of an unidentified person on social media, or that USD breached any duty of care during her enrollment which ultimately lead to the alleged actions of an unidentified John Doe.  Plaintiff had already graduated from USD at the time of John Doe's alleged conduct giving rise to Plaintiff's claims, and there is no evidence that the complained-of parody Twitter account arose out of, or was in any way connected with, USD other than the allegation that John Doe (or the "person or persons who comprise John Doe") may have been a student or alumni at USD at some point in time.  Like its predecessor, Plaintiff's SAC is wholly devoid of plausibility, and her motion must be dismissed.

Further, Plaintiff does not make out a plausible claim for relief in regards to her RICO and extortion claims.  Plaintiff has not alleged any sufficient facts to establish a plausible violation of the RICO Act by USD, let alone any "pattern of racketeering activity."  She also has not alleged facts that USD obtained property from her through use of actual or threatened force, violence, or fear.  Plaintiff's attempt to assert these federal claims against USD in the SAC is a transparent sham to bring her claims within federal jurisdiction, given USD challenged the lack of jurisdiction in USD's motion to dismiss.

Like the FAC, there is not a single injury in the SAC that Plaintiff can plausibly ascribe to USD.  The SAC fails for lack of identifying any plausible injuries Dehen experienced as a result of USD's actions.  Thus, her claims are not ripe for adjudication and should be dismissed.

## V. CONCLUSION

Plainly stated, Dehen has not offered the Court any explanation as to why she waited over a year after her initial complaint to bring new allegations that she could have alleged against USD in the initial complaint or the FAC. Her futile attempt to add meritless allegations to the SAC should not be entertained by the Court given how prejudicial such amendment would be to USD at this late stage. Accordingly, the Court should deny Plaintiff's meritless motion to amend.

Dated: February 23, 2018         PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP


By:   */s/ Amr A. Shabaik*
MICHAEL C. SULLIVAN
JOANNE ALNAJJAR BUSER
AMR A. SHABAIK
Attorneys for Defendant
UNIVERSITY OF SAN DIEGO

# PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*
**U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On February 23, 2018, I served true copies of the following document(s) described as:

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION TO FILE SECOND AMENDED COMPLAINT; and**

- **[PROPOSED] ORDER**

on the interested parties in this action as follows:

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Telephone: (858) 262-0052
E-Mail: tiffany.dehen@gmail.com

Plaintiff Pro Per

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 23, 2018, at San Diego, California.

_____
Wendy S. Roan

# PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*
U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On February 23, 2018, I served true copies of the following document(s) described as:

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION TO FILE SECOND AMENDED COMPLAINT**

on the interested parties in this action as follows:

Julie E. Schwartz
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4490
Facsimile: (650) 838-4690
E-Mail: JSchwartz@perkinscoie.com

Attorney for TWITTER. INC.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 23, 2018, at San Diego, California.

_____
Wendy S. Roan