# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TIFFANY DEHEN, an individual on behalf of herself,<br><br>            Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, TWITTER, INC., and UNIVERSITY OF SAN DIEGO,<br><br>            Defendants. | CASE NO. 17cv198-LAB (WVG)<br><br>**ORDER GRANTING LEAVE TO AMEND** |
|---|---|

Tiffany Dehen sued Defendants for claims related to a fake Twitter account she suspects University of San Diego Law students created to intimidate her and damage her reputation. Twitter and USD filed motions to dismiss. Judge Benitez took those motions under submission last year, but recused in January. After the Clerk's Office randomly reassigned the case to this Court, Dehen asked to file a second amended complaint.

Defendants argue that allowing amendment is unduly prejudicial and futile. But the standard set out in Rule 15 for amending a complaint is generous. And as USD points out, the proposed complaint "is based largely on the same facts and allegations" as the first amended complaint. [Dkt. 48 at 2.] Defendants can simply augment their motions to dismiss to address any new material without much extra effort. Moreover, the Docket indicates that Dehen attempted to submit a second amended complaint last fall, but it was rejected. [Dkt. 40.] Dehen also alleges she didn't receive relevant court documents about her case, like

Judge Benitez's notice of recusal. [Dkt. 50-2 at 29.] The Court finds that, on balance, allowing her to amend is the fairest course of action given the Ninth Circuit's edict that Rule 15 must "be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

That said, Defendants' motions to dismiss, and their oppositions to Dehen's motion for leave to amend, are well-taken. Dehen may file a second amended complaint, but she must first comply with the following requirements:

(1) The complaint must contain "a short and plain statement" that shows she's entitled to relief, and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8. The complaint must include facts that show Dehen can plausibly allege the elements for each cause of action she asserts. It's not good enough to allege conclusions, "reserve the right" to make other claims, or to include extraneous material.

(2) Dehen must carefully review Defendants' motions to dismiss, and their oppositions to her motion for leave to amend, to ensure she's fixed any problems the Defendants identified. That means deleting meritless claims or irrelevant material, and adding specific factual allegations to support claims she believes are meritorious.

(3) Dehen must file her second amended complaint, and, a redlined version that shows how it differs from her first amended complaint.

(4) The Court reminds Dehen that Rule 11 applies to her with equal force: every pleading and motion she signs and submits to the Court is a certification that she's undertaken a reasonable inquiry, has a nonfrivolous legal basis for her claims, and has facts to back them up. Accusing opposing counsel of perjury, the Court of collusion, or demanding sanctions against attorneys are serious allegations with serious consequences.

The Court understands Dehen's frustration: someone created a Twitter account that associated her with repulsive views. She's understandably upset. But she needs to ensure that she has a good faith basis in the law before blaming Twitter and USD for John Doe's actions.

\* \* \*

Here are the marching orders going forward: First, Defendants' motions to dismiss are denied as moot. [Dkt. 29, 30.] Second, Dehen's motion to file a Second Amended Complaint is granted [Dkt 45], but she must file a new complaint that complies with the requirements laid out above by April 6, 2018. The Defendants may refile motions to dismiss

by April 27. Dehen must file an opposition by May 11, and Defendants may file replies by May 18. The Court will decide the motions on the papers, so all materials should be submitted on these dates. Third, Dehen's motion to supplement the record is denied as moot [Dkt. 53.] If she has exhibits that support her complaint or brief, they should be filed with the complaint or brief when it's due. And it needs to comply with the Federal Rules of Civil Procedure, the Southern District's Local Rules (in particular CivLR 5.1, 7.1, and 15.1), and the Court's Standing Order.

**IT IS SO ORDERED**.

Dated: March 19, 2018

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge