MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone:  619-237-5200
Facsimile:   619-615-0700

Attorneys for Defendant UNIVERSITY OF SAN DIEGO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, an individual on behalf of herself,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DOES 1-100; TWITTER, INC.; UNIVERSITY OF SAN DIEGO and PERKINS COIE, LLP,<br><br>          Defendants. | Case No. 3:17-cv-00198-LAB-WVG<br><br>**DEFENDANT UNIVERSITY OF SAN DIEGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 41(b); 12(b)(6)]**<br><br>Judge:          Hon. Larry A. Burns<br>Courtroom:   14A<br>Mag. Judge:  Hon. William V. Gallo<br>Courtroom:   Suite 2125<br>Trial Date:    Not Set |

TO THE HONORABLE COURT AND TO PLAINTIFF TIFFANY DEHEN:

PLEASE TAKE NOTICE that, according to the Honorable Larry A. Burns, United States District Judge, located at 333 West Broadway, San Diego, CA 92101, Courtroom 14A, San Diego, California, and his Court Order of March 20, 2018 (Doc. No. 54), Defendant University of San Diego ("Defendant" or "USD") submits its Motion to Dismiss Plaintiff Tiffany Dehen's ("Plaintiff" or "Dehen") twelfth, thirteenth, fourteenth, and seventeenth causes of action brought against USD in

Plaintiff's Second Amended Complaint ("SAC") to be taken under submission and decided on the papers.  USD brings this Motion pursuant to Rules 41(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  The case should be dismissed against USD based on Rule 41(b) because Plaintiff has failed to comply with this Court's March 20, 2018 Order and with Rule 8 of the Federal Rules.  Fed. R. Civ. P. 8 and 41(b).  The case should also be dismissed against USD based on Rule 12(b)(6) because Dehen has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Specifically:

   •   Plaintiff's thirteenth cause of action for breach of contract should be dismissed because the SAC fails to contain "a short and plain statement" including "simple, concise, and direct" allegations that show Plaintiff can plausibly allege the elements for breach of contract.  Furthermore, Plaintiff's thirteenth cause of action fails to state a claim upon which relief can be granted because she does not plead any facts to establish an enforceable contract between her and USD that is plausible on its face; she does not plead any specific promise USD made to her that USD breached; she does not plead any plausible facts showing USD acted unlawfully or breached the purported contract; she does not plead any plausible facts connecting USD to the alleged actions of unidentified John Does; and she does not plead any plausible facts that USD's alleged breach of contract caused Plaintiff any injury, such that the matter is not ripe for adjudication.

   •   Plaintiff's fourteenth cause of action for intentional and negligent infliction of emotional distress should be dismissed because the SAC fails to contain "a short and plain statement" including "simple, concise, and direct" allegations that show Plaintiff can plausibly allege the elements for either intentional or negligent infliction of emotional distress.  Furthermore, Plaintiff's fourteenth cause of action fails to state a claim upon which relief can be granted because she does not plead any facts to establish extreme and outrageous conduct by USD, with the intention of causing emotional distress; Plaintiff suffering extreme or severe emotional distress;

and USD's actual or proximate cause of Plaintiff's emotional distress.  Additionally, Plaintiff's fourteenth cause of action fails to state a claim upon which relief can be granted because she does not plead any facts to establish a duty of care owed by USD to Plaintiff that is plausible on its face; she does not plead any plausible facts that USD breached any such duty of care owed to her by failing to control the actions of unidentified persons, particularly after her graduation; and she does not allege any actual injury caused by USD's actions, such that the matter is not ripe for adjudication.

- Plaintiff's twelfth cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO Act") should be dismissed because the SAC fails to contain "a short and plain statement" including "simple, concise, and direct" allegations that show Plaintiff can plausibly allege the elements for a violation of the RICO Act.  Furthermore, Plaintiff's twelfth cause of action fails to state a claim upon which relief can be granted because she does not plead any facts to establish a pattern of racketeering activity by USD; she does not plead any specific fraud elements to support a RICO Act claim; or that USD's alleged racketeering caused Plaintiff any injury, such that the matter is not ripe for adjudication.

- Plaintiff's seventeenth cause of action for extortion should be dismissed because the SAC fails to contain "a short and plain statement" including "simple, concise, and direct" allegations that show Plaintiff can plausibly allege the elements of extortion.  Furthermore, Plaintiff's seventeenth cause of action fails to state a claim upon which relief can be granted because she does not plead any facts to establish that USD obtained property from her through the use of actual or threatened force, violence, or fear or that USD's alleged extortion caused Dehen any injury, such that the matter is not ripe for adjudication.

USD also seeks its costs against Plaintiff for filing a frivolous lawsuit against USD that fails to state a claim.

1    The motion is and will be based on Federal Rules of Civil Procedure 41(b)

2  and 12(b)(6); this Notice of Motion; the Memorandum of Points and Authorities

3  filed herewith; the pleadings, papers, and entire record herein; and upon such other

4  matters as may be presented to the Court.

5

6  Dated:  April 27, 2018           PAUL, PLEVIN, SULLIVAN &
                                    CONNAUGHTON LLP
7

8                                   By:    /s/Joanne Alnajjar Buser

9                                          MICHAEL C. SULLIVAN
                                           JOANNE ALNAJJAR BUSER
10                                         AMR A. SHABAIK
                                           Attorneys for Defendant
11                                         UNIVERSITY OF SAN DIEGO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### *Dehen v. USD, Twitter, et al.*
**U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On April 27, 2018, I served true copies of the following document(s) described as:

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT;**

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNIVERSITY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; and**

- **[PROPOSED] ORDER**

on the interested parties in this action as follows:

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Telephone:   (858) 262-0052
E-Mail:        tiffany.dehen@gmail.com

Plaintiff Pro Per

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 27, 2018, at San Diego, California.

_____
Wendy S. Roan

## PROOF OF SERVICE

### *Dehen v. USD, Twitter, et al.*
**U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On April 27, 2018, I served true copies of the following document(s) described as**:**

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT;**

- **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNIVERSITY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; and**

- **[PROPOSED] ORDER**

on the interested parties in this action as follows:

Julie E. Schwartz
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 838-4490
Facsimile:   (650) 838-4690
E-Mail:      JSchwartz@perkinscoie.com

Attorney for Twitter, Inc.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 27, 2018, at San Diego, California.

_____
Wendy S. Roan