TIFFANY DEHEN J.D.
1804 GARNET AVENUE #239
SAN DIEGO, CA 92109
858-262-0052
tiffany.dehen@gmail.com

Pro Se Plaintiff

FILED
[stamp, illegible date]
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, an individual on behalf of herself,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE, LLP.,<br><br>Defendants. | Case No.: 17-cv-00198-LAB-WVG<br><br>**PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

TO THE HONORABLE COURT AND TO DEFENDANTS JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE, LLP.:

PLEASE TAKE NOTICE that, according to the Honorable Larry A. Burns, United States District Judge, located at 333 West Broadway, San Diego, CA 92101, Courtroom 14A, San Diego, California, and his Court

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS SAC          No.: 17-cv-00198-LAB-WVG

Order of March 20, 2018 (Doc. No. 54), Pro Se Plaintiff Tiffany Dehen submits her Opposition to Defendants' Motions to Dismiss.

First, Plaintiff's claims against Twitter relating to Twitter's fraudulent misrepresentation and breach of contract resulting in rescission and declaratory relief, racketeering scheme, negligent infliction of emotional distress, and extortion do not target Twitter's exercise of editorial discretion nor improperly attempt to hold Twitter liable as a publisher of third party content.

Second, even if the Court erroneously holds that CDA § 230 is constitutional, Twitter does not qualify for CDA § 230 immunity in this case, as Twitter has undertaken actions which render it unable to claim CDA § 230 protection in this case.

Third, Plaintiff does not allege claims against Twitter for not undertaking "any obligation to Plaintiff to remove third-party content," rather, Plaintiff's claims clearly state that Twitter fraudulently misrepresented in its Terms of Use and its stated policies, notably its Impersonation Policy. Plaintiff's claims clearly allege fraud, which is not affected based on the number of days it takes Twitter to perform its explicitly promised obligations per its contractual duties, posted Terms of Use, and posted policies. Five hours, five days, five years, the point is it doesn't matter how long it takes Twitter to perform its obligations as it promised to do once it breached the contract and exacerbated Plaintiff's injuries for illegal activities related to terrorism. Twitter has a history of trying to cover up terroristic related activities though, as well as intimidate American citizens into not exercising their constitutional and legal rights, citing the CDA § 230 of course.

Plaintiff's negligent infliction of emotional distress claims arise out of the injuries sustained by Plaintiff from the illegal actions of John Does 1-100 and USD, which Twitter exacerbated through its fraudulent misrepresentation and failure to perform its contractual obligations and now attempted to interfere with Plaintiff's attempt to resolve the matter in a court of law, as Twitter quite literally will not turn over the identifying information of John Does 1-100 even after requested through formal legal proceedings in federal district court. Plaintiff now alleges additional injuries since the commencement of this suit including intimidation, extortion, fraud, intentional infliction of emotional distress for which Twitter, USD and Perkins Coie are all three liable.

Plaintiff's racketeering claims should proceed to trial, as Plaintiff alleged the existence of an enterprise in Twitter's racketeering scheme, Perkins Coie's racketeering scheme, and USD's racketeering scheme, with the possibility of collusion/conspiracy between the three parties depending on the direct evidence disclosed during discovery.

Should this Court grant Defendants' motions to dismiss, Plaintiff should be granted leave to amend because Plaintiff is within the statute of limitations for claims related to the causes of action until the end of January 2019 and 2020. Plaintiff, proceeding Pro Se and without having been able to take the California Bar Exam due to the injuries sustained from the illegal behavior leading to the causes of action in this suit, has only twice attempted to allege her claims in federal district court. While Plaintiff has not only taken on two large law firms in this complicated suit, Plaintiff has been ridiculed by members of the legal profession nationwide the whole way. The longer Defendants Perkins Coie, LLP, Twitter, Inc., and University of San

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS SAC        No.: 17-cv-00198-LAB-WVG

Diego obstruct Plaintiff's legal requests, the more damages Plaintiff is entitled.

WHERERFORE, Plaintiff respectfully requests the Court to proceed to trial. As explained in the memorandum of points and authorities, Plaintiff also moves for default judgment against Perkins Coie, LLP.

**Dated: May 11, 2018**

Respectfully submitted,

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Tel. 858-262-0052
Tiffany.Dehen@Gmail.com

Pro Se Plaintiff.

4
PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS SAC     No.: 17-cv-00198-LAB-WVG

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on May 11, 2018 by express delivery with signature confirmation, postage pre-paid, to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d).

**Dated May 11, 2018**

_____
Tiffany L. Dehen
Pro Se Plaintiff.