1  MICHAEL C. SULLIVAN (SBN 131817)
   msullivan@paulplevin.com
2  JOANNE ALNAJJAR BUSER (SBN 295191)
   jbuser@paulplevin.com
3  AMR A. SHABAIK (SBN 288109)
   ashabaik@paulplevin.com
4  **PAUL, PLEVIN, SULLIVAN &**
   **CONNAUGHTON LLP**
5  101 West Broadway, Ninth Floor
   San Diego, California 92101-8285
6  Telephone:   619-237-5200
   Facsimile:   619-615-0700
7
   Attorneys for Defendant UNIVERSITY
8  OF SAN DIEGO

9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  TIFFANY DEHEN, an individual on         Case No. 3:17-cv-00198-LAB-WVG
    behalf of herself,
14                                          **DEFENDANT UNIVERSITY OF**
              Plaintiff,                    **SAN DIEGO'S REPLY IN**
15                                          **SUPPORT OF ITS MOTION TO**
          v.                                **DISMISS PLAINTIFF'S SECOND**
16                                          **AMENDED COMPLAINT**
    JOHN DOES 1-100; TWITTER, INC.;
17  UNIVERSITY OF SAN DIEGO and             **[Fed. R. Civ. P. 41(b); 12(b)(6)]**
    PERKINS COIE, LLP,
18                                          Judge:       Hon. Larry A. Burns
              Defendants.                   Courtroom:   14A
19                                          Mag. Judge:  Hon. William V. Gallo
                                            Courtroom:   Suite 2125
20                                          Trial Date:  Not Set

21

22

23

24

25

26

27

28

# I.  INTRODUCTION

This Court has gone to great lengths to provide *pro se* Plaintiff Tiffany Dehen ("Plaintiff" or "Dehen") multiple opportunities to amend her complaint to address pleading deficiencies raised by Defendant University San Diego ("USD") and other defendants.  Yet, instead of identifying specific allegations that address these plain deficiencies, Plaintiff continues to ramble on and on about the President, Mark Zuckerberg and the DNC.  Despite her creative theories, Plaintiff still has not plausibly alleged a right to relief against USD.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Namely, since this lawsuit was first filed in February 2017, Plaintiff has *not once* plausibly identified beyond the speculative level how USD is responsible for the alleged, unidentified John Does' actions.  Moreover, Plaintiff's opposition did not address any of these arguments raised in USD's moving brief:

- There is no enforceable contract between Plaintiff and USD.
- USD never breached any alleged agreement with Plaintiff.
- USD did not engage in extreme and outrageous conduct with the intent of causing Dehen distress.
- Dehen has not identified a duty of care that USD breached.
- No specific fraud has been pled, let alone a plausible pattern of racketeering under the RICO Act.
- USD never obtained property from Dehen through force, fear or violence to plausible establish extortion/conspiracy.
- Pleading standards in Rules 8 and 9 have not been satisfied after *three attempts* to draft a complaint.

Accordingly, for the reasons set forth in the moving papers and below, USD respectfully requests the Court grant its motion to dismiss without leave to amend, and dismiss the second amended complaint ("SAC") as against USD, with prejudice.

## II.  DISMISSAL UNDER RULE 41(B) IS APPROPRIATE BECAUSE THE SAC IS ANYTHING BUT A SHORT AND PLAIN STATEMENT OF FACTS

Plaintiff's SAC and referenced exhibits consist of over 370 pages of argumentative, conclusory, and confused rambling that includes several paragraphs dedicated to irrelevant factual allegations (*see*, *e.g.*, Doc. No. 55, ¶¶ 17, 69-80, 131-156); conclusory statements (*see*, *e.g.*, *Id.*, ¶¶ 29-31, 303, 315); confusing allegations (*see*, *e.g.*, *Id.*, ¶¶ 143, 334); and inappropriate legal arguments (*see*, *e.g.*, *Id.*, ¶¶ 157-183).  Dehen even submitted three additional exhibits (Exhibits 150-152) with her opposition, as if the first 149 exhibits were not enough.  Doc. No. 60-2.

Plaintiff's opposition summarily states that "USD's lawyers appear to misunderstand Plaintiff's claims," and "the summary of facts given in Plaintiff's SAC is short and concise."  Doc. No. 60-1 at 15:5-9.  Simply stating that her 370 page pleading is "short and concise" defies logic and common sense; a 370 page pleading does not comply with the spirit of Rule 8.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)(upholding a Rule 8(a) dismissal of 48-page complaint that was "verbose, confusing and almost entirely conclusory" and that contained an additional 23 pages of addenda and exhibits).  Nor does Dehen explain where, in the mish-mash of 370 pages, she states viable claims for a plausible right to relief against USD.

Moreover, in derogation of this Court's March 20, 2018 order (Doc. No. 54), the SAC "reserves the right" to bring additional claims against USD (*see, e.g.*, Doc. No. 55, ¶¶ 7, 9, 156, 254, 278, 279).  Without fail, in the opposition, Plaintiff *again*

1   states that she "reserves the right to bring any and all additional claims against USD.
2   . . ." Doc. No. 60-1 at 15:2.

3       Accordingly, the SAC should be dismissed with prejudice under Rule 41(b)
4   based on Plaintiff's repeated and elective failure to follow this Court's order and the
5   pleading standards in Rule 8.

6                    **III.  NONE OF PLAINTIFF'S CLAIMS ARE RIPE**

7       Next, Plaintiff fails to address USD's argument that her claims are not ripe
8   because she has not set forth any plausible injuries connected to USD.  *See Wolfson*
9   *v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (claims are constitutionally ripe
10  only when they present injuries that are "definite and concrete, not hypothetical or
11  abstract") (internal citations omitted).  In the opposition (and in the SAC), Plaintiff
12  fails to establish how USD planned, controlled or arranged for any of the conduct by
13  the alleged and unidentified John Doe(s) to cause her actual injury, which would
14  make her claims ripe.

15      Thus, the Court should dismiss the SAC under Rule 12(b)(6) because the
16  claims against USD are not constitutionally ripe.

17               **IV.  THERE IS NO VIABLE CONTRACT CLAIM AGAINST USD**

18      In the moving papers, USD argued that Plaintiff failed to identify an
19  enforceable contract with USD or specific promises made to her that USD breached.

20      While Plaintiff continues to make vague references to the Student Handbook
21  and other campus-wide policies, these are not contracts with specific, enforceable
22  promises made *to Plaintiff.  See Banga v. Kanios*, No. 16-CV-04270-RS, 2016 WL
23  7230870, at *5 (N.D. Cal. Dec. 14, 2016) (dismissing breach of contract claim by
24  student against his former law school because plaintiff failed to plead any facts
25  indicating the law school's student catalog created an enforceable contract); *see also*
26  *Gibson v. Walden Univ., LLC*, 66 F. Supp. 3d 1322, 1324 (D. Or. 2014) (holding
27  that private university's handbook did not create an enforceable contract with
28  students and, thus, did not provide a student with a cause of action for breach of

contract given that the handbook was generally applicable to all students and not specific to a particular student); *Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 217-218 (D.N.H. 2009) (holding there was no express or implied contract between schools and their students as a result of a student handbook).  Plaintiff does not distinguish the case law cited by USD, which holds that student handbooks and campus policies do not constitute contracts with specific students.

Nor does Plaintiff allege any specific USD representatives that made specific, enforceable promises to her.  Moreover, Plaintiff fails to show how the alleged, unidentified John Doe(s)' actions are in any way connected to USD to show that USD plausibly breached any contract it had with Plaintiff through the actions of this unidentified John Doe(s).

Accordingly, Plaintiff's impossibly vague contract claims do not pass muster under Rule 12(b)(6), and the claims should be dismissed as against USD.

## V.  PLAINTIFF'S EMOTIONAL DISTRESS CLAIMS ARE NOT PLAUSIBLE

The SAC does not include any facts that show USD's "extreme and outrageous conduct" to support a claim for intentional infliction of emotional distress ("IIED"), or that USD acted with any intent to cause her distress.   Nor does Dehen plausibly allege that USD's actions were the "actual and proximate causation" of the alleged distress.  Plaintiff does not identify any specific facts in her opposition to address these deficiencies in support of an IIED claim.  Thus, Plaintiff's IIED claim against USD should be dismissed under Rule 12(b)(6).

Moreover, with respect to her negligent infliction of emotional distress claim ("NIED"), the SAC attempts to allege a duty of care based on a remote and unexpected risk.  There is no plausible allegation that USD owed Plaintiff any cognizable duty of care either during her enrollment or after her graduation from USD, or that USD condoned or controlled the actions of unnamed John Doe(s) who allegedly engaged in "terroristic threats" and "stalking" or condoned or controlled

the action of John Doe's social media activities.  Neither theory amounts to plausibility "above the speculative level." *Twombly*, 550 U.S. at 555-57.  Again, the opposition fails to identify any facts that would establish a duty of care that USD breached.

Plaintiff points to two news articles about prior lawsuits against USD that were not pled in the SAC to purportedly show that USD allegedly "botched an important investigation relating to the safety of its students."  Doc. No. 60-1 at 15:10-21.  Yet, she does not explain how the allegations in those specific lawsuits or the news articles establish that Dehen pled a right to plausible relief for emotional distress *in her own lawsuit*.  Simply put, the other lawsuits (which were dismissed) and news articles are not part of the SAC and do not rectify any of the deficiencies therein.

Accordingly, Plaintiff has failed to state a claim for IIED or NIED and, thus, these claims should be dismissed under Rule 12(b)(6).

## VI.  THE RICO ACT, CONSPIRACY AND EXTORTION CLAIMS MUST BE DISMISSED

Under Rule 9(b), allegations of fraudulent predicate acts supporting a claim under RICO must be pled with particularity, and allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b).  Fed. R. Civ. P. 9(b); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (applying the particularity requirements of Rule 9(b) to RICO claims); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (elements of fraud complaints must be pled with a "high degree of meticulousness").  Plaintiff's SAC does not plead *any* specific fraud elements, let alone a "high degree of meticulousness," *e.g.*, it does not make any specific factual allegations regarding the *dates* of the alleged fraud, *who* perpetrated the fraud, or any *intent* to defraud on the part of USD.

/ / /

1   Moreover, Plaintiff has not alleged any sufficient factual material to establish

2   a plausible violation of the RICO Act by USD or a "pattern of racketeering activity"

3   to survive a motion to dismiss.  *See Ewing v. Integrity Capital Sols., Inc.*, No. 16-

4   CV-1469 JLS MDD, 2017 WL 758402, at *3 (S.D. Cal. Feb. 27, 2017) (plaintiff's

5   bare assertions of RICO allegations were insufficient to survive a motion to

6   dismiss).  In the opposition, Plaintiff states that "USD administration continued to

7   make express promises that it continued to break, thus engaging as an enterprise in a

8   pattern of racketeering activity under the RICO [A]ct."  Doc. No. 60-1 at 14:24-26.

9   Again, Plaintiff failed to identify what the specific promises were, who specifically

10  made these alleged promises, on what dates and in what circumstances, thus, she

11  cannot establish any plausible "pattern of racketeering activity."  Fed. R. Civ. P.

12  9(b).

13  Plaintiff also failed to identify any plausible facts that demonstrate a right to

14  relief for the extortion or conspiracy claims.  Plaintiff has not, and cannot, allege

15  any facts that USD obtained property from her through use of actual or threatened

16  force, violence, or fear.

17  Accordingly, the Court should dismiss Plaintiff's RICO Act, extortion, and

18  conspiracy claims under Rule 12(b)(6).  *See Twombly*, 550 U.S. at 555-57 ("more

19  than labels and conclusions" are required).

20  **VII.  GRANTING DEHEN FURTHER LEAVE TO AMEND WOULD BE**

21  **FUTILE**

22  Plaintiff should not be given yet another chance to amend her complaint

23  under the circumstances.  *Smith v. Hurd*, 699 F. Supp. 1433, 1437 (D. Haw. 1988),

24  *aff'd*, 985 F.2d 574 (9th Cir. 1993); *see also*, *McKesson HBOC, Inc. v. N.Y. State*

25  *Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (holding that

26  dismissal with prejudice, and without leave to amend, is appropriate where

27  "deficiencies in [plaintiff's] claims cannot be cured by amendment").

28  / / /

Plaintiff has already filed *three complaints* in this lawsuit.  Doc. Nos. 1, 36, 55.  USD has made two motions to dismiss.  Doc. Nos. 29, 57.  Plaintiff alleged no new facts in her most recent SAC that even remotely addressed or resolved the deficiencies in her prior complaints.  In fact, Plaintiff did not follow the Court's helpful guidance explaining to Plaintiff exactly what she needed to do to plead a viable complaint seeking plausible relief.  Doc. No. 54.

In the opposition, Plaintiff paints herself as an inexperienced *pro se* who has not "been able to take the California Bar Exam. . . ."  Doc. No. 60 at 3:20-21.  Plaintiff is not an ordinary *pro se* plaintiff; she has a law degree and (presumably) has taken civil procedure (regardless of her bar admission status).  SAC ¶¶ 19, 22, Exh. 60.  Plaintiff had every resource available to her to state a viable complaint on three different attempts.  Hundreds of pages later, Plaintiff still has not stated a viable claim against USD.  The interests of justice simply do not extend indefinitely at the expense of wasting judicial resources.

Accordingly, the Court should grant USD's motion to dismiss without leave to amend.

## VIII.  AWARDING USD ITS COSTS IS APPROPRIATE

As set forth in the moving papers, if this Court grants USD's motion to dismiss with prejudice on the merits, USD is entitled to costs pursuant to Rule 54.  Fed. R. Civ. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"); *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).  The Court should award USD its costs for having to file two motions to dismiss in response to wholly frivolous pleadings.

## IX.  CONCLUSION

For the foregoing reasons, USD respectfully requests that its motion to dismiss be granted without leave to further amend, the SAC be dismissed with prejudice as against USD, and that USD be awarded its costs.

/ / /

1  Dated:  May 18, 2018                 PAUL, PLEVIN, SULLIVAN &
                                        CONNAUGHTON LLP
2

3                                       By:    /s/Joanne Alnajjar Buser

4                                              MICHAEL C. SULLIVAN
                                               JOANNE ALNAJJAR BUSER
5                                              AMR A. SHABAIK
                                               Attorneys for Defendant
6                                              UNIVERSITY OF SAN DIEGO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*

**U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On May 18, 2018, I served true copies of the following document(s) described as:

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the interested parties in this action as follows:

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Telephone:  (858) 262-0052
E-Mail:        tiffany.dehen@gmail.com

Plaintiff Pro Per

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 18, 2018, at San Diego, California.

Wendy S. Roan

## PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*
**U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On May 18, 2018, I served true copies of the following document(s) described as**:**

- **DEFENDANT UNIVERSITY OF SAN DIEGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the interested parties in this action as follows:

Julie E. Schwartz
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:   (650) 838-4490
Facsimile:   (650) 838-4690
E-Mail:       JSchwartz@perkinscoie.com

Attorney for Twitter, Inc.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 18, 2018, at San Diego, California.

Wendy S. Roan