James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendant
Perkins Coie LLP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, an individual on behalf of herself,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO AND PERKINS COIE LLP,<br><br>                    Defendants. | Case No. 17-cv-00198-LAB-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PERKINS COIE LLP'S MOTION TO DISMISS**<br><br>Hearing Date: July 31, 2018<br>Time: 11:30 a.m.<br>Courtroom:  14A (14th Floor - Carter/Keep)<br>Judge: Hon. Larry Alan Burns |

# <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND .................................................................................... 2

    A. Procedural History ......................................................................... 2

    B. Dehen Does Not (And Cannot) Make Specific Allegations
       Against Perkins ............................................................................... 4

III. LEGAL STANDARDS ........................................................................... 5

IV. ARGUMENT ......................................................................................... 6

    A. The Complaint Should Be Dismissed Because It Fails To
       Satisfy Rule 8's Basic Notice Requirement ..................................... 6

    B. The Complaint Should Be Dismissed Under Rule 12(b)(6)
       Because It Fails To State A Claim Upon Which Relief
       May Be Granted ............................................................................... 7

        1. Dehen's Claims For Extortion And Conspiracy To
           Commit Extortion Fail ....................................................... 7

           a. The extortion and conspiracy statutes Dehen
              cites do not include a private cause of action .................. 7

           b. Dehen cannot plead sufficient factual matter
              to state a claim to relief that is plausible on
              its face ............................................................................ 9

           c. Dehen also fails even to assert, much less
              plead factual allegations supporting, key
              elements of extortion under 18 U.S.C. § 875
              and 18 U.S.C. § 1951 ...................................................... 10

        2. The Claims Dehen "Reserves The Right" To Plead
           Are Not Actually Pled, And Are Insufficient In
           Any Event ........................................................................ 12

           a. Obstruction Of Justice ................................................... 12

           b. Treason ......................................................................... 13

           c. Contempt ....................................................................... 14

# TABLE OF CONTENTS
## (continued)

Page

d.   Racketeer Influenced And Corrupt Organizations Act ("RICO") ........................................... 14

e.   The First Amendment ...................................................... 15

f.   The Sherman Act ............................................................ 15

g.   Civil Conspiracy ............................................................ 16

C.   Dehen Should Be Denied Leave To Amend ...................................... 17

V.   CONCLUSION .............................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Ajetunmobi v. Clarion Mortg. Capital, Inc.*,
  595 F. App'x 680 (9th Cir. 2014)........................................................................ 16

*Alexandre v. Phibbs*,
  116 F.3d 482 (9th Cir. 1997) ............................................................................... 8

*Archer v. City of Taft*,
  No. 1:12-CV-00261-AWI-JLT, 2012 WL 1458136 (E.D. Cal.
  Apr. 26, 2012)..................................................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 5, 6, 9

*Bailey v. BAC Home Loan Servicing, LP*,
  No. 11-00648 LEK-BMK, 2012 WL 589414 (D. Haw. Feb. 21,
  2012)................................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 5, 10

*Black v. Sciver*,
  No. 1:16-CV-00841-DAD-JLT, 2016 WL 4594981 (E.D. Cal.
  Sept. 2, 2016)...................................................................................................... 9

*Brantley v. NBC Universal Inc.*,
  675 F.3d 1192 (9th Cir. 2012) ......................................................................... 15, 16

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047
  (9th Cir. 2011) .................................................................................................... 7

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) ............................................................................................ 14

*Cent. Hardware Co. v. NLRB*,
  407 U.S. 539 (1972) ............................................................................................ 15

*Clements v. Chapman*,
  189 F. App'x 688 (10th Cir. 2006)....................................................................... 8

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Cox v. Ashcroft*,
  603 F. Supp. 2d 1261 (E.D. Cal. 2009) ................................................................. 7

*Cty. of Tuolumne v. Sonora Cmty. Hosp.*,
  236 F.3d 1148 (9th Cir. 2001) .......................................................................... 15

*Delacruz v. State Bar of Cal.*,
  No. 5:14-CV-05336-EJD, 2015 WL 5697365 (N.D. Cal. Sept. 29,
  2015) ...................................................................................................................... 8

*Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*,
  362 F.3d 1204 (9th Cir. 2004) .......................................................................... 14

*Gardner v. Martino*,
  563 F.3d 981 (9th Cir. 2009) ............................................................................ 17

*Harrell v. 20th Century Ins. Co.*,
  934 F.2d 203 (9th Cir. 1991) ....................................................................... 16, 17

*Harris-Scott v. Obama*,
  No. CV 09-2641 ODW (SSX), 2009 WL 10675180 (C.D. Cal.
  July 17, 2009) ........................................................................................................ 5

*Hearns v. San Bernardino Police Dep't*,
  530 F.3d 1124 (9th Cir. 2008) ............................................................................. 5

*Hunter v. Dutch Gold Res., Inc.*,
  No. 1:11-CV-01450-CL, 2012 WL 1279474 (D. Or. Apr. 13, 2012) ................... 3

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*,
  701 F.2d 1276 (9th Cir. 1983) ............................................................................. 6

*Kraft v. Old Castle Precast Inc.*,
  No. LA CV 15-00701-VBF, 2015 WL 4693220 (C.D. Cal. Aug. 5,
  2015) ...................................................................................................................... 8

*Leibman v. Prupes*,
  No. 2:14-CV-09003-CAS, 2015 WL 898454 (C.D. Cal. Mar. 2,
  2015) ...................................................................................................................... 8

1

2

## <u>TABLE OF AUTHORITIES</u>
### (continued)

Page(s)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
   431 F.3d 353 (9th Cir. 2005) ............................................................................. 14

*McKinney v. Martinez*,
   No. 3:16-CV-000448-MMD-VPC, 2016 WL 8504499 (D. Nev.
   Nov. 21, 2016) ...................................................................................................... 7

*Middleton v. Pan*,
   No. CV 16-5224-SVW (AGR), 2017 WL 7053936 (C.D. Cal.
   Dec. 18, 2017) ...................................................................................................... 8

*Najarro v. Wollman*,
   No. C 12-1925 PJH, 2012 WL 1945502 (N.D. Cal. May 30, 2012) .................. 13

*Novation Ventures, LLC v. J.G. Wentworth Co., LLC*,
   156 F. Supp. 3d 1094 (C.D. Cal. 2015) ............................................................. 16

*Pena v. Gardner*,
   976 F.2d 469 (9th Cir. 1992) ............................................................................... 7

*Ponvanit v. Superior Court of California*,
   No. CV 17-4054-FMO (JEM), 2018 WL 1135380 (C.D. Cal.
   Jan. 31, 2018) ..................................................................................................... 13

*Red Nation P'ship v. Kiga*,
   51 F. App'x 630 (9th Cir. 2002) ........................................................................ 14

*Roberts v. AT&T Mobility LLC*,
   877 F.3d 833 (9th Cir. 2017) ............................................................................. 15

*Robinson v. Joya*,
   No. 1:08-1339 JLS (BLM), 2010 WL 890437 (E.D. Cal. Mar. 8,
   2010) ..................................................................................................................... 8

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ............................................................................. 17

*Scheidler v. Nat'l Org. for Women, Inc.*,
   537 U.S. 393 (2003) ........................................................................................... 15

1

2

# TABLE OF AUTHORITIES
## (continued)

Page(s)

3

4

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) ............................................................... 17

5

6

*Sedima, S.P.R.L. v. Imrex Co.*,
    473 U.S. 479 (1985) .............................................................................. 15

7

8

*Shetty v. Am.'s Wholesale Lender*, No. 16-CV-05846 NC, 2017 WL
    3387467 (N.D. Cal. Aug. 7, 2017) ....................................................... 13

9

10

*Symantec Corp. v. Global Impact, Inc.*,
    559 F.3d 922 (9th Cir. 2009) .................................................................. 3

11

12

*Thomas v. Bryant*,
    No. C09-5189-RBL, 2009 WL 2473662 (W.D. Wash. Aug. 7,
    2009) ...................................................................................................... 13

13

14

15

*United States v. Brank*,
    No. 15-50467, ___ F. App'x ___, 2018 WL 732704 (9th Cir.
    Feb. 6, 2018) ......................................................................................... 11

16

17

*United States v. Garcia-Santana*,
    774 F.3d 528 (9th Cir. 2014) ................................................................ 11

18

19

*United States v. Korab*,
    893 F.2d 212 (9th Cir. 1989) ................................................................ 10

20

*United States v. Loveland*,
    825 F.3d 555 (9th Cir. 2016) ................................................................ 11

21

22

*United States v. Lynch*,
    437 F.3d 902 (9th Cir. 2006) ................................................................ 10

23

24

*United States v. Orlando*,
    819 F.3d 1016 (7th Cir. 2016) ................................................................ 8

25

26

*United States v. Tormos-Vega*,
    959 F.2d 1103 (1st Cir. 1992) ................................................................ 8

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Vachon v. Reverse Mortg. Sols., Inc.*,
  No. EDCV 16-02419-DMG (KES), 2017 WL 6628103 (C.D. Cal.
  Aug. 11, 2017) ................................................................................................. 13

*Volis v. Hous. Auth. of the City of Los Angeles (HACLA)*,
  No. CV 14-08747 DDP (PLAx), 2016 WL 5745079 (C.D. Cal.
  Sept. 30, 2016) ............................................................................................... 13

*Williams v. Anderson*,
  No. 1:18-CV-00183-AWI-SKO, 2018 WL 1806462 (E.D. Cal.
  Apr. 17, 2018) ................................................................................................. 13

*Wisdom v. First Midwest Bank, of Poplar Bluff*,
  167 F.3d 402 (8th Cir. 1999) ............................................................................. 8

*Young v. U.S. ex rel. Vuitton et Fils S.A.*,
  481 U.S. 787 (1987) ........................................................................................ 14

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ................................ 17

Sᴛᴀᴛᴜᴛᴇꜱ

15 U.S.C. § 1 ...................................................................................................... 15

15 U.S.C. § 2 ............................................................................................... 15, 16

18 U.S.C. § 241 .................................................................................................... 9

18 U.S.C. § 371 ............................................................................................... 9, 11

18 U.S.C. § 875 ............................................................................................. passim

18 U.S.C. § 1503 ........................................................................................... 12, 13

18 U.S.C. § 1505 ................................................................................................. 13

18 U.S.C. § 1512 ................................................................................................. 13

18 U.S.C. § 1513 ................................................................................................. 13

# TABLE OF AUTHORITIES
## (continued)

Page(s)

18 U.S.C. § 1951.................................................................................passim

18 U.S.C. § 1962(c) .................................................................................14

18 U.S.C. § 2381................................................................................13, 14

**RULES**

Fed. R. Civ. P. 4(d)(3) ...............................................................................3

Fed. R. Civ. P. 7(a) .................................................................................17

Fed. R. Civ. P. 8...............................................................................passim

Fed. R. Civ. P. 11...............................................................................1, 3

Fed. R. Civ. P. 12(b)(6) ....................................................................passim

**OTHER AUTHORITIES**

2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed.
  1997)......................................................................................................17

# I.    INTRODUCTION

Tiffany Dehen's second amended complaint ("SAC") purports to bring claims against Perkins Coie LLP ("Perkins"), the law firm defending Twitter, Inc. ("Twitter") in this case. The SAC is 69 pages long and includes 149 exhibits, but fails to connect Perkins to any of the alleged facts giving rise to the harms that Dehen allegedly suffered. Instead, Perkins appears to have been named solely in retaliation for being the firm Twitter retained to defend it.

In granting leave to file the SAC, this Court imposed several conditions on Dehen including, among other things, that the SAC contain "a short and plain statement" showing Dehen is entitled to relief; that the SAC "include facts that show Dehen can plausibly allege the elements for each cause of action she asserts"; that Dehen "delet[e] meritless claims or irrelevant material"; and that Dehen comply with Rule 11, which requires "a nonfrivolous legal basis for her claims" and "facts to back them up." Dkt. 54 at 2. The Court also cautioned that "[i]t's not good enough to allege conclusions, 'reserve the right' to make other claims, or to include extraneous material." *Id.*

Dehen has not complied with the Court's conditions, and the SAC should be dismissed with prejudice for the following reasons:

*First*, Dehen has not eliminated irrelevant or extraneous material. The SAC is prolix, rambling and often impenetrable and simply does not give Perkins fair notice of the claims against it. The SAC should therefore be dismissed under Federal Rule of Civil Procedure ("Rule") 8.

*Second*, generously construed, Dehen appears to allege harm from (1) an automobile collision in February 2017, and (2) unwanted attention she received from an unnamed woman at a courthouse in June 2017. But, again contrary to the Court's requirements, Dehen fails to plead facts linking Perkins to either incident or facts supporting the elements of her claims. Dehen's claims against Perkins are thus fatally deficient and must be dismissed under Rule 12(b)(6).

*Third*, Dehen claims that Perkins is liable for extortion and conspiracy to commit extortion under 18 U.S.C. § 875(d) and 18 U.S.C. § 1951. But neither statute includes a private right of action. Dehen has thus not alleged "a nonfrivolous legal basis for her claims" as this Court required.

*Fourth*, again ignoring the Court's requirements, Dehen "reserves the right" to bring additional claims, including claims for obstruction of justice, treason, violations of the Sherman Antitrust Act, and violations of the Racketeer Influenced and Corrupt Organizations Act. But none of those claims are actually pled, let alone against Perkins, so none of them save the SAC (and even if Dehen had asserted those claims, they would each fail on various grounds described below).

For these reasons, Dehen's belated and implausible effort to blame Twitter's counsel for her misfortunes are meritless. Dehen has had several chances to file an adequate pleading, the Court has required her to meet certain standards, and she has failed to do so. Dehen's claims against Perkins should be dismissed with prejudice.

## II.   BACKGROUND

### A.   Procedural History

On February 1, 2017, Dehen sued Twitter, the University of San Diego ("USD"), and John Doe based on a Twitter account ("@tiffanydehen") allegedly created by John Doe that purported to parody Dehen. Dehen moved to file an amended complaint several months later. *See* Dkt. 13. The first amended complaint, which was 57 pages long, included thirteen causes of action and 61 exhibits. Twitter retained Perkins to defend against Dehen's claims, and Twitter timely moved to dismiss the first amended complaint. *See* Dkt. 30. USD also filed a motion to dismiss. *See* Dkt. 29.

On February 13, 2018, Dehen moved to file a second amended complaint. *See* Dkt. 45. Twitter and USD opposed the amendment. *See* Dkt. 48, 50. Dehen's proposed SAC, which was 71 pages long and included 68 exhibits, included new causes of action. *See* Dkt. 45. It also added Perkins as a defendant.

1    Citing Rule 15's liberal amendment standard, the Court granted Dehen's

2  motion to file her SAC. *See* Dkt. 54. The Court imposed several conditions,

3  however, including that the SAC contain "a short and plain statement" showing

4  Dehen is entitled to relief; that "each allegation . . . be simple, concise, and direct";

5  that the SAC "include facts that show Dehen can plausibly allege the elements for

6  each cause of action she asserts"; that Dehen "fix[] any problems [Twitter and

7  USD] identified" in their motions to dismiss; that Dehen "delet[e] meritless claims

8  or irrelevant material, and add[] specific factual allegations to support claims she

9  believes are meritorious"; and that Dehen comply with Rule 11, which requires "a

10  nonfrivolous legal basis for her claims" and "facts to back them up." *Id.* at 2. The

11  Court also cautioned that "[i]t's not good enough to allege conclusions, 'reserve the

12  right' to make other claims, or to include extraneous material." *Id.*

13    Dehen filed her SAC on April 6. *See* Dkt. 55. The 69-page SAC includes 149

14  exhibits, more than twice the number filed with Dehen's first amended complaint

15  and proposed SAC. *See id.*; Dkt. 55-2. The SAC includes all the allegations from

16  the first amended complaint and, contrary to the Court's instruction, does not

17  address the arguments in Twitter's and USD's motions to dismiss.

18    On April 12, 2018, Dehen requested that Perkins waive service of summons.

19  *See* Dkt. 59. Perkins timely waived service on April 24, 2018, making its answer or

20  response due on June 11, 2018. *See id.*; *see also* Fed. R. Civ. P. 4(d)(3).[1] Perkins

21  now timely moves to dismiss Dehen's claims.

22

23  [1] Dehen's request for a default judgment against Perkins, which she includes in her
    opposition to Twitter's and USD's motions to dismiss (*see* Dkts. 60 at 4, 60-1 at
24  14), is therefore frivolous. It also does not comply with the Federal Rules governing
    entry of default and default judgment. "Rule 55 requires a 'two-step process'
25  consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the
    entry of default judgment." *Hunter v. Dutch Gold Res., Inc.*, No. 1:11-CV-01450-
26  CL, 2012 WL 1279474, at *1 (D. Or. Apr. 13, 2012); *see also Symantec Corp. v.
    Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (same).

27

28

**B.   Dehen Does Not (And Cannot) Make Specific Allegations Against Perkins**

Dehen's claims against Perkins are rooted in two incidents, neither of which have any discernible connection to Perkins. *First*, Dehen alleges she "was involved in a serious automobile collision in Pacific Beach" on February 20, 2017. SAC ¶ 142. According to Dehen, "[t]he San Diego Police Department refused to record an incident report regarding the accident." *Id.* Dehen claims that she reported the collision to the FBI "out of fear and suspicion that the accident was intentional and related to either the underlying threatening terroristic behavior [of a USD student] or the freshly filed federal complaint Ms. Dehen filed 19 days prior, or both." *Id.* ¶ 143. Dehen does not allege a single fact suggesting that Perkins was aware of this accident, let alone that Perkins orchestrated or participated in it. Nevertheless, she makes the conclusory assertion that "Perkins Coie, LLP working in conjunction with Twitter and/or USD, attempted intimidation against Plaintiff in the form of actual physical harm of Plaintiff in the serious 02/20/2017 automobile collision and threatened harm to Plaintiff physically, financially and reputationally, with actual harm resulting to Plaintiff." *Id.* ¶ 330. No facts support that conclusion.

*Second*, Dehen alleges she received unwanted attention from an unnamed woman in June 2017. *Id.* ¶ 154. According to Dehen, she met the woman on June 23, 2017 while "submit[ing] documents related to this case with the Southern District of California." *Id.* Dehen alleges that she assisted the woman, who was elderly and in a wheelchair, and ate lunch with her. *Id.* But Dehen allegedly "became uncomfortable when it appeared as though this woman was interested in learning details about Ms. Dehen's case not yet disclosed and tried pushing Ms. Dehen to work on her case at her 'office' in downtown San Diego." *Id.* According to Dehen, "the woman contacted Ms. Dehen about ten or more times the next two days, to the point where Ms. Dehen had to block this woman from further contact via blocking her phone number." *Id.* Dehen alleges as "relevant" that the woman's

1   daughter works for the law firm Jones Day (not Perkins). *Id.* Again, Dehen alleges

2   no facts suggesting that Perkins was aware of or involved with this supposed

3   chance encounter. Nevertheless, in conclusory fashion, she "alleges collusion

4   between Perkins Coie LLP and this woman in an attempt to extort and intimidate

5   Ms. Dehen because Ms. Dehen alleges this woman was sent as an agent of Perkins

6   Coie to harass and intimidate Ms. Dehen from pursuing her claims in court." *Id.* No

7   facts support that conclusion.

8       Based on these events, Dehen seeks $100 million in damages from Perkins.

9   SAC at 2. She also asks that Perkins be "enjoined, fined . . . [and] sanctioned for

10  engaging in Hobbs Act violations." *Id.* at 68.

11              **III.   LEGAL STANDARDS**

12      Rule 8 requires plaintiffs to provide a "short and plain statement of the claim

13  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule

14  further provides that "[e]ach allegation must be simple, concise, and direct." *Id.*

15  8(d)(1). "The court may dismiss a complaint for failure to satisfy Rule 8 if it is so

16  confusing that its 'true substance, if any, is well disguised.'" *Bailey v. BAC Home*

17  *Loan Servicing, LP*, No. 11-00648 LEK-BMK, 2012 WL 589414, at *1 (D. Haw.

18  Feb. 21, 2012) (quoting *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124,

19  1131 (9th Cir. 2008)); *see also Harris-Scott v. Obama*, No. CV 09-2641 ODW

20  (SSX), 2009 WL 10675180, at *4 (C.D. Cal. July 17, 2009) ("[A] district court may

21  dismiss a complaint for failure to comply with Rule 8 where it fails to provide the

22  defendants fair notice of the wrongs they have allegedly committed.").

23      To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's "[f]actual

24  allegations must be enough to raise a right to relief above the speculative level."

25  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a complaint must

26  contain sufficient factual matter, accepted as true, to state a claim to relief that is

27  plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

28  quotation marks and citation omitted). This requires a plaintiff to plead "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Denying leave to amend is appropriate when amendment would be "futil[e]." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed Because It Fails To Satisfy Rule 8's Basic Notice Requirement

Dehen's SAC fails to satisfy Rule 8's basic notice requirement and violates the Court's order that the complaint contain "a short and plain statement" showing Dehen is entitled to relief, and that "each allegation . . . be simple, concise, and direct." Dkt. 54. Over the course of 69 rambling pages, Dehen seems to assert that Perkins is responsible for two unrelated misfortunes in her life: a car accident and an unpleasant encounter with an unnamed woman. But Dehen does not allege a single fact suggesting that Perkins was aware of those events, let alone that Perkins orchestrated those events for extortionate purposes. She does allude to various issues allegedly involving Perkins that have no relationship to her or this case. *See, e.g.*, SAC ¶ 281. But those elliptical references to irrelevant matters shed no light on why Dehen is seeking relief from Perkins in this case.

The SAC also violates Rule 8 because it alludes to a variety of claims that are not expressly pled. Over a dozen times in the SAC, Dehen "reserves the right" to bring additional claims, sometimes against "named and unnamed" defendants. But none of those claims are actually alleged, let alone against Perkins.

Moreover, some of the SAC's causes of action fail to specify against which defendant (or defendants) they are asserted. *See* SAC at 65 (heading for "EXTORTION AND HOBBS ACT VIOLATIONS" not asserted against any defendant); *id.* at 56 (ninth cause of action for "civil conspiracy" not asserted

1    against any defendant).

2         In short, the SAC fails to provide Perkins fair notice of the claims against it

3    and should be dismissed with prejudice for that reason alone. *See, e.g.*, *Cafasso,*

4    *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011)

5    (Rule 8(a) has "been held to be violated by a pleading that was needlessly long, or a

6    complaint that was highly repetitious, or confused, or consisted of

7    incomprehensible rambling.") (citation omitted); *McKinney v. Martinez*, No. 3:16-

8    CV-000448-MMD-VPC, 2016 WL 8504499, at *2 (D. Nev. Nov. 21, 2016)

9    (Plaintiff's "complaint is rambling, nonsensical, filled with legal jargon, and with

10   vague references to state and federal laws. Dismissal on those grounds alone is

11   appropriate."); *Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1271-72 (E.D. Cal. 2009)

12   ("Claims based on vague and conclusory allegations, which fail to specify each

13   defendant's role in the alleged conspiracy, are subject to dismissal.") (citing *Pena v.*

14   *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

15   **B.    The Complaint Should Be Dismissed Under Rule 12(b)(6) Because It**
16       **Fails To State A Claim Upon Which Relief May Be Granted**

17        Even if Dehen's SAC complied with Rule 8 (it does not), her claims against

     Perkins should be dismissed nonetheless because Dehen has not alleged and cannot
18
     allege a plausible claim against Perkins.
19

20        **1.    Dehen's Claims For Extortion And Conspiracy To Commit**
             **Extortion Fail**
21
             **a.    The extortion and conspiracy statutes Dehen cites do not**
22                **include a private cause of action**

23        In her Sixteenth Cause of Action, Dehen alleges extortion and conspiracy to

24   commit extortion against Perkins. Specifically, she alleges "violations of 18 U.S.C.

25   § 875(d) and 18 U.S.C. § 1951 against Perkins Coie, LLP including actual extortion

26   as defined under 18 U.S.C. § 1951(b)." SAC ¶ 329.

27        Dehen cannot state a claim under those statutes "as a matter of law" because

28

they "do not provide for civil liability." *Delacruz v. State Bar of Cal.*, No. 5:14-CV-05336-EJD, 2015 WL 5697365, at *9 (N.D. Cal. Sept. 29, 2015) (dismissing with prejudice claim brought under 18 U.S.C. § 875); *see also Alexandre v. Phibbs*, 116 F.3d 482, at *1 (9th Cir. 1997) (unpublished table decision) (private plaintiff could not state a claim under 18 U.S.C. § 1951).[2] Accordingly, Dehen's extortion claims must be dismissed with prejudice.

Dehen's conspiracy claims must be dismissed for the same reason. Conspiracy to commit extortion is a crime defined at 18 U.S.C. § 1951,[3] and, as noted, there is no private right of action under that statute. To the extent Dehen alleges a conspiracy to violate 18 U.S.C. § 875, a plaintiff may not allege a claim for conspiracy to violate a criminal statute where there is no private right of action under that statute. *See Robinson v. Joya*, No. 1:08-1339 JLS (BLM), 2010 WL 890437, at *11 (E.D. Cal. Mar. 8, 2010); *see also Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2015 WL 4693220, at *4 (C.D. Cal. Aug. 5, 2015) ("Because Kraft has not shown that there is a private right of action for violation of the criminal obstruction statute, he also has not carried his burden of showing there is a private right of action for *conspiring* to violate that statute."). Nor is there a

---

[2] *See also, e.g.*, *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (the district court properly dismissed claims under 18 U.S.C. § 875 and 18 U.S.C. § 1951 because those statutes do not provide for a private cause of action); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999) (implied private right of action does not exist under federal extortion statute, 18 U.S.C. § 1951); *Middleton v. Pan*, No. CV 16-5224-SVW (AGR), 2017 WL 7053936, at *6 (C.D. Cal. Dec. 18, 2017) (no private right of action under the Hobbs Act, 18 U.S.C. § 1951), *appeal docketed*, No. 18-55268 (9th Cir. Feb. 28, 2018); *Leibman v. Prupes*, No. 2:14-CV-09003-CAS, 2015 WL 898454, at *14 (C.D. Cal. Mar. 2, 2015) (dismissing without leave to amend claims under 18 U.S.C. § 875 because the statute "[does] not confer a civil right of action").
[3] *See United States v. Tormos-Vega*, 959 F.2d 1103, 1114 (1st Cir. 1992); *see also United States v. Orlando*, 819 F.3d 1016, 1021 (7th Cir. 2016) (defendants were charged with conspiracy to commit extortion in violation of 18 U.S.C. § 1951(a)).

private right of action under the general conspiracy statutes, 18 U.S.C. §§ 241 and 371. *See Black v. Sciver*, No. 1:16-CV-00841-DAD-JLT, 2016 WL 4594981, at *5 (E.D. Cal. Sept. 2, 2016) (plaintiff failed to show a private right of action under the general federal conspiracy statute, 18 U.S.C. § 371); *Archer v. City of Taft*, No. 1:12-CV-00261-AWI-JLT, 2012 WL 1458136, at *6 (E.D. Cal. Apr. 26, 2012) (no private right of action for conspiracy in violation of 18 U.S.C. § 241, which criminalizes "[c]onspiracy against rights").

In sum, Dehen cannot state a claim against Perkins for violating or conspiring to violate 18 U.S.C. § 875(d) or 18 U.S.C. § 1951. Her claims must be dismissed in their entirety.

### b. Dehen cannot plead sufficient factual matter to state a claim to relief that is plausible on its face

Even if Dehen could sue under 18 U.S.C. § 875(d) or 18 U.S.C. § 1951, which she cannot, she fails to plead sufficient factual matter to state a claim to relief that is plausible on its face. Section 875 criminalizes the transmission of certain communications made with intent to extort in interstate or foreign commerce. 18 U.S.C. § 875(d). Section 1951 provides that whoever "obstructs, delays, or affects commerce . . . by . . . extortion or attempts or conspires so to do" shall be fined or imprisoned or both. 18 U.S.C. § 1951. Again, Dehen alleges that she was involved in an automobile collision and received unwanted attention from an unnamed woman. But Dehen fails to plead any facts that would "allow[] the court to draw the reasonable inference that [Perkins] is liable for" —or even knew about—either incident. *Iqbal*, 556 U.S. at 678.

As for the car collision, Dehen alleges "*fear and suspicion* that the accident was intentional." SAC ¶ 143 (emphasis added). She then baldly asserts that Perkins, "working in conjunction with Twitter and/or USD," caused the accident to intimidate her. *Id.* ¶ 330. But apart from that conclusory assertion, Dehen does not—and cannot—point to any facts linking Perkins to the car accident. In the

1   absence of any factual allegations linking Perkins to the collision, Dehen has not

2   "raise[d] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

3   Indeed, Dehen has not "nudged [her] claims across the line" from fanciful to

4   conceivable, let alone from "conceivable to plausible." *Id.* at 570.

5       The same is true with respect to the unwanted attention from the unnamed

6   woman. Dehen alleges that the woman's daughter works for a *different law firm*,

7   Jones Day. SAC ¶ 154. But she alleges no facts connecting the woman to *Perkins*.

8   Without such factual allegations, the court cannot reasonably infer that Perkins

9   "collu[ded]" with the woman "to extort and intimidate Ms. Dehen." *Id.*

10       Dehen's failure to plead any facts linking Perkins to either incident violates

11   the Court's order that she have "a nonfrivolous legal basis for her claims" and

12   "facts to back them up." Dkt. 54. It also dooms her claims under Rule 12.

13
14       **c.**    **Dehen also fails even to assert, much less plead factual allegations supporting, key elements of extortion under 18 U.S.C. § 875 and 18 U.S.C. § 1951**

15       Even if Dehen could allege facts from which the Court could infer that

16   Perkins was involved in the car collision or the incident involving the unnamed

17   woman, which she cannot, Perkins could not be charged with extortion. "The term

18   'extortion' means the *obtaining of property from another*, with his consent, induced

19   by wrongful use of actual or threatened force, violence, or fear, or under color of

20   official right." 18 U.S.C. § 1951(b)(2) (emphasis added). Dehen fails even to assert

21   that Perkins obtained property from her, and she certainly alleges *no facts*

22   suggesting that Perkins obtained or attempted to obtain property from her.

23       Nor has Dehen alleged any facts demonstrating a connection to interstate

24   commerce, as required by both 18 U.S.C. § 875 and 18 U.S.C. § 1951. *See United*

25   *States v. Korab*, 893 F.2d 212, 213 (9th Cir. 1989) ("The transmittal of a threat in

26   interstate commerce is an integral element of federal extortion" under 18 U.S.C. §

27   875.); *United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) ("[t]he interstate

28   nexus requirement" of 18 U.S.C. § 1951 "is satisfied by proof of a probable or

1   potential impact on interstate commerce") (internal quotation marks and citation

2   omitted). Dehen's car accident and her contact with the unnamed woman allegedly

3   took place within California, and she cannot show how those incidents or her suit in

4   this case would affect interstate commerce.

5      Additionally, with respect to 18 U.S.C. § 875(d), Dehen has not alleged that

6   Perkins (i) transmitted a communication (ii) containing a threat (iii) with the

7   requisite mental state. *See* 18 U.S.C. § 875(d) ("Whoever, with *intent to extort* from

8   any person, firm, association, or corporation, any money or other thing of value,

9   *transmits in interstate or foreign commerce any communication containing any*

10  *threat* to injure the property or reputation of the addressee or of another or the

11  reputation of a deceased person or any threat to accuse the addressee or any other

12  person of a crime, shall be fined under this title or imprisoned not more than two

13  years, or both.") (emphasis added); *United States v. Brank*, No. 15-50467, ___ F.

14  App'x ___, 2018 WL 732704, at *1 (9th Cir. Feb. 6, 2018) (18 U.S.C. § 875(d)

15  requires the transmission of a communication containing a threat).

16     Dehen's claims for conspiracy to commit extortion are similarly deficient.

17  "Conspiracy is an agreement to commit a crime, and the intent to commit the

18  underlying offense." *United States v. Loveland*, 825 F.3d 555, 559 (9th Cir. 2016).

19  The general conspiracy statute, 18 U.S.C. § 371, "also requires an overt act."

20  *United States v. Garcia-Santana*, 774 F.3d 528, 535 (9th Cir. 2014). Dehen has not

21  alleged any facts suggesting that Perkins (1) made an agreement with either Twitter

22  or USD to commit extortion; (2) intended to commit extortion; or (3) committed

23  any overt acts in furtherance of the purported conspiracy.

24     Dehen's SAC therefore violates the Court's order requiring her to "include

25  facts . . . show[ing] [she] can plausibly allege the elements for each cause of action

26  she asserts." Dkt. 54 at 2. And because she has come nowhere near alleging such

27  facts, her SAC should be dismissed under Rule 12(b)(6).

28

2.     **The Claims Dehen "Reserves The Right" To Plead Are Not Actually Pled, And Are Insufficient In Any Event**

This Court clearly warned Dehen that "[i]t's not good enough to . . . 'reserve the right' to make other claims." Dkt. 54 at 2. Yet Dehen's SAC does precisely that: It "reserve[s] the right" to allege a laundry list of additional claims against Perkins, including obstruction of justice, SAC ¶ 281; treason, *id.*; contempt of court, *id.*; racketeering, *id.*; violations of the First Amendment, *id.* ¶ 161; violations of the Sherman Act, *id.* ¶¶ 183, 281; and civil conspiracy, *id.* ¶¶ 278, 280.[4] The Court should ignore these "reserved" claims because they are not actually pled. Even if Dehen had pled these claims, however, each would fail because she cannot allege facts to support them. They would also fail for the following additional reasons:

a.     **Obstruction Of Justice**

Dehen "allege[s] that discovery will prove that [Perkins] is guilty of . . . obstructing justice" and, relatedly, "impeding federal law enforcement investigations," which could be a type of obstruction of justice. SAC ¶ 281. There are a number of federal laws criminalizing the obstruction of justice, including 18 U.S.C. §§ 1503 (obstruction of judicial proceedings), 1505 (obstruction of congressional or administrative proceedings), 1510 (obstruction of investigations by bribery), 1512 (witness tampering), 1513 (witness retaliation), and 1519

---

[4] In Dehen's Ninth Cause of Action, for "Civil Conspiracy," Dehen states that she "reserves the right to bring any and all additional causes of action including but not limited to, a cause of action for civil conspiracy amongst any or all of the named and unnamed defendants." SAC ¶ 278. She then states (under the same heading for "Civil Conspiracy") that she "reserves the right to bring additional claims including, but not limited to, claims relating to conflicts of interest against Perkins Coie LLP," and "goes so far as to allege that discovery will prove that Perkins Coie LLP is guilty of violating numerous federal laws including, but not limited to, conspiring in the restraint of trade in violation of the Sherman Act, obstructing justice, impeding federal law enforcement investigations, contempt of court, treason, conspiracy to commit treason, [and] racketeering activity in violation of the RICO statute." *Id.* ¶ 281. To the extent Dehen argues she has actually alleged, rather than "reserved the right" to allege, the offenses listed in paragraph 281, her allegations violate Rule 8's pleading requirements.

1  (obstruction of investigations by destroying evidence). Dehen does not specify

2  which law she purports to invoke, but none may be enforced in a private suit. *See,*

3  *e.g.*, *Williams v. Anderson*, No. 1:18-CV-00183-AWI-SKO, 2018 WL 1806462, at

4  *5 (E.D. Cal. Apr. 17, 2018) ("To the extent Plaintiff is attempting to assert a

5  standalone claim for 'obstruction of justice,' it is not cognizable because there is no

6  private cause action for that claim."); *Thomas v. Bryant*, No. C09-5189-RBL, 2009

7  WL 2473662, at *2 (W.D. Wash. Aug. 7, 2009) (dismissing claims under 18 U.S.C.

8  §§ 1505, 1512, and 1513 because none of those statutes includes a private right of

9  action).[5] Accordingly, any attempt to bring an obstruction of justice claim would be

10  futile.

11          **b.**    **Treason**

12        Similarly, the federal statute criminalizing treason, 18 U.S.C. § 2381,

13  includes no private right of action. *See Ponvanit v. Superior Court of Cal.*, No. CV

14  17-4054-FMO (JEM), 2018 WL 1135380, at *9 (C.D. Cal. Jan. 31, 2018)

15  (recommending dismissal with prejudice of claim for treason under 18 U.S.C. §

16  2381 because the criminal statute includes no private right of action), *report and*

17  *recommendation adopted*, No. CV 17-4054-FMO (JEM), 2018 WL 1135502 (C.D.

18  Cal. Feb. 27, 2018); *Vachon v. Reverse Mortg. Sols., Inc.*, No. EDCV 16-02419-

19  DMG (KES), 2017 WL 6628103, at *9 (C.D. Cal. Aug. 11, 2017) (plaintiff lacks

20

21  [5] *See also, e.g.*, *Shetty v. Am.'s Wholesale Lender*, No. 16-CV-05846 NC, 2017 WL

22  3387467, at *2 (N.D. Cal. Aug. 7, 2017) (dismissing claim for "conspiracy to
  obstruct justice" because, "as a matter of law, there is no private right of action for

23  violations of 18 U.S.C. § 1503"); *Volis v. Hous. Auth. of the City of Los Angeles*
  *(HACLA)*, No. CV 14-08747 DDP (PLAx), 2016 WL 5745079, at *2 n.5 (C.D. Cal.

24  Sept. 30, 2016) ("Plaintiff's complaint also alleges a cause of action for obstruction
  of justice, a crime, for which there is no private right of action."), *appeal docketed*,

25  No. 16-56573 (9th Cir. Oct. 21, 2016); *Najarro v. Wollman*, No. C 12-1925 PJH,
  2012 WL 1945502, at *3 (N.D. Cal. May 30, 2012) ("The claims of 'obstruction of

26  laws,' 'obstruction of justice,' and 'perjury' are dismissed because there is no
  private right of action for any of those claims.").

27

28

standing to assert claim for treason under 18 U.S.C. § 2381), *report and recommendation adopted*, EDCV 16-02419-DMG (KES), 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017). Dehen therefore cannot sue Perkins for treason or conspiracy to commit treason.

### c.    Contempt

Dehen pleads no facts that would support a claim for contempt. "In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (internal quotation marks, alterations, and citation omitted). Only the court that issued the order has jurisdiction to find a party in contempt. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 800 n.10 (1987) ("[T]he court has jurisdiction in a contempt proceeding only over those particular persons whose legal obligations result from their earlier participation in proceedings before the court."); *Red Nation P'ship v. Kiga*, 51 F. App'x 630, 632 (9th Cir. 2002) ("It almost goes without saying that the court against which contempt is alleged to have been committed has exclusive jurisdiction to punish for such contempt."). Dehen cannot point to any "specific and definite order" of this Court that Perkins supposedly violated.

### d.    Racketeer Influenced And Corrupt Organizations Act ("RICO")

RICO applies to "person[s]" who are "employed by or associated with" an "enterprise." 18 U.S.C. § 1962(c); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Thus, liability under section 1962(c) requires the existence of "two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Cedric*, 533 U.S. at 161). Here, Dehen fails to identify the individuals or entities that constitute the

purported "enterprise." "Racketeering activity" also requires the commission of predicate acts. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985). Section 1961(1) sets forth an exhaustive list of predicate offenses, only one of which Dehen has actually alleged (as opposed to reserving the right to allege): a violation of 18 U.S.C. § 1951. As noted, however, Dehen has not alleged and cannot allege a claim under that statute. *See Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003); *see also supra* at Section IV.B.1.c. Her RICO claim fails for that reason as well. *See Scheidler*, 537 U.S. at 411.

### e. The First Amendment

The First Amendment limits *state action*, not the actions of private companies. *See Centr. Hardware Co. v. NLRB*, 407 U.S. 539, 547 (1972); *see also Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) ("A threshold requirement of any constitutional claim is the presence of state action.") (citation omitted). Because Perkins is a private law firm, Dehen cannot state a claim against it under the First Amendment.

### f. The Sherman Act

The Sherman Act makes unlawful combinations in restraint of interstate commerce (section 1) and attempts to monopolize any part of interstate commerce (section 2). 15 U.S.C. §§ 1, 2. To establish a claim under section 1, a plaintiff must show (1) "that there was a contract, combination, or conspiracy"; (2) "that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis"; and (3) "that the restraint affected interstate commerce." *Cty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1155 (9th Cir. 2001) (citation omitted). "In addition to these elements," a plaintiff "must also plead (4) that [she was] harmed by the defendant's anti-competitive contract, combination, or conspiracy, and that this harm flowed from an anti-competitive aspect of the practice under scrutiny." *Brantley v. NBC Universal Inc.*, 675 F.3d 1192, 1197 (9th

1   Cir. 2012) (internal quotation marks and citation omitted). "This fourth element is

2   generally referred to as 'antitrust injury' or 'antitrust standing.'" *Id.* "To state a

3   claim under section 2, [p]laintiff must allege that: (1) the defendant possesses

4   monopoly power in the relevant market; (2) the defendant has willfully acquired or

5   maintained that power; and (3) the defendant's conduct has caused antitrust injury."

6   *Novation Ventures, LLC v. J.G. Wentworth Co., LLC*, 156 F. Supp. 3d 1094, 1103

7   (C.D. Cal. 2015) (internal quotation marks and citation omitted).

8       Dehen has not alleged any facts to support any of these elements. She has not

9   alleged facts showing that Perkins entered into any agreement that unreasonably

10  restrained interstate commerce; that Perkins possesses monopoly power over any

11  market; or that Dehen was harmed by any anti-competitive agreement or monopoly.

12                          **g.   Civil Conspiracy**

13      Dehen "reserves the right to bring . . . a cause of action for civil conspiracy

14  amongst any or all of the named and unnamed defendants." SAC ¶ 278. But

15  "[c]onspiracy is not a cause of action." *Ajetunmobi v. Clarion Mortg. Capital, Inc.*,

16  595 F. App'x 680, 683 (9th Cir. 2014) (citation omitted). Rather, it is "a legal

17  doctrine that imposes liability on persons who, although not actually committing a

18  tort themselves, share with the immediate tortfeasors a common plan or design in

19  its perpetration." *Id.* (citation omitted). "Standing alone, a conspiracy does no harm

20  and engenders no tort liability. It must be activated by the commission of an actual

21  tort." *Id.* (citation omitted); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203,

22  208 (9th Cir. 1991) ("Under California law, it is well settled that there is no

23  separate tort of civil conspiracy, and there is no civil action for conspiracy to

24  commit a recognized tort unless the wrongful act itself is committed and damage

25  results therefrom.") (internal quotation marks, alterations, and citation omitted).

26  Because Dehen fails to plead any underlying tort, her "reserved" claim of civil

27  conspiracy also fails.

28

## C.   Dehen Should Be Denied Leave To Amend

The SAC is Dehen's third attempt to adequately plead her claims. This Court permitted Dehen to file the SAC on specific conditions that she chose to ignore. *See* Dkt. 54. Among other things, Dehen chose not to "delet[e] meritless claims" and "irrelevant material" and chose not to add "specific factual allegations to support claims she believes are meritorious." *Id.* at 2. Dehen instead retained all of her original claims, included no new factual allegations as to those claims, and added new claims against Perkins for extortion. She also "reserved the right" to file numerous additional claims against Perkins despite the Court's warning that "[i]t's not good enough to . . . 'reserve the right' to make other claims." *Id.*

"When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citation omitted). A district court may also "deny leave to amend due to . . . repeated failure to cure deficiencies by amendments previously allowed." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal quotation marks, alterations, and citation omitted). Three complaints in this case make clear that "further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Dehen's SAC also shows she is unable to cure the deficiencies identified in the Court's earlier order. Dehen's lawsuit against Perkins should be dismissed without leave to amend.[6]

---

[6] In her opposition to the motions to dismiss filed by Twitter and USD, Dehen includes new accusations against Perkins. *See* Dkts. 60, 60-1. "The 'new' allegations contained in [Dehen's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Id.*; *see also* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 1997) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). In any event, the new material is either unrelated to

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.     CONCLUSION

For the foregoing reasons, Perkins respectfully requests that the Court dismiss Dehen's claims against Perkins with prejudice.

DATED: June 11, 2018.

Respectfully submitted,

*/s/ James G. Snell*
James G. Snell

Attorneys for Defendant
Perkins Coie LLP

---

Dehen's lawsuit, *see* Dkt. 60-1 at 11-14 (summaries of news articles regarding Perkins's role in the 2016 election and in other lawsuits), or directly undermines the allegations in Dehen's complaint, *see id.* at 7-8 (suggesting that car accident was caused by a driver who was texting rather than orchestrated by Perkins). Accordingly, nothing in Dehen's opposition suggests she would be able to state a plausible claim against Perkins if granted leave to amend.

1

## **CERTIFICATE OF SERVICE**

2

3        The undersigned hereby certifies that a true and correct copy of the foregoing

4    document has been served on June 11, 2018 to all current and/or opposing counsel

5    of record, if any to date, who are deemed to have consented to electronic service via

6    the Court's CM/ECF system per Local Rule 5.4(d). Plaintiff, who is *pro se*, will be

served via overnight delivery at the following address:

7

8        Tiffany Dehen
9        1804 Garnet Avenue #239
         San Diego, CA 92109
10

11
                                                    *s/ James G. Snell*
12                                                  James G. Snell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28