| | |
|---|---|
| 1 | Julie E. Schwartz, Bar No. 260624 |
| 2 | JSchwartz@perkinscoie.com |
|   | PERKINS COIE LLP |
| 3 | 3150 Porter Drive |
|   | Palo Alto, CA 94304-1212 |
| 4 | Telephone: 650.838.4300 |
|   | Facsimile: 650.838.4350 |
| 5 | |
| 6 | Attorneys for Defendant |
|   | Twitter, Inc. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, | Case No. 17-cv-00198-LAB-WVG |
| Plaintiff, | **DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL MEMORANDUM** |
| v. | |
| JOHN DOE, TWITTER, INC., UNIVERSITY OF SAN DIEGO, and PERKINS COIE LLP | Hearing Date: July 31, 2018 |
| | Time: 11:30 a.m. |
| | Courtroom: 14A |
| Defendants. | Judge: Hon. Larry Alan Burns |

Twitter Opp. to Mot. re Supp. Memo
LEGAL140537763.2

No. 17-cv-00198-LAB-WVG

Plaintiff Tiffany Dehen's ("Plaintiff") Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss, Dkt. 67, should be denied for at least two reasons.

*First*, Plaintiff was required to include any argument or evidence supporting her claims with her operative complaint or Opposition to Defendant Twitter, Inc.'s ("Twitter") Motion to Dismiss. *See* Dkt. 54 ("If [Plaintiff] has exhibits that support her complaint or brief, they should be filed with the complaint or brief when it's due. And it needs to comply with the Federal Rules of Civil Procedure, the Southern District's Local Rules . . . and the Court's Standing Order."); *see also* Civil L.R. 7.1(f)(3)(b) ("The opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of points and authorities, and copies of all documentary evidence upon which the party in opposition relies.").

Plaintiff nonetheless asks for leave to restate her arguments, Dkt. 60, 65, and submit additional evidence in the form of websites, news articles, and YouTube videos, none of which supports a claim against Twitter. Nearly all of this "evidence" predates her May 11, 2018 Opposition, so she could and should have submitted the evidence (if at all) with her Opposition to Twitter's Motion to Dismiss. *See* Civil L.R. 7.1(f)(3)(b). Plaintiff has provided no justification for her failure to do so.

*Second*, the evidence that Plaintiff seeks to submit is also irrelevant to Twitter's Motion to Dismiss, which is fully briefed. Plaintiff cannot modify her complaint through briefing or submitting additional evidence. *See Merriman v. Neuman*, No. 14-CV-4130 YGR, 2015 WL 5970294, at *3 (N.D. Cal. Oct. 14, 2015) ("[T]he facts needed to state the claim must be pleaded in the complaint."). Therefore, the additional evidence submitted by Plaintiff is not properly considered on a motion to dismiss.

1  Finally, if anything, the submission confirms that Twitter's Motion to
2  Dismiss should be granted without leave to amend, as the evidence does not support
3  any claim against Twitter.  Rather, the submission contains additional unsupported
4  speculations and levies accusations against third parties unrelated to Twitter.
5  Plaintiff has therefore confirmed that she cannot amend her complaint to state a
6  claim against Twitter.
7  For the reasons set forth above, Twitter respectfully requests that the Court
8  deny Plaintiff's Motion for Leave to File a Supplemental Memorandum.
9  DATED:  July 13, 2018.

**Respectfully submitted,**

*s/ Julie E. Schwartz*
Julie E. Schwartz

Attorneys for Defendant
Twitter, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on July 13, 2018, to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d).  Plaintiff, who is *pro se*, will be served via overnight delivery at the following address:

Tiffany Dehen
1804 Garnet Avenue #239
San Diego, CA 92109

*s/ Julie E. Schwartz*
Julie E. Schwartz