MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant UNIVERSITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO, <br><br> Defendants. | Case No. 3:17-cv-00198-LAB-WVG <br><br> **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** <br><br> Date: July 31, 2018 <br> Time: 11:30 a.m. <br><br> Judge: Larry Alan Burns <br> Courtroom: 14A <br> Mag. Judge William V. Gallo <br> Courtroom: Suite 2125 <br> Trial Date: Not Set |

## I. INTRODUCTION

In the latest episode of this saga, *pro se* Plaintiff Tiffany Dehen ("Plaintiff" or "Dehen") seeks to supplement the opposition brief she filed in response to the motions to dismiss filed by defendant University of San Diego ("USD") and other defendants. Plaintiff claims she needs to file a supplemental brief to alert the Court

1     Case No. 3:17-cv-00198-LAB-WVG

to new evidence she has uncovered in the form of internet articles, Youtube clips and other extraneous citations about a former USD law student, who is now a practicing attorney in Orange County, and whom Plaintiff suspects is the John Doe discussed at length in her SAC. Plaintiff's latest conspiracy theory is that all of the new information she has uncovered about this attorney (months after Plaintiff graduated from USD) proves he is using his homeless advocacy efforts as a covert "front" to cover up funding for alleged underlying terror activities, which she claims are supported by the ACLU.

Despite her persistence and creativity, Plaintiff fails to acknowledge the following important facts: (1) she has already filed *three different complaints* since February 2017 (two with leave of Court), (2) in connection with the Second Amended Complaint ("SAC"), the Court specifically instructed Plaintiff to include detailed allegations supporting the elements of each of her causes of action, and (3) Plaintiff has already had the opportunity to oppose the defendants' pending motions to dismiss based on the operative SAC. All of these reasons support the denial of Plaintiff's latest attempt to clog up the judicial system with more conspiracy theories.

Because motions to dismiss are limited to the pleadings (which have not changed since defendants initially briefed the motions to dismiss), there is no legitimate basis to file a supplemental opposition. Likewise, Plaintiff's transparent effort to dodge a dismissal by seeking the Court's mercy to grant her yet another futile opportunity to amend the complaint is not supported by case precedent. Accordingly, the Court should deny Plaintiff's motion.

## II. BRIEF PROCEDURAL HISTORY

**A.   Plaintiff Files The Complaint And FAC.**

On February 1, 2017, Plaintiff filed the initial Complaint against Defendants USD, Twitter, Inc. and an unknown John Doe. *See* Doc. No. 1. On April 17, 2017,

///

the Court accepted Plaintiff's FAC. *See* Doc. No. 13. On August 21, 2017, USD filed a motion to dismiss Plaintiff's FAC, which Dehen opposed. *See* Doc. No. 29.

**B.     The Court Grants Dehen Leave To File A SAC.**

On or around February 12, 2018, while USD's motion to dismiss was still pending, Plaintiff filed her "Notice of Motion and Motion to File Plaintiff's Second Amended Complaint." *See* Doc. No. 45. On or around February 13, 2018, Dehen filed a brief in support of her motion. *See* Doc. No. 47. The Court denied USD's motion to dismiss as moot and granted Plaintiff's motion to file the SAC. *See* Doc. No. 54. The Court advised Plaintiff to submit a pleading with a "short and plain statement" of the facts to satisfy Rule 8's requirement that the facts "plausibly allege the elements for each cause of action." *Id.* at 2:8-11. On April 27, 2018, USD filed its second motion to dismiss in this case, which Dehen opposed. Doc. Nos. 57, 60. The motion is still pending.

**C.     Plaintiff's Current "Motion."**

On or about June 12, 2018, Dehen filed a "supplemental declaration" in opposition to the motion to dismiss, which the Court rejected outright. Doc. No. 66. Specifically, the Court cited *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016), which rejected a *pro se* litigant's request to file a supplemental brief. *Id.*

Plaintiff's latest motion in this saga asks the Court for permission to file a supplemental opposition to the motion to dismiss, or to grant her leave to file a Third Amended Complaint. Doc. No. 67. The supplemental opposition contains a laundry list of various internet articles, Youtube clips and other information that she claims will support her theory that a former USD law student practicing as an attorney in Orange County is the mysterious John Doe in her SAC, and that John Doe's homeless advocacy activities are somehow a "front" to fund terroristic acts against the United States. Doc. No. 67 at 2:22-23. She states that "a substantial part of the terroristic, persistent and unrelenting harassment occurred on USD property in conjunction with USD students and faculty," but she does not state what that

harassment was, when it occurred, the circumstances of the harassment or who perpetrated the harassment. Doc. No. 67 at 1:18:20. She also states that John Doe is working with the ACLU to defraud existing and potential donors or "as a money laundering front for terroristic organizations, which qualifies as treason, wire fraud as well as a plethora of other criminal activity." Doc. No. 67 at 6:17-22, 13:5-9. She claims USD and other defendants are "aiding and abetting" John Doe, but she does not explain how they are doing so. *Id.* at 13:10-12.

Tellingly, nearly all of the alleged activities Dehen describes in the supplemental opposition concern John Doe's activities *after his and Plaintiff's graduation from USD in 2016*. The only new allegation that Dehen raises as to USD is that she took a Securities Regulation class with USD Professor David Floyd McGowan prior to her graduation, and he represented Twitter in a lawsuit that commenced in January 2018 – almost *two years after Dehen graduated from USD*. Doc. No. 67 at 9:16-21. Dehen claims Professor McGowan's representation of Twitter in an outside lawsuit that commenced after her graduation is evidence of a conspiracy between USD and Twitter against her, but she makes no allegations how *she* suffered any harm from this alleged conspiracy, or how his work on that specific case for Twitter plausibly caused her injury. Doc. No. 67 at 9:16-10:2, 14:23-27. She claims that USD's practice of permitting professors to represent companies in lawsuits outside their academic roles permits professors to "defame" students for the benefit of USD, and that USD is benefitting financially from this arrangement. *Id.* at 15:11-18. Again, she does not plausibly "connect the dots" between her editorial comments and the allegations of harm she has made in the operative SAC.

She also claims that her grades suffered in Securities Regulation and Constitutional Law II, another course she took with the professor's wife, Professor Miranda McGowan, because of the activities of John Doe's co-conspirator, but she does not explain how the co-conspirator's activities rise to the level of supporting a plausible cause of action against USD. Doc. No. 67 at 9:22-10:2.

For the reasons set forth below, USD respectfully requests that the Court deny Plaintiff's motion in its entirety.

## III. ARGUMENT

### A. Plaintiff's Motion To Submit A Supplemental Opposition Should Be Denied.

#### 1. Applicable standard.

Courts generally disfavor supplemental and sur-reply briefs because they are not expressly permitted by the Local Rules or the Federal Rules as a matter of course. *Whitewater West Indus. v. Pacific Surf Designs, Inc.*, No. 3:17-cv-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018) (noting "[r]eplies to replies are too much," and disallowing sur-reply because the brief did not respond to any brand new information offered by the moving party on reply, thus, there was no valid reason to permit the additional briefing). However, courts have discretion to permit such briefing where appropriate. *Daniels v. ComUnity Lending, Inc.*, No. 13cv488-WQH-JMA, 2015 WL 2338713, at *4 (S.D. Cal. May 12, 2015) ("A district court may allow a sur-reply to be filed, but only 'where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'")(*quoting Brown v. Harris*, No. 1:12-CV-01472-GSA-PC, 2014 WL 711027, at *1 (E.D. Cal. Feb. 21, 2014)); *see also Garcia*, 195 F. Supp. 3d at 1134.

#### 2. The operative pleading has not changed since the motion to dismiss, thus, Plaintiff should not get a second bite at the apple.

First, Plaintiff fails to recognize that the purpose of a motion to dismiss is for the Court to decide whether the allegations *as pled in the operative complaint* are plausible on their face such that Plaintiff should be entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "there is more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A motion to dismiss that asks the Court to review collateral evidence and exhibits outside the operative pleading converts the Rule 12 motion into a Rule 56 summary judgment that permits both parties to present all available evidence for adjudication and to obtain a dismissal. Fed. R. Civ. P. 12(d).

Plaintiff's sole reason for seeking to submit a supplemental opposition to USD's pending motion to dismiss is because she wants to alert the Court to post-graduation activities of John Doe in his advocacy for the homeless, which she suspects to be a front for terrorism, and because she thinks Twitter and USD have some kind of conspiracy based on a USD professor's participation in a Twitter lawsuit filed this year, which does not concern Plaintiff or her allegations.

Even taking Plaintiff's new assertions as true, there is no reason to supplement the opposition to the motion to dismiss; the actual operative pleading has not changed at all since the motion to dismiss was fully briefed. Thus, the Court can appropriately render a decision on the pending motion to dismiss based on the operative pleading. Plaintiff's discovery of new, albeit irrelevant, evidence does not magically transform the operative pleading into a brand new document with new allegations and exhibits.

Moreover, if the Court permits Plaintiff's supplemental opposition and exhibits, then the Court must permit defendants to file sur-reply briefs and to submit any documents, declaration, or other materials that support the dismissal of Plaintiff's case as a motion for summary judgment. Fed. R. Civ. P. 12(d). Given that the parties have already had two rounds of motion to dismiss briefing, the filing of supplemental briefs and sur-replies and other materials at this stage is duplicative, a waste of judicial resources and will slow down the proceedings unnecessarily. *See* Fed. R. Civ. P. 1 (the Federal Rules should be "construed, administered, and

employed by the [C]ourt and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Nothing about Plaintiff's supplemental opposition advances the objective of a "just, speedy, and inexpensive determination." *Id.* Thus, the motion should be denied.

**B.     The Court Should Reject Yet Another Futile Attempt To Amend The Complaint.**

   **1.     Applicable standard.**

A plaintiff has the right to amend only once as a matter of course; subsequently, the party may only amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2). Although leave to amend is liberally granted, the standard is not without limits. Leave to amend should *not* be granted where: (1) plaintiff has previously amended her complaint; (2) plaintiff has unduly delayed amendment; (3) plaintiff has acted in bad faith; (4) plaintiff's amendment of the complaint would be futile; and (5) plaintiff's amendment of the complaint would prejudice the opposing party. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (holding that leave to amend "is not to be granted automatically" and upholding district court's denial of plaintiff's motion for leave to amend where plaintiff had previously amended).

   **2.     Permitting yet a fourth complaint does not comport with judicial efficiency and will not yield any different result than dismissal.**

As noted in the Procedural History, Plaintiff has filed three different complaints with the Court since February 2017. She has been given two opportunities to amend her complaint. This fact militates against permitting yet a third amendment. *Moore*, 885 F.2d at 540-42 (affirming denial of leave to file a third amended complaint because allegations were substantively similar to second amended complaint, previously known to plaintiff and subject to dismissal); *W.*

*States Wholesale*, 715 F.3d at 738 (affirming denial of leave to amend because plaintiffs had known about the new allegations since the inception of the lawsuit and delayed amendment). In addition, Plaintiff's amendment will prejudice USD, who has already expended significant resources briefing two motions to dismiss, one of which is still pending. This fact also weighs in favor of denying leave to amend the operative complaint. If the Court grants Plaintiff's futile amendment, USD will file yet a third motion to dismiss, experience prejudice and accrue more fees and costs in having to defend against frivolous allegations.

Most importantly, the substance of the new allegations proposed by Plaintiff (which have not even been clearly outlined in a redlined pleading) plainly fail to make her claims plausible enough to rise to the standard of *Iqbal* and *Twombly*. Plaintiff hones in on the post-graduate conduct of a former classmate who is now a practicing attorney in Orange County. Plaintiff regales the Court with her extensive research and surveillance on this individual's recent activities to conclude that he is part of a left-wing conspiracy orchestrated by the ACLU to empower ISIS.

Even if the Court permitted any amendment to make these far-fetched allegations, the amendment would be wholly futile because the allegations do not connect the former student's activities to USD or to anything he did at USD to place Plaintiff in harm prior to graduation.

Accordingly, the Court should reject the request for leave to amend the complaint.

### 3. Plaintiff does not get special treatment as a litigant because of her *pro se* status.

Finally, while Plaintiff continues to maintain that she is a lowly litigant without counsel, she is a graduate of USD's School of Law. SAC ¶ 19. Even as a *pro se* litigant, Plaintiff is not entitled to special treatment and should be held to the same standards as other litigants. *See* L.R. 83.11 ("Any person appearing [*pro per*] is bound by these rules of court and by the Fed. R. Civ. P. . . ., as appropriate.

Failure to comply therewith may be ground for dismissal or judgment by default."); *see also Ewing v. Flora*, No. 14cv2925 AJB (NLS), 2015 WL 5177772, at *4-5 (S.D. Cal. Aug. 26, 2015) ("By filing suit in this court[,] Ewing has agreed to abide by the applicable Local Rules."). The Court should not grant Plaintiff yet another chance to amend her complaint based solely on her *pro se* status, as the futile amendment will not serve the ends of justice. Fed. R. Civ. P. 15.

## IV.
## CONCLUSION

Plainly stated, Dehen has not offered the Court any legitimate explanation to permit her to file a supplemental opposition to the pending motions to dismiss. In addition, her futile attempt to add meritless allegations to the SAC should not be entertained by the Court given how prejudicial such amendment would be to USD. Accordingly, the Court should deny Plaintiff's latest motion.

Dated: July 13, 2018
PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: */s/ Joanne Alnajjar Buser*
MICHAEL C. SULLIVAN
JOANNE ALNAJJAR BUSER
AMR A. SHABAIK
Attorneys for Defendant

# PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*
U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On July 13, 2018, I served true copies of the following document(s) described as **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION** on the interested parties in this action as follows:

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Telephone: (858) 262-0052
E-Mail: tiffany.dehen@gmail.com

Plaintiff Pro Per

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2018, at San Diego, California.

_____
Wendy S. Roan

# PROOF OF SERVICE

*Dehen v. USD, Twitter, et al.*
U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On July 13, 2018, I served true copies of the following document(s) described as **DEFENDANT UNIVERSITY OF SAN DIEGO'S OPPOSITION TO PLAINTIFF TIFFANY DEHEN'S MOTION** on the interested parties in this action as follows:

Julie E. Schwartz
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4490
Facsimile: (650) 838-4690
E-Mail: JSchwartz@perkinscoie.com

Attorney for Twitter, Inc.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2018, at San Diego, California.

*Wendy Roan*
Wendy S. Roan