James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendant
Perkins Coie LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TIFFANY DEHEN, an individual on behalf of herself,

Plaintiff,

v.

JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO AND PERKINS COIE LLP,

Defendants.

Case No. 17-cv-00198-LAB-WVG

**REPLY BRIEF IN SUPPORT OF PERKINS COIE LLP'S MOTION TO DISMISS**

Judge: Hon. Larry Alan Burns

# I. INTRODUCTION

When it granted Tiffany Dehen's motion to file a second amended complaint ("SAC"), this Court imposed conditions, notifying Dehen in its order that "[i]t's not good enough to allege conclusions, 'reserve the right' to make other claims, or to include extraneous material." Dkt. 54 at 2. This Court also informed Dehen that she must comply with Federal Rule of Civil Procedure ("Rule") 11, which requires "a nonfrivolous legal basis for her claims" and "facts to back them up." *Id.* Dehen did not abide by the Court's order. To the contrary, as explained in the memorandum supporting Perkins Coie LLP's ("Perkins") motion to dismiss (Dkt. 63-1), Dehen's prolix and often impenetrable SAC fails to plead the elements of Dehen's claims or provide "facts to back them up." And—in direct contravention of this Court's order—the SAC "reserve[s] the right" to bring a laundry list of future claims against Perkins. It thus obscures rather than explains Dehen's claims against Perkins, violating the notice requirement of Rule 8.

Dehen's opposition to Perkins's motion to dismiss takes the same misguided approach. *See* Dkt. 65 ("Opposition" or "Opp.").[1] It devotes many pages to irrelevant issues, including allegations of impropriety against other parties to this case and several nonparties; it ignores the numerous legal deficiencies in Dehen's claims that Perkins identified in its motion to dismiss; it makes sensational allegations (including allegations that do not appear in the SAC) based on no alleged facts whatsoever; and it purports to "reserve" additional claims that have never been pled and have no basis in reality in any case.

[1] In connection with her Opposition, Dehen filed a "Notice of Motion and Motion to File Supplement[al] Declaration to Plaintiff's Reply to Defendants' Motions to Dismiss." Dkt. 66. The Court denied the motion because Dehen "[had not] asked for leave to file a surreply, nor explained why one [was] necessary." *Id.* Soon thereafter, Dehen again sought leave to file a surreply. *See* Dkt. 67. Perkins, Twitter, and the University of San Diego opposed that motion. *See* Dkts. 68, 69, 70. Even if this Court grants that motion, Dehen's proposed surreply does not and cannot cure the deficiencies in Dehen's SAC and therefore cannot save Dehen's claims from dismissal.

Equally important, Dehen's Opposition makes abundantly clear that Dehen named Perkins as a defendant in this case not because Perkins engaged in any arguably unlawful conduct, but rather because Perkins has petitioned this Court in its capacity as Twitter's legal counsel. Dehen's claims against Perkins are therefore barred under the *Noerr-Pennington* doctrine, which provides that "those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006 (9th Cir. 2008).

In short, Dehen's Opposition does nothing to rebut Perkins's motion to dismiss. To the contrary, it confirms that her outlandish claims against Perkins are baseless and should be dismissed without leave to amend.

## II. ARGUMENT

### A. The Claims Against Perkins Should Be Dismissed Under Rule 8

In its motion to dismiss, Perkins explained that Dehen's SAC violates Rule 8's notice requirement because, among other things, the SAC fails to identify any connection between Perkins and the events underlying Dehen's claims; makes elliptical references to matters that are wholly irrelevant to this case; alludes to several claims that are not expressly pled; and fails to specify which of Dehen's many claims are directed against Perkins. *See* Dkt. 63-1 at 6-7.

In response, Dehen asserts that the SAC "satisfies Rule 8's basic notice requirement." Opp. at 9 (capitalizations altered). Tellingly, however, her Opposition does not explain *how* the SAC satisfies Rule 8 nor *where* in the SAC's 69 rambling pages she alleges facts sufficient to state plausible claims against Perkins. Instead, the Opposition levels accusations against the *other* defendants in this case (including the accusation that Twitter engages in "shadow banning"); recites a litany of grievances against various nonparties (including the San Diego Police Department and one of Dehen's law school classmates); refers repeatedly to irrelevant events and issues (including unrelated lawsuits involving clients of

Perkins); and hints darkly at an undefined conspiracy between Perkins, Twitter, Facebook, the Clinton Campaign, the Obama Campaign, Barack Obama, the Democratic National Committee, Google, the Clinton Foundation, George Soros, and possibly others. *See, e.g.*, *id.* at 1-11. Dehen also attaches nine more puzzling exhibits to her Opposition, bringing the total number of exhibits (counting those filed in connection with Twitter's and the University of San Diego's motions to dismiss) to 161.[2] In short, the Opposition further obscures the nature of Dehen's grievances against Perkins.

"[A] district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed." *Harris-Scott v. Obama*, No. CV 09-2641 ODW (SSx), 2009 WL 10675180, at *4 (C.D. Cal. July 17, 2009). That is precisely the case here: The SAC is so devoid of factual allegations, confusing, disjointed, and incomprehensible that it fails to put Perkins on notice of the nature of any cognizable claims. The Opposition exacerbates rather than cures that problem. Dehen's claims against Perkins should therefore be dismissed under Rule 8. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'") (citation omitted); *McKinney v. Martinez*, No. 3:16-CV-000448-MMD-VPC, 2016 WL 8504499, at *2 (D. Nev. Nov. 21, 2016) (Plaintiff's "complaint is rambling, nonsensical, filled with legal jargon, and with vague references to state and federal laws. Dismissal on those grounds alone is appropriate."), *report and recommendation adopted*, 2017 WL 1023340 (D. Nev. Mar. 16, 2017), *aff'd*, 700 F. App'x 729 (9th Cir. 2017).

---

[2] Consideration of those exhibits is, of course, improper on a motion testing the sufficiency of allegations in the complaint.

## B. The Claims Against Perkins Should Be Dismissed under Rule 12

### 1. The Opposition concedes that Dehen's claims for extortion and conspiracy to commit extortion are meritless

Of the SAC's seventeen causes of action, the only one expressly directed against Perkins is the sixteenth. *See* Dkt. 55 at 66-67. There, Dehen alleges "violations of 18 U.S.C. § 875(d) and 18 U.S.C. § 1951 against Perkins Coie[] LLP including actual extortion as defined under 18 U.S.C. § 1951(b)." *Id.* ¶ 329.

In its motion to dismiss, Perkins explained that those statutes do not include a private cause of action. *See* Dkt. 63-1 at 7-9. Perkins also showed that Dehen has not alleged and could not allege any facts linking Perkins to the two incidents underlying her extortion claims—a car accident and unwanted attention from an unnamed woman at a courthouse. *See id.* at 9-10. Further, Perkins explained that the SAC fails even to assert, much less plead factual allegations supporting, key elements required for prosecution under either law. *See id.* at 9-11.

The Opposition does not respond to those dispositive legal arguments and therefore concedes them. *See Hopkins v. Women's Div. Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). It follows that Dehen's extortion claims against Perkins should be dismissed. *See, e.g.*, *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 696 n.12 (S.D. Cal. 2016) ("Where a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed.").[3]

---

[3] Dehen does not argue (nor could she) that a private party may bring a private right of action under 18 U.S.C. § 875(d) or 18 U.S.C. § 1951, as she seeks to do here. She does argue that a private party may sue under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Opp. at 10-11. Perkins has never disputed that point, which is irrelevant because no such claim has been or could have been brought against Perkins.

**2. Dehen's "reserved" claims are not actually pled and are meritless**

When it allowed her to file the SAC, this Court warned Dehen that she could not avoid dismissal by "'reserv[ing] the right' to make other claims" in her SAC. Dkt. 54 at 2. Yet Dehen did just that. In her Opposition, Dehen does not dispute that the claims she "reserves the right" to plead—obstruction of justice, treason, contempt, civil conspiracy, and violations of RICO, the Sherman Act, and the First Amendment—are not actually pled. *See* Dkt. 63-1 at 12-16. Nor does she dispute that her "reserved" claims "fail because she cannot allege facts to support them." *Id.* at 12. Thus, there is no need for this Court to consider Dehen's inchoate claims.

In any case, Dehen's "reserved" claims fail on their own terms. Dehen concedes (by failing to dispute) that she (i) cannot sue Perkins for obstruction of justice or treason because those crimes cannot be prosecuted by a private party, *see id.* at 12-14; (ii) cannot bring an action for contempt because she cannot point to any order of this Court that Perkins has violated, *see id.* at 14; (iii) has failed to allege any facts supporting any element of a cause of action under the Sherman Act, *see id.* at 15-16; and (iv) cannot bring a claim for civil conspiracy because she fails to plead any underlying tort, *see id.* at 16.

With respect to her "reserved" First Amendment claim, Dehen appears to argue that Perkins's reliance on the federal Communications Decency Act ("CDA") in its defense of Twitter satisfies the "state action" element necessary to support such a claim:

> Rather than solely being Twitter's legal representation, Perkins Coie is Twitter's accomplice in defending illegal behavior which is actually resulting in substantial injury to Plaintiff. Perkins asserted the CDA as a defense for Twitter even though Perkins knows of Twitter's illegal scheme since Perkins also represents Facebook, the Clinton Campaign, the Obama Campaign, the Democratic National Committee, and Google, to name a few. As Plaintiff explained in her SAC, when social media companies such as Twitter censor viewpoints they dislike and choose which users to abide by their contractual obligations with, they are actually engaging in a violation of the First

> Amendment of the United States of America since there is a government action through the enactment of the CDA § 230 and then content and viewpoint discrimination by Twitter, receiving the benefits of the government action.

Opp. at 5-6. But Perkins's invocation of a federal statute does not transform it from a private law firm into an arm of the government. Dehen's First Amendment claim is therefore frivolous.

Dehen also tries to defend her "reserved" RICO claim by arguing that

> the defendants formed an association in fact because they worked in concert to achieve market efficiencies toward their common aim of violating federal law[s] such as the CDA § 230 and RICO statute as well as fraudulently misrepresenting to Plaintiff, the public, and investors. Defendants also shared a common goal of illegally extorting Ms. Dehen to stop her lawsuit through legal intimidation, physical intimidation, and threats.

*Id.* at 12. Dehen thus belatedly attempts to identify the defendants named in her suit as the purported RICO "enterprise." *See* Dkt. 63-1 at 14-15. But the SAC fails to assert a RICO claim against Perkins or allege facts that would support it, and Dehen cannot cure this failure by making new allegations in her Opposition that are not alleged in the SAC. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (explaining that "'new' allegations contained in [an] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes"). In any event, there are no facts that would support such a claim.

**C. The New Material in the Opposition Does Not Salvage Dehen's Claims**

Dehen's Opposition also includes wholly new accusations against Perkins that were not even "reserved" (much less alleged) in her SAC. For example, the Opposition repeatedly alludes, without detail, to a purported "fraud" perpetrated by Perkins. *See, e.g.*, Opp. at 4 ("injuries sustained from Plaintiff's discovery of Perkins Coie's pattern of illegal conduct including, but not limited to, fraudulent misrepresentation"); *id.* ("Perkins'[s] fraud and illegal conduct"); *id.* at 10 ("fraudulent . . . actions of . . . Perkins"); *id.* (accusing Perkins of "fraudulent

misrepresentation"); *id.* at 12 (accusing "defendants" of "fraudulently misrepresenting to Plaintiff"). But the SAC does not allege a fraud claim against Perkins, and Dehen cannot amend the SAC through her Opposition. *See, e.g.*, *Schneider*, 151 F.3d at 1197 n.1. This Court should therefore ignore the Opposition's unsupported insinuations of "fraud" not made in the SAC.

Nor do Dehen's allegations, such as they are, state a claim for fraud. "To plead a fraud claim, a party must allege (1) a knowingly false representation or fraudulent omission by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015). "Claims for fraud . . . must meet the heightened pleading requirements of Rule 9(b)." *Id.* at 1106. "Under Rule 9(b), fraud allegations must include the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (internal quotation marks and citation omitted). "For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011) (internal quotation marks and citation omitted). Dehen's SAC (and her Opposition for that matter) includes none of these facts. Accordingly, any fraud claim she purports to bring is wholly without merit.

### D. Dehen's Claims Are Barred by the *Noerr-Pennington* Doctrine

The Opposition reveals an additional fatal flaw in Dehen's claims by making clear that Dehen named Perkins as a defendant not because Perkins allegedly engaged in any unlawful conduct but rather because Perkins serves as Twitter's legal counsel. The Opposition contains virtually nothing about the two events that purportedly give rise to Dehen's claims against Perkins—that is, a car collision and a chance encounter with an unnamed woman at a courthouse. The Opposition does,

however, repeatedly fault Perkins for representing Twitter and suggest that Dehen is entitled to relief on that ground. For example, the Opposition argues that this Court should not dismiss Dehen's claims against Perkins in part because Perkins "asserted the CDA as a defense for Twitter," thereby "defending illegal behavior." Opp. at 5. The Opposition also accuses Perkins of "attempt[ing] to intimidate Ms. Dehen out of having her day in court using procedural tactics"—referring, it seems, to the motions to dismiss that Perkins has filed on behalf of Twitter. *Id.* at 8. Relatedly, the Opposition accuses Perkins of "illegally extorting Ms. Dehen to stop her lawsuit through," among other things, "legal intimidation," which would appear to be Perkins's defense of Dehen's claims. *Id.* at 12. It also refers to "illegal behavior between Perkins Coie and various clients of Perkins Coie," but the only "behavior" at issue seems to be Perkins's legal representation of those clients. *Id.*[4]

Under the *Noerr-Pennington* doctrine, Perkins is immune from liability for petitioning the Court on Twitter's behalf. "The essence of the *Noerr-Pennington* doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct." *Theme Promotions*, 546 F.3d at 1006. Petitioning conduct includes defending a client in litigation. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933 (9th Cir. 2006) ("Such communications include . . . assorted documents and pleadings . . . in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something.") (internal quotation marks and citation omitted). "*Noerr-Pennington* immunity . . . appl[ies] to defensive pleadings, because asking a court to deny one's opponent's petition is also a form of petition . . . ." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (citation omitted).

---

4 Dehen's proposed surreply, which Perkins and the other defendants have opposed, also appears to fault Perkins for representing its clients in litigation. *See* Dkt. 67 at 11-12 (criticizing Perkins for its representation of Twitter in unrelated cases); *id*. at 15 (accusing Perkins of "aid[ing] and abet[ting] Twitter's illegal conduct to line its pockets with high litigation expenses").

Perkins is therefore immune from both statutory and tort liability for invoking the CDA and making other arguments on Twitter's behalf. *See Theme Promotions*, 546 F.3d at 1007 (holding that the *Noerr-Pennington* doctrine applies to state law tort claims). And because Dehen's claims are rooted in Perkins's petitioning conduct, they should be dismissed for that reason as well. *See, e.g.*, *Mir v. Greines, Martin, Stein & Richland*, 676 F. App'x 699, 700-01 (9th Cir. 2017) (the *Noerr-Pennington* doctrine immunized defendant law firm from liability in suit brought by *pro se* plaintiff alleging RICO and state law claims in connection with the law firm's representation of the *pro se* plaintiff); *Patel v. DeCarolis*, 701 F. App'x 590, 592 (9th Cir. 2017) (defendant law firm was immune from liability under the *Noerr-Pennington* doctrine in suit by *pro se* plaintiff); *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1159 (N.D. Cal. 2014) (any wrongdoing alleged by *pro se* plaintiff related to attorneys' petitioning activity is "entitled to immunity under *Noerr-Pennington*").

**E. The Claims Against Perkins Should Be Dismissed With Prejudice**

This Court may deny leave to amend "due to . . . repeated failure to cure deficiencies by amendments previously allowed . . . and futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal quotation marks, citation, and alterations omitted). Despite this Court's order, Dehen has repeatedly failed to cure the deficiencies in her pleadings and continues to make the same errors in her filings. Moreover, nothing in the Opposition suggests that Dehen could state any plausible claim against Perkins. Thus, prolonging this litigation would be both wasteful and futile. Dehen's claims against Perkins should be dismissed with prejudice.

## III. CONCLUSION

For the reasons set forth in Perkins's moving papers and the reasons above, Perkins respectfully requests that the Court dismiss this case with prejudice.

DATED: July 24, 2018

Respectfully submitted,

*/s/ James G. Snell*
James G. Snell

Attorneys for Defendant
Perkins Coie LLP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on July 24, 2018 to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d). Plaintiff, who is *pro se*, will be served via overnight delivery at the following address:

Tiffany Dehen
1804 Garnet Avenue #239
San Diego, CA 92109

*s/ James G. Snell*
James G. Snell