Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendant
Twitter, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DOE, TWITTER, INC., UNIVERSITY OF SAN DIEGO, and PERKINS COIE LLP,<br><br>          Defendants. | Case No. 17-cv-00198-LAB-WVG<br><br>**DEFENDANT TWITTER, INC.'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S ORDER**<br><br>Hon. Larry Alan Burns |

## I. INTRODUCTION

Defendant Twitter, Inc. ("Twitter") hereby responds to the Court's July 30, 2018 order asking Twitter to address whether the Court should exercise supplemental jurisdiction over Plaintiff's pendent state claims against Twitter and defendant University of San Diego ("USD") based on her federal copyright claim against John Doe if it dismisses her federal claims against Twitter and USD. Dkt. 73. The Court should exercise its discretion to retain supplemental jurisdiction over Plaintiff's pendent state claims against Twitter and dismiss them with prejudice.

## II. BACKGROUND

According to Plaintiff's operative complaint, defendant John Doe created a fake Twitter account using her name, impersonated her and sent controversial Tweets, and published several photographs in which she owns the copyright. *See, e.g.*, Second Am. Compl., Dkt. 58-1 ("SAC") ¶¶ 92-115, Exs. 6-47. Plaintiff reported the account to Twitter as an impersonation account. *Id.* ¶¶ 118-19, Ex. 48. Twitter asked Plaintiff to confirm her identity and suspended the offending account shortly thereafter. *Id.* ¶¶ 119-22, 124-25, 127-28. Plaintiff also claims Twitter harassed and intimidated her through third parties after she filed this action, but alleges no facts connecting Twitter to these incidents. *Id.* ¶¶ 154, 158, 327.

Based on these allegations, Plaintiff has asserted two claims against Twitter under California law: rescission of contract for fraud and negligent infliction of emotional distress (the "State Claims"); and three claims against Twitter under federal law: declaratory relief, violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962(c), and extortion and conspiracy to commit extortion in violation of the Hobbs Act (the "Federal Claims"). Plaintiff also brought claims against John Doe, including for violations of the Copyright Act (the "Doe Copyright Claim").

Twitter moved to dismiss Plaintiff's SAC with prejudice because the Communications Decency Act, 47 U.S.C. § 230 ("CDA") bars all of her claims

related to Doe's account and because, even after twice amending her complaint and receiving direction from the Court regarding the deficiencies in her complaint, she still has failed to state any claims against Twitter. Dkt. 58.

### III. ARGUMENT

Twitter requests that the Court exercise its discretion to retain jurisdiction over the State Claims and dismiss them with prejudice. A federal court may retain jurisdiction over pendent state claims "even if the federal claims . . . are dismissed." *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995); 28 U.S.C. § 1367(a), (c)(3). Where, as here, the state claims arise out of a different case or controversy than the remaining federal claims, that decision "is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Id.*[1]

Judicial economy and convenience are served by retaining jurisdiction because this case has "been in federal court for over a year," because the State and Federal Claims "are based on the same underlying facts," because the CDA applies to bar both State and Federal claims that are related to the Doe account, and because the Doe Copyright Claim is *related* to the State Claims despite arising from a separate nucleus of operative fact. *See, e.g.*, *Brock v. Lucky Stores, Inc.*, No. C 98-4758 SI, 2000 WL 288395, at *7 (N.D. Cal. Mar. 14, 2000) (retaining jurisdiction to decide whether state claims "should be rejected as a matter of law" instead of dismissed on jurisdictional grounds). Retaining jurisdiction over the

---

[1] The Court has supplemental jurisdiction over the State Claims based on the Federal Claims but the Doe Copyright Claim does not independently support supplemental jurisdiction because it arises under a different "case or controversy." *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). Specifically, the Doe Copyright Claim arises out of Doe's publication of Plaintiff's copyrighted images, whereas the State Claims (and the Federal Claims) arise from Plaintiff's interactions with Twitter *after* reporting an impersonation account and Twitter's putative involvement in alleged incidents of harassment and intimidation. *See, e.g.*, *Gonzalez v. United States*, No. 2:15-CV-1997-MCE-DB-PS, 2016 WL 6821868, at *2 (E.D. Cal. Nov. 18, 2016) (nonfederal claims arose from different case or controversy where they "concern[ed] different alleged wrongs, [were] asserted against different defendants, involve[d] different evidence, and different witnesses than the federal claim").

1  State Claims also presents no comity concerns because their resolution does not
2  require the Court "to resolve any novel or unsettled issues of state law." *Mauro v.*
3  *S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000).
4       Finally, even after two chances to amend her complaint, Plaintiff has still
5  failed to allege any remotely plausible claims against Twitter, and she has failed to
6  correct the deficiencies identified by the Court in its order to amend.  Fairness
7  dictates that she not be allowed yet another bite at the apple in state court.

## IV.   CONCLUSION

9       For the foregoing reasons, Twitter respectfully requests that the Court
10 exercise its discretion to retain supplemental jurisdiction over Plaintiff's state
11 claims and dismiss with prejudice all claims asserted against Twitter in the SAC.

DATED:  August 20, 2018        **PERKINS COIE LLP**

By: *s/ Julie E. Schwartz*
Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com

Attorneys for Defendant
Twitter, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 20, 2018 to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d).  Plaintiff, who is *pro se*, will be served via overnight delivery at the following address:

> Tiffany Dehen
> 1804 Garnet Avenue #239
> San Diego, CA 92109

*s/ Julie E. Schwartz*
Julie E. Schwartz