MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
AMR A. SHABAIK (SBN 288109)
ashabaik@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant UNIVERSITY OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DOE; TWITTER, INC.; UNIVERSITY OF SAN DIEGO; and PERKINS COIE LLP,<br><br>  Defendants. | Case No. 3:17-cv-00198-LAB-WVG<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PURSUANT TO COURT'S JULY 30, 2018 ORDER**<br><br>Judge: Larry Alan Burns<br>Courtroom: 14A<br>Mag. Judge William V. Gallo<br>Courtroom: Suite 2125<br>Trial Date: Not Set |

Case No. 3:17-cv-00198-LAB-WVG

## I. INTRODUCTION

USD submits this supplemental memorandum in response to the Court's order concerning whether it should exercise supplemental jurisdiction over Plaintiff Tiffany Dehen's state law claims. USD requests the Court exercise supplemental jurisdiction and dismiss all of the claims against USD without leave to amend.[1]

## II. APPLICABLE STANDARD

The Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In its discretion, the Court *may* decline supplemental jurisdiction if: (i) the state claim raises a novel or complex issue, (ii) the state claim "substantially predominates" over the federal claim, (iii) the Court has dismissed *all claims* over which it has original jurisdiction, or (iv) there are other compelling reasons. 28 U.S.C. § 1367(c)(1)-(4).

Importantly, once the Court is satisfied that it has original jurisdiction, "the [C]ourt is not required to make a § 1367(c) analysis unless asked to do so. . . ." *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("That state law claims '*should*' be dismissed if federal claims are dismissed before trial . . . has never meant that they *must* be dismissed."), *citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). In this eighteen-month lawsuit, the Court should exercise supplemental jurisdiction to promote "judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726 (1966).

## III. THE CLAIMS ARISE FROM THE SAME CASE OR CONTROVERSY

Plaintiff's state law claims against USD include breach of contract, intentional and negligent infliction of emotional distress ("IIED" and "NIED"). The copyright claim concerns John Doe's use of Plaintiff's copyrighted works to parody Plaintiff. *See*, *e.g.*, Doc. No. 55 at ¶¶ 184-200. The Court has original jurisdiction

---

[1] USD moved to dismiss based on Rule 12(b)(6) and Rule 41. Doc. No. 57.

over the copyright claim against John Doe.  28 U.S.C. § 1367(c)(3).

Plaintiff recognizes that supplemental jurisdiction is appropriate because "each claim is so related to the federal claim in the action . . . that they form part of the same case or controversy. . . ."  Doc. No. 55 at ¶ 10.  As to USD, Plaintiff pleads that "two individuals from USD Law School viewed Ms. Dehen's LinkedIn profile in the immediate days leading up to the creation and execution of the unlawful Twitter account," and she divines some connection between the LinkedIn viewing and John Doe's Twitter activity that is the gravamen of her SAC.  *Id.* ¶ 30.

In the contract and IIED/NIED claims, Plaintiff specifically pleads that USD breached alleged duties to her by purportedly failing to provide a safe campus, and by John Doe's "despicable conduct."  Doc. No. 55 at ¶¶ 316, 319-20.  This "despicable conduct" includes John Doe's Twitter activity.  *Id.* 64:22-65:2.

Accordingly, the copyright claim arises from the same case or controversy as the state law claims against USD under Section 1367(a), and supplemental jurisdiction is appropriate.  *See*, *e.g.*, *Joude v. WordPress Foundation*, No. C 14-01656 LB, 2014 WL 3107441, at *4 (N.D. Cal. July 3, 2014) (likeness misappropriation in a parody blog dispute); *Times Media Private Ltd. v. "Ville De Mimosa,"* No. CV 02-09509 CAS, 2004 WL 1950373, at *4 (C.D. Cal. March 3, 2004) (negligence and contract claims).

## IV.  THERE ARE NO NOVEL OR COMPLEX ISSUES OF STATE LAW

In addition, the contract, IIED and NIED claims are not pled with any particular complexity that would warrant a state court's expertise.  These are garden-variety claims.  *See Byanooni v. City of Los Angeles*, No. CV 05-00181 MMM (VBKx), 2005 WL 8154932, at *24 (supplemental jurisdiction appropriate where claims were not novel or complex).  Certainly this Court is well-equipped to adjudicate them.

## V.  THE STATE LAW CLAIMS AGAINST USD DO NOT PREDOMINATE

Next, the state law claims against USD do not predominate over the copyright

claim. *See Alexsam, Inc. v. Green Dot Corp.*, No. 2:15-cv-05742-CAS (PLAx), 2015 WL 6250917, at *4-5 (C.D. Cal. Sept. 28, 2015) (contract claim did not predominate in a patent dispute). Indeed, USD has been named a Defendant in only *four* out of the 17 causes of action in the SAC. Doc. No. 55. The copyright claim is the most central allegation in Plaintiff's lawsuit. Plaintiff pleads numerous Twitter entries from the parody account (Doc. No. 55 at ¶¶ 93-116, 123, Exhs. 9-56) to support her assertion that John Doe's parody caused her harm. Accordingly, the state law claims do not predominate, and this is not a basis to decline jurisdiction.

## VI.  SUPPLEMENTAL JURISDICTION PROMOTES ECONOMY

Finally, USD has participated in this case for eighteen months. Two experienced federal jurists have tried to make sense of Plaintiff's pleadings and Defendants have authored multiple motions. To send USD back to state court to fight these same deficient allegations is a waste of judicial resources. Exercising supplemental jurisdiction will promote judicial economy. *See Gibbs*, 383 U.S. at 726; *Fantastic Sams Salons Corp. v. Moassesfar*, No. 2:14-cv-06727-ODW(PJWx), 2016 WL 7197921, at *1 (C.D. Cal. June 9, 2016) ("effort and expense by the parties would go to waste if the Court dismissed the claim and forced Plaintiff to start all over again"); *Alexsam, Inc.*, 2015 WL 6250917, at *4 (court is "familiar with the case's facts," and keeping the claims "avoids causing a state court to expend time and effort acquiring equal fluency").

## VII.  CONCLUSION

Supplemental jurisdiction is appropriate. USD respectfully requests that the Court dismiss all of Plaintiff's claims against USD without leave to amend.

Dated:  August 20, 2018

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *[signature]*
MICHAEL C. SULLIVAN
JOANNE ALNAJJAR BUSER
AMR A. SHABAIK

# PROOF OF SERVICE

**Dehen v. USD, Twitter, et al.**
U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On August 20, 2018, I served true copies of the following document(s) described as **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Telephone: (858) 262-0052
E-Mail:
    tiffany.dehen@gmail.com

Plaintiff Pro Per

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2018, at San Diego, California.

_____
Amy R. Dickey

# PROOF OF SERVICE

**Dehen v. USD, Twitter, et al.**
U.S.D.C., Southern District of California, Case No. 3:17-CV-00198-LAB-WVG

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On August 20, 2018, I served true copies of the following document(s) described as **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Julie E. Schwartz<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:  (650) 838-4490<br>Facsimile:   (650) 838-4690<br>E-Mail:  JSchwartz@perkinscoie.com<br>Attorney for Twitter, Inc. | James Grant Snell<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone:  (650) 838-4367<br>E-Mail:  Jsnell@perkinscoie.com<br>Attorney for Perkins Coie LLP |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2018, at San Diego, California.

_____
Amy R. Dickey

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

Case No. 3:17-cv-00198-LAB-WVG