TIFFANY DEHEN J.D.
1804 GARNET AVENUE #239
SAN DIEGO, CA 92109
858-262-0052
tiffany.dehen@gmail.com

Pro Se Plaintiff

FILED
Aug 24 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ Josepht    DEPUTY

NUNC PRO TUNC
8/20/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, an individual on behalf of herself,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE, LLP.,<br><br>Defendants. | Case No.: 17-cv-00198-LAB-WVG<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF PURSUANT TO JUDGE BURNS' JULY 30, 2018 ORDER** |

TO THE HONORABLE COURT AND TO DEFENDANTS JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE, LLP.:

PLEASE TAKE NOTICE that, according to the Honorable Larry A. Burns, and his Court Order of July 30, 2018 (Doc. No. 73), Pro Se Plaintiff Tiffany Dehen submits her Supplemental Brief concurrently with Notice of Motion and Motion to File Third Amended Complaint.

1

Plaintiff brought federal claims against John Doe, Twitter, Inc., University of San Diego, and Perkins Coie, LLP based on injuries Plaintiff sustained due to illegal criminal schemes defendants continue to engage in. Even though Plaintiff has not yet been granted discovery for over a year and a half after commencing suit for blatant violations of federal law, Plaintiff now has direct evidence linking Perkins Coie, LLP and Twitter, Inc. to a conspiracy with each other, and possibly more defendants, as well as between Twitter, Inc. and USD, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 for which she sustained injuries.

Thus, pursuant to Plaintiff's rights to bring additional causes of action, which she explicitly reserved in both her First and Second Amended Complaints, Plaintiff moves concurrently with this briefing to motion the Court for leave to file her Third Amended Complaint, alleging additional plausible claims against Defendants upon which relief can be granted which cure any and all alleged jurisdictional deficiencies.

Plaintiff argues this Court should undoubtedly exercise supplemental jurisdiction over the state law claims in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367.

Plaintiff's claims against all defendants arise out of the common nucleus of operative fact as Plaintiff's federal claims against John Doe. *See United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff would likely not have causes of action against Twitter but for John Doe's conduct because if it were not for John Doe, Plaintiff would not have submitted an impersonation request and thus become apprised of Twitter's illegal scheme. Likewise, as Plaintiff disclosed copious amounts of direct

2

evidence linking USD to Plaintiff's purported identity of John Doe, Plaintiff would not have causes of action against USD but for John Doe's illegal conduct, also revealing USD's fraudulent illegal scheme. Similarly, but for John Doe and Twitter's illegal conduct, Plaintiff would not have sustained injury from Perkins Coie, LLP's illegal conduct.

Plaintiff's state law claims are classic breach of contract claims based on fraudulent misrepresentation and thus do not raise a novel or complex issue of State law. Plaintiff's state law claims do not substantially predominate over the claims which the district court has original jurisdiction, as this Court has original jurisdiction over the copyright claims against John Doe, which form the basis of Plaintiff's cause of action. Additionally, this Court has original jurisdiction over the claims such as Sherman Act violations Plaintiff reserved the right to add, and now adds in her Third Amended Complaint. This Court should not dismiss all claims over which it has original jurisdiction, as Plaintiff's copyright claims and Sherman Act claims are valid. Further, there are no exceptional circumstances in this case compelling the court to decline jurisdiction. To the contrary, there are numerous compelling reasons for the Court to exercise jurisdiction in light of the nature of the claims and the continuation of the illegal schemes and conspiracies aimed at harming and actually harming pro se plaintiffs such as Ms. Dehen in this case.

The decisions of state law in this case are the basis for federal RICO violations. Not only would Plaintiff be subjected to undue hardship and grave injustice, but judicial efficiency also weighs in favor of this Court exercising supplemental jurisdiction over Plaintiff's state law claims.

Most importantly, Plaintiff's case implicates the First Amendment of the United States Constitution and any decision made in regards to any of the claims brought will greatly impact all American citizens' rights.

WHERERFORE, Plaintiff respectfully requests the Court to exercise supplemental jurisdiction over Plaintiff's state law claims. Further explained in Plaintiff's concurrent filings, she also requests this Court to grant leave for her to file her Third Amended Complaint, as justice so requires.

**Dated: August 20, 2018**

Respectfully submitted,

Tiffany L. Dehen
1804 Garnet Avenue, #239
Pacific Beach, CA 92109
Tel. 858-262-0052
Tiffany.Dehen@Gmail.com

Pro Se Plaintiff.

4

PLAINTIFF'S SUPP BRIEF PURSUANT TO
J. BURN JULY 30, 2018 ORDER    No.: 17-cv-00198-LAB-WVG

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 20, 2018 by express delivery with signature confirmation, postage pre-paid, to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d).

**Dated August 20, 2018**

Tiffany L. Dehen
Pro Se Plaintiff.

TIFFANY DEHEN J.D.
1804 GARNET AVENUE #239
SAN DIEGO, CA 92109
858-262-0052
tiffany.dehen@gmail.com

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIFFANY DEHEN**, an individual on behalf of herself,<br><br>Plaintiff,<br><br>v.<br><br>**JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE, LLP.,**<br><br>Defendants. | Case No.: 17-cv-00198-LAB-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S BRIEF** |

1

Mem. of Points and Authorities ISO
Plaintiff's Brief                         No.: 17-cv-00198-LAB-WVG

In *Shame On You Productions, Inc. v. Banks*, the Ninth Circuit held that a film production company's state law breach of contract claim, which the district court dismissed without prejudice due to dissimilarity in the copyrighted work and the infringing work, against producers, distributor, and actress, alleging that the defendants used the company's script without paying the company, arose out of the same set of facts and circumstances, and was based on related legal theories, as copyright infringement claim, and thus the contract claim was related to the copyright claim, for purpose of apportioning attorney fees. *Please see Shame On You Productions, Inc. v. Banks,* 893 F.3d 661 (9th Cir. 2018); *see also* 17 U.S.C.A. § 505.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Tombly*, 550 U.S. at 570 (1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At 678 (1937). Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555 (1955), and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief, *Iqbal*, 556 U.S. at 678-79 (1937). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (1955). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (1937) (citation and quotes omitted); accord Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (en banc). Nor is it enough that the complaint is "factually

2

neutral"; rather, it must be "factually suggestive." Twombly, 550 U.S. at 557 n. 5 (1955).

    Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment," Kendall 518 F.3d at 1051. "We may affirm on any basis supported by the record, whether or not relied upon by the district court." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 (9th Cir. 2007).

    Plaintiff's proposed Third Amended Complaint redlined version is a draft version which she is currently adding to. Plaintiff respectfully requests leave of Court to finish her Third Amended Complaint and file, which will cure all judicial deficiencies alluded to in Judge Burns' order for the August 20, 2018 briefing.

    Plaintiff has new evidence and is currently collecting additional information and evidence to further develop her claims. Plaintiff's complaint can clearly be saved by amendment, as outlined in the work done thus far on Plaintiff's proposed Third Amended Complaint.

    New material information continues to come to light revealing workings of defendants and agents of defendants frequently, which Plaintiff has begun compiling for her Third Amended Complaint. Please see attached motion and proposed redlined draft version.

**Dated: August 20, 2018**

Respectfully submitted,

Tiffany L. Dehen

3

1804 Garnet Avenue, #239

Pacific Beach, CA 92109

Tel. 858-262-0052

Tiffany.Dehen@Gmail.com

Pro Se Plaintiff.

4

Mem. of Points and Authorities ISO
Plaintiff's Brief                    No.: 17-cv-00198-LAB-WVG

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 20, 2018 by express delivery with signature confirmation, postage pre-paid, to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.4(d).

**Dated August 20, 2018**

Tiffany L. Dehen
Pro Se Plaintiff.

5

Mem. of Points and Authorities ISO
Plaintiff's Brief                    No.: 17-cv-00198-LAB-WVG