# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY DEHEN, an individual on behalf of herself,<br><br>                           Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, TWITTER, INC., UNIVERSITY OF SAN DIEGO, AND PERKINS COIE LLP,<br><br>                          Defendants. | CASE NO. 17cv198-LAB (WCG)<br><br>**ORDER ON DEHEN'S MEMORANDUM FOR CAUSE** |

After dismissing with prejudice Plaintiff Tiffany Dehen's claims against Defendants Twitter, University of San Diego (USD), and Perkins Coie, this Court ordered Dehen to show cause why each of the Defendants' costs should not be taxed against her. Dkt. 83 at 12. Dehen has now responded. For the reasons below, the Court finds that she has failed to show cause.

Dehen's response makes a series of scattershot arguments, none of which are availing. Her primary contention appears to be that by dismissing Twitter, the Court has stripped her of the ability to seek recourse against John Doe. *See* Dkt. 84 at 2 ("The Court dismissed out defendants before Defendant Twitter provided the identifying information of John Doe . . . ."); Dkt. 84 at 3 ("[T]he Court's order effectively leaves Ms. Dehen with no meaningful legal recourse to pursue legal action in a court of law for which

1  Ms. Dehen has legitimate claims against John Doe . . . ."). First, that's incorrect. Dehen
2  has never explained why Twitter needs to be a party to the case in order for her to take
3  third-party discovery to uncover the identity of Doe. Second, the argument completely
4  misses the point. Twitter and the other named Defendants "prevailed" in Dehen's dispute
5  with each of them individually. Whether she has pending claims against John Doe, or
6  whether the Court's dismissal of the named Defendants somehow impacts her claims
7  against John Doe, is irrelevant to whether the named Defendants, as prevailing parties,
8  are entitled to recover the costs they expended in defending against her claims.

Dehen also cites state trial court orders from Tennessee and New Jersey to support her argument that the named Defendants are not entitled to costs. *Id.* at 1-2. These opinions are not on point and have no relevance to whether Defendants may recover costs under Ninth Circuit law. FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As the Ninth Circuit has recognized, "[b]ecause Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,' there is a strong presumption in favor of awarding costs to the prevailing party." *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003). Courts within the Ninth Circuit have explicitly held that a dismissal for failure to state a claim confers "prevailing party" status on a defendant. *See Willis Corroon Corp. of Utah v. United Capitol Ins. Co.*, 1998 WL 196472, at *3 (N.D. Cal. 1998) ("[W]hen an action has been dismissed for failure to state a claim, the defendant is the prevailing party for purposes of an attorney fee award."). This District's local rules support the same finding. Civ. LR 54.1(f) ("The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P 41(a).").

The Court takes seriously Dehen's contention that she is indigent and would be unable to pay Defendants' costs. But she should raise that argument in a motion to set aside an award of costs, not as a basis to prevent Defendants from submitting a bill of costs altogether. *See Harrison v. Robinson Rancheria Band of Pomo Indians Bus.*

1  *Council,* 2013 WL 6057077, at *4 (N.D. Cal. 2013) ("In any motion to set aside an award of costs, this Court will consider demonstrated evidence of indigence as one of several factors in determining whether to set aside an award, and will balance those factors against the policy considerations that ordinarily compel the losing party to pay costs to the prevailing. But the Court cannot conclude on the basis of the current record that any costs Defendant might seek would necessarily result in severe injustice.") (internal quotation marks omitted).

In short, the Court finds that Twitter, USD, and Perkins Coie are "prevailing parties," and that Dehen has failed to show cause why Defendants' costs should not be taxed against her. The Court also finds that there is no reason to delay entry of judgment as to these Defendants, given (1) the significant differences between Dehen's (now dismissed) claims against the named Defendants and her remaining claims against John Doe, and (2) Dehen's indication that she intends to appeal. Pursuant to the Court's Order of Dismissal, Dkt. 83, the clerk is therefore **ORDERED** to enter judgment in favor of Twitter, USD, and Perkins Coie. FRCP 54(b). This does not affect Dehen's remaining claims against John Doe. Defendants may each submit a bill of costs by **November 9, 2018**.

**IT IS SO ORDERED**.

Dated: October 24, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge